UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                              :
YVES SAINT LAURENT PARFUMS S.A. and YSL    :    **ECF CASE**
BEAUTÉ INC.,                                                  :
                                                              :
                              Plaintiffs,                     :    07 Civ. 3214 (LBS)
                                                              :
        - against -                                           :
                                                              :
                                                              :    **ANSWER**
COSTCO WHOLESALE CORPORATION,                                 :
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------------------ x

      Defendant Costco Wholesale Corporation ("Costco"), by its attorneys, for its Answer to the Complaint:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

      2.    Admits the allegations of paragraphs 2-3.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4-5.

      4.    Admits that Costco maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98027, admits that Costco maintains at least three places of business in this district, and except as so admitted denies the allegations of paragraph 6.

      5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7-17.

6. Admits that Costco is currently offering for sale genuine YSL lip products in theft-resistant outer packaging that appears to be partially depicted in Exhibit C to the complaint, admits that Costco formerly offered for sale genuine YSL mascara products in discontinued theft-resistant packaging that appears to be partially depicted in Exhibit C to the complaint, and except as so admitted denies the allegations of paragraph 18.

7. Admits Costco placed certain notices on the theft-resistant outer packaging that appears to be partially depicted in Exhibit C to the complaint, refers to said packaging for its precise contents, and except as so admitted denies the allegations of paragraph 19.

8. Denies the allegations of paragraphs 20-24.

### COUNT ONE

9. Costco's responses to paragraphs 1-24, above, are realleged and incorporated by reference as if set forth in full.

10. Denies the allegations of paragraphs 26-33.

### COUNT TWO

11. Costco's responses to paragraphs 1-33, above, are realleged and incorporated by reference as if set forth in full.

12. Denies the allegations of paragraphs 35-42.

### COUNT THREE

13. Costco's responses to paragraphs 1-42, above, are realleged and incorporated by reference as if set forth in full.

14. Denies the allegations of paragraphs 44-49.

## COUNT FOUR

15. Costco's responses to paragraphs 1-49, above, are realleged and incorporated by reference as if set forth in full.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 51-53.

17. Denies the allegations of paragraphs 54-59.

## COUNT FIVE

18. Costco's responses to paragraphs 1-59, above, are realleged and incorporated by reference as if set forth in full.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

20. Denies the allegations of paragraphs 62-65.

## COUNT SIX

21. Costco's responses to paragraphs 1-65, above, are realleged and incorporated by reference as if set forth in full.

22. Denies the allegations of paragraphs 67-70.

## COUNT SEVEN

23. Costco's responses to paragraphs 1-70, above, are realleged and incorporated by reference as if set forth in full.

24. Denies the allegations of paragraphs 72-76.

## COUNT EIGHT

25. Costco's responses to paragraphs 1-76, above, are realleged and incorporated by reference as if set forth in full.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 78-79.

27. Denies the allegations of paragraphs 80-83.

## FIRST AFFIRMATIVE DEFENSE

To the extent that the first sale doctrine is an affirmative defense, plaintiffs' claims are barred by the first sale doctrine.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches.

WHEREFORE, Costco prays that the Court:

i. Dismiss plaintiffs' complaint with prejudice;

ii. Award Costco its costs, disbursements, and attorneys' fees incurred in connection with this action; and

iii. Award Costco such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 24, 2007

                                                FRIED, FRANK, HARRIS, SHRIVER
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 & JACOBSON LLP

By: _____
           James W. Dabney
           Darcy M. Goddard

One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Attorneys for Defendant
Costco Wholesale Corporation

550693.

5

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 24th day of May 2007, I caused true and correct copies of the attached Answer to Complaint and 7.1 Statement to be electronically filed with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system and that true and correct copies of the attached Answer to Complaint and 7.1 Statement were also served on the following by first-class mail:

Louis S. Ederer, Esq.
John Maltbie, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff*

Dated: New York, New York
       May 24, 2007

_____
Jeffrey J. Bednar
Paralegal