UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
YVES SAINT LAURENT PARFUMS S.A. and YSL : ECF CASE
BEAUTÉ INC.,                            :
                                        :
                        Plaintiffs,     : 07 Civ. 3214 (LBS)
                                        :
        - against -                     :
                                        :
COSTCO WHOLESALE CORPORATION,           :
                                        :
                        Defendant.      :
                                        :
-----------------------------------------------------------------x

## DECLARATION OF JAMES W. DABNEY

1. I am a member of the bar of this Court and of the firm Fried, Frank, Harris, Shriver & Jacobson LLP, counsel for defendant Costco Wholesale Corporation ("Costco") in this action. I make this declaration in support of Costco's objections to the order of United States Magistrate Judge Pitman issued September 25, 2007 (the "September 25 Order"), insofar as it directed Costco to disclose Costco supplier identities to outside trademark counsel for the plaintiffs in this action.

2. Annexed hereto as Exhibit 1 is a copy of the Report of Rule 26(f) conference that Proposed Discovery Plan and Case Management Schedule that counsel for all parties stipulated and agreed to in this action and the Court "SO ORDERED" on July 9, 2007 (the "Case Management Schedule").

3. As set forth in Exhibit 1, the Case Management Schedule calls for all the discovery, including depositions of experts, to be completed by October 31, 2007; for a joint

Pretrial Order to be filed on November 30, 2007; and for a 3-day bench trial to be held "at an early date set by the Court" subsequent to the November 30, 2007.

4. In agreeing to the expedited pretrial and trial schedule set forth in the Case Management Schedule, it was my understanding that the plaintiffs' claims in this case were specifically and narrowly focused on the design and labeling of theft-resistant display packaging in which Costco has offered genuine YSL-branded goods for sale. At the initial pretrial conference held July 9, 2007, I provided the Court with two samples of YSL-branded products in the objected-to theft-resistant display packaging used by Costco.

5. At the initial pretrial conference held July 9, 2007, the Court made inquiry to plaintiffs' counsel as to the nature of the plaintiffs' claims in this case. Plaintiffs' counsel stated that, insofar as the plaintiffs could tell, the YSL-branded products being sold by Costco were "authentic." Plaintiffs' counsel pointed to a notice of repackaging that appeared on one of the repackaged YSL-branded product samples we had furnished to the Court. Plaintiffs' counsel stated that if Costco relocated the repackaging notice to the top side of the product packaging, then the plaintiffs "would not have much to say about" Costco's activity.

6. Immediately following the July 9 conference, I advised counsel for the plaintiffs that Costco would consider a resolution in this action along the lines that plaintiffs' counsel that had outlined to the Court. Plaintiffs' counsel stated that he needed to confer with his clients and would come back to me with regard to such a resolution. He never did.

7. Annexed hereto as Exhibit 2 is a true copy of the plaintiffs' Amended Complaint in this action dated July 16, 2007.

2

8. Annexed hereto as Exhibit 3 is a true copy of Costco's Answer to the Amended Complaint dated August 7, 2007.

9. Annexed hereto as Exhibit 4 is a true copy of Costco's Answers and Objections to Plaintiffs' First Set of Interrogatories dated July 23, 2007.

10. Annexed hereto as Exhibit 5 is a letter dated August 30, 2007 (without exhibits), from counsel for the plaintiffs to the Court.

11. Annexed hereto as Exhibit 6 is a true copy of a letter dated September 10, 2007, from the undersigned to The Honorable Henry Pitman.

12. Annexed hereto as Exhibit 7 is a letter dated September 12, 2007 from counsel for the plaintiffs to The Honorable Henry Pitman.

13. Annexed hereto as Exhibit 8 is a true copy of a transcript of proceedings held before Magistrate Judge Pitman on September 21, 2007.

14. Annexed hereto as Exhibit 9 is a true copy of an Order dated September 25, 2007, signed by Magistrate Judge Pitman.

15. Annexed hereto as Exhibit 10 is a true copy of a letter dated September 24, 2007, from the undersigned to counsel for the plaintiffs.

16. Annexed hereto as Exhibit 11 is a copy of a letter dated October 2, 2007, from counsel for the plaintiffs to the undersigned.

17. Costco has limited its discovery in this action to the merits of the plaintiffs' pleaded allegations that Costco's use of the theft-resistant display packaging depicted in Exhibits C-E to the Amended Complaint allegedly infringes trademark rights of the plaintiffs. Costco is

prepared to complete discovery by October 31, 2007, and to proceed with dispositive motions on November 15 and, if necessary, a 3-day bench trial on the merits promptly following the filing of a Joint Pretrial Order on November 30, 2007.

18.     Under the Case Management Schedule (attached hereto as Ex. 1), the plaintiffs' deadline for making expert disclosures was September 14, 2007. The plaintiffs have made no expert disclosures. Costco anticipates moving for summary judgment dismissing the plaintiffs' complaint, based in part on the plaintiffs' failure to produce extrinsic evidence, such as a consumer survey, demonstrating that any statistically significant number of persons has been confused, misled, or deceived by the theft-resistant display packaging depicted in Exhibits C-E to the plaintiffs' Amended Complaint.

I, JAMES W. DABNEY, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:    October 2, 2007

_____
James W. Dabney

556878.v3