# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

YVES SAINT LAURENT PARFUMS S.A. ("YSL Parfums") and YSL BEAUTÉ INC.,

         Plaintiffs,

        - against -

COSTCO WHOLESALE CORPORATION,

         Defendant.

------------------------------------------------------------- x

Civil Action No.
07 Civ. 3214 (LBS)

**AMENDED COMPLAINT**

Plaintiffs Yves Saint Laurent Parfums S.A. ("YSL Parfums") and YSL Beauté Inc. ("YSL Beauté") (sometimes collectively referred to as "YSL"), by their attorneys Arnold & Porter LLP, complain and allege against defendant Costco Wholesale Corporation as follows:

## NATURE OF ACTION

1.     In this complaint, YSL seeks injunctive relief and damages pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c); Sections 349 and 360-l of the New York General Business Law; and the common law of the State of New York.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Upon information and belief, Defendant is registered to do business, and is doing business in the State of New York and in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Yves Saint Laurent Parfums S.A. is a French corporation with a principal place of business located at 28-34, Boulevard Du Parc 92200 Neuilly-Sur-Seine, France. YSL Parfums is the producer and brand owner of the world famous YVES SAINT LAURENT line of cosmetic and beauty products.

5.      Plaintiff YSL Beauté Inc. is a New York corporation with a principal place of business located at 685 5th Avenue, New York, New York 10022. YSL Beauté is the exclusive U.S. importer and distributor of the world famous YVES SAINT LAURENT line of cosmetic and beauty products.

6.      Upon information and belief, Defendant Costco Wholesale Corporation is a California corporation with its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. Defendant maintains several locations for the conduct of business in this judicial district.

## YSL PARFUMS' VALUABLE TRADEMARKS

7.      YSL Parfums is the owner of all rights in and to numerous trademarks in the United States, which trademarks have come to be well known and to symbolize the company's high quality, luxury product lines.

8.      Among the trademarks owned by YSL Parfums are the world famous YSL Design mark and the YVES SAINT LAURENT word mark (collectively referred to as the "YSL Marks"). The YSL Marks are the subject of the following registrations, among others, on the Principal Register in the United States Patent and Trademark Office:

| Mark | Reg. # | Reg. Date | First Use | Wares/Services |
|---|---|---|---|---|
|  | 1,746,720 | 1/19/1993 | 1982 | Cosmetics; namely, lipstick, lip liner, nail lacquer, eye make-up, foundation, face powder, concealer, blush, skin cleansers, creams and lotions. |
| YVES SAINT LAURENT | 2,172,541 | 7/14/1998 | 1982 | Cosmetic products, namely, eye-shadow, eyebrow pencils, mascara, face powder, face-powder fluid, emulsion, skin lotion, toilet cream, vanishing cream, cold cream, cleansing cream, foundation, blush, nail lacquer, make-up primer, whitening cream, concealer, and lipstick. |

Copies of the trademark registrations for the YSL Marks are attached hereto as Exhibit A.

9.     The registrations for the YSL Marks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

10.     YSL has used the YSL Marks for many years on and in connection with the sale of high quality products, including cosmetic and beauty products.

11.     YSL has expended substantial time, money and other resources in developing, advertising and promoting cosmetic and beauty products bearing the YSL Marks, and in the presentation of such products to consumers at the point of sale.  As a result of these efforts, consumers readily identify merchandise bearing the YSL Marks as being of the highest quality and as emanating from and being sponsored and approved by YSL Parfums.

12.     The YSL Marks constitute famous marks under 15 U.S.C. § 1125(c)(1).

3

13.     Two of the cosmetic and beauty products sold by YSL are its Mascara Volume Effet Faux Cils product (the "Mascara Product") and its Touche Brillance lip care product (the "Lip Care Product").  In accordance with United States Food and Drug Administration regulations, YSL sells its products in the United States with an ingredient declaration on the packaging therefor, which ingredient declaration is accessible to the consumer at the point-of-sale.

14.     YSL sells its line of cosmetic and beauty products, including products bearing the YSL Marks, only in company-owned stores, in select duty-free boutiques, and in certain high-end department and specialty stores, including Bloomingdales, Neiman Marcus and Saks Fifth Avenue.  YSL does not sell such products to off-price retail chains such as Defendant.

15.     In addition to the YSL Marks, YSL Parfums is also the owner of trade dress rights in its unique and distinctive gold and copper color combination used on packaging for certain of YSL's cosmetic and beauty products, including the Mascara Product (the "YSL Trade Dress").  Photographs of the packaging for the Mascara Product are attached hereto as Exhibit B.  The YSL Trade Dress has come to identify YSL as the source of the products bearing such trade dress, and signifies goodwill of substantial value.

16.     The YSL Trade Dress is inherently distinctive.  In addition, the YSL Trade Dress has acquired distinctiveness as a result of uninterrupted promotion and sale of products bearing such trade dress, and accordingly has acquired secondary meaning as an indicator of YSL Parfums as the exclusive source of products bearing the YSL Trade Dress.

17.     The YSL Trade Dress is non-functional.

4

## DEFENDANT'S INFRINGING CONDUCT

18.     YSL has recently discovered that Defendant is importing, distributing, advertising, offering for sale and/or selling, in its store locations throughout the United States, repackaged YVES SAINT LAURENT cosmetic and beauty products bearing the YSL marks, including YSL's Mascara and Lip Care Products (respectively, the "Unauthorized Lip Care Product" and the "Unauthorized Mascara Products"; and collectively the "Unauthorized Products"). Defendant is not an authorized purchaser or reseller of YSL cosmetic and beauty products, and has purchased such products through unauthorized channels of distribution. Photographs of the Unauthorized Lip Care Product are attached hereto as Exhibit C, and photographs of the Unauthorized Mascara Products are attached hereto as Exhibits D and E, respectively.

19.     Although Defendant has placed notices on the packaging for the Unauthorized Products indicating that the products are repackaged, such notices are not readily visible at the point of sale. Accordingly, Defendant has failed to adequately inform the consumer that the Unauthorized Products are repackaged.

20.     The manner in which Defendant is marketing, promoting, offering for sale and/or selling the Unauthorized Products fails to comply with YSL's quality control standards. For example, Defendant's packaging for the Unauthorized Products is of poor quality and is not aesthetically pleasing, and is not in keeping with the carefully guarded image and reputation of YSL cosmetic and beauty products as high-end, high-quality products.

21.     Further, the manner in which Defendant has packaged and is selling the Unauthorized Products is misleading, in that it appears to consumers that they are purchasing two units of the YSL product contained therein rather than just one unit.

22.     Defendant has repackaged and sold the Unauthorized Mascara Product shown in Exhibit D in packaging that is based upon and is confusingly similar to the distinctive and well-known gold and copper color combination that is used on authorized packaging for the same product, in a deliberate effort to deceive consumers into believing that Defendant's packaging was made or authorized by YSL Parfums, and that the product is being sold in its original packaging.

23.     Moreover, Defendant's packaging for the Unauthorized Mascara Product shown in Exhibit D conceals from the consumer at the point of sale the ingredient listing appearing on the original packaging therefor and, accordingly, is in violation of United States Food and Drug Administration regulations, thereby exposing YSL to liability.

24.     Defendant's conduct as aforesaid constitutes infringement of the YSL Marks, trade dress infringement, false designation of origin, and false advertising under Section 43(a) of the Lanham Trademark Act, dilution of the famous YSL Marks, and unfair competition and false and deceptive trade practices under state and common law. Further, upon information and belief, such conduct on the part of Defendant was willful and intentional.

## FIRST CLAIM FOR RELIEF BY YSL PARFUMS
### INFRINGEMENT OF REGISTERED TRADEMARKS UNDER 15 U.S.C. § 1114

25.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 24 above.

26.     Upon information and belief, the aforesaid acts of Defendant constitute infringement of the YSL Marks, in that Defendant has failed to adequately inform consumers at the point of sale that the Unauthorized Products are repackaged, and,

accordingly, consumers are likely to be confused and believe that such products are being sold in their original packaging.

27. Defendant's conduct further constitutes infringement of the YSL Marks in that Defendant is not marketing, promoting, offering for sale and/or selling the Unauthorized Products in compliance with YSL's quality control standards. By way of example, Defendant has used inferior packaging for the Unauthorized Products not in keeping with YSL's quality control standards and has otherwise altered an element of the Mascara Product that is material to the purchasing decision of the consumer at the point of sale, namely, the ingredient declaration.

28. Upon information and belief, the aforesaid acts of Defendant are likely to cause confusion, mistake, or deception among consumers as to the origin of the Unauthorized Products.

29. Upon information and belief, Defendant has acted with knowledge of YSL Parfums' ownership of the YSL Marks and with the deliberate intention to unfairly benefit from the goodwill associated therewith.

30. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

32. Upon information and belief, Defendant intends to continue its infringing acts, and will continue to willfully infringe the YSL Marks, unless restrained by this Court.

33. Defendant's acts have caused, and will continue to cause, irreparable injury to YSL Parfums, and YSL Parfums has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF BY YSL
## TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

34.     YSL hereby incorporates by reference and realleges each and every
allegation of Paragraphs 1 through 33 above.

35.     The YSL Trade Dress, consisting of the unique and distinct gold and
copper color combination, when used on and in connection with cosmetic and beauty
products, is non-functional and inherently distinctive.

36.     In addition to being inherently distinctive, the YSL Trade Dress, through
substantial sales, advertising and promotion, has acquired secondary meaning, indicating
YSL as the source of products on or in connection with which the YSL Trade Dress is
used.

37.     Defendant has distributed, advertised, promoted, sold and offered for sale,
in commerce, packaging that is confusingly similar to the YSL Trade Dress.

38.     Defendant's aforesaid conduct is calculated, and is likely to deceive
consumers who associate the YSL Trade Dress with YSL into believing that the
Unauthorized Mascara Product shown in Exhibit D emanates from YSL.

39.     Upon information and belief, Defendant's use of the YSL Trade Dress on
and in connection with the unauthorized repackaging of the Mascara Product shown in
Exhibit D, is part of a deliberate plan to trade on the valuable goodwill symbolized by the
YSL Trade Dress.

40.     Upon information and belief, by its acts, Defendant has made and will
make substantial profits and gains to which it is not in law or equity entitled.

41.     Upon information and belief, Defendant intends to continue its infringing acts, and will continue to willfully infringe YSL's Trade Dress, unless restrained by this Court.

42.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF BY YSL
### FALSE DESIGNATION OF ORIGIN & FALSE ADVERTISING
### UNDER 15 U.S.C. § 1125(a))

43.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 42 above.

44.     Upon information and belief, the aforesaid acts of Defendant constitute a false designation of origin, in that Defendant has failed to adequately inform consumers at the point of sale that the Unauthorized Products are repackaged, and is presenting the Unauthorized Products to consumers as if they were materially the same as the corresponding products sold by YSL in the United States.

45.     Upon further information and belief, Defendant's conduct constitutes false advertising, in that the manner in which Defendant has packaged and is selling the Unauthorized Products is misleading, as Defendant has packaged the Unauthorized Products in such a way that consumers believe they are purchasing two units of the YSL product rather than just one unit.

46.     Upon information and belief, Defendant's acts as aforesaid violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

48.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

49.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF BY YSL PARFUMS
## DILUTION OF A REGISTERED TRADEMARK UNDER 15 U.S.C. § 1125(c)

50.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 49 above.

51.     YSL Parfums is the exclusive owner of the YSL Marks in the United States.

52.     The YSL Marks are distinctive marks that have been in use for many years and have achieved widespread public recognition.

53.     The YSL Marks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54.     Defendant, without authorization from YSL Parfums, is using the YSL Marks in commerce in such a manner as to dilute the distinctive quality of the YSL Marks and to decrease the capacity of such marks to identify and distinguish YSL's goods.

55.     Defendant's unlawful use of the YSL Marks in connection with inferior packaging materials is also likely to tarnish the YSL Marks, thereby lessening the value of the YSL Marks.

56.     Defendant has intentionally and willfully diluted the distinctive quality of the famous YSL Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.     Upon information and belief, by their acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

58.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

59.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL Parfums and YSL Parfums has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF BY YSL
## TRADEMARK INFRINGEMENT UNDER COMMON LAW

60.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 59 above.

61.     YSL owns all right, title, and interest in and to the YSL Marks as aforesaid, including all common law rights in such marks.

62.     The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the State of New York.

63.     Upon information and belief, by their acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

64.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

65.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF BY YSL
## UNFAIR COMPETITION UNDER COMMON LAW

66.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 65 above.

67.     The aforesaid acts of Defendant constitute unfair competition in violation of the common law of the State of New York.

68.     Upon information and belief, by their acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

69.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

70.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF BY YSL
### SECTION 349 OF THE NEW YORK GENERAL BUSINESS LAW

71.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 70 above.

72.     Through its importation, distribution, advertising, offering for sale and/or sale of the Unauthorized Products, Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

73.     By the acts described herein, Defendant has willfully engaged in deceptive acts or practices in the conduct of its business in violation of New York General Business Law § 349.

74.     Upon information and belief, by their acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

75.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

76.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF BY YSL PARFUMS
## SECTION 360-l OF NEW YORK GENERAL BUSINESS LAW

77.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 76 above.

78.     YSL Parfums is the exclusive owner of the YSL Marks throughout the United States, including the State of New York.

79.     Through prominent, long and continuous use in commerce, including commerce within the State of New York, YSL's Marks have become and continue to be famous and distinctive.

80.     By the acts described herein, Defendant has diluted the distinctiveness of the YSL Marks and has caused a likelihood of harm to YSL's business reputation in violation of New York General Business Law § 360-l.

81.     Upon information and belief, by their acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

82.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

83.     Defendant's acts have caused, and will continue to cause, irreparable injury to YSL Parfums and YSL Parfums has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be entered granting the following relief:

1.    Finding that (i) Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (ii) Defendant has engaged in deceptive acts and practices under New York General Business Law § 349; (iii) Defendant has diluted the YSL Parfums Marks in violation of New York General Business Law § 360-l; (iv) Defendant has engaged in trademark infringement and unfair competition under the common law of New York; and (v) Defendant has been unjustly enriched in violation of New York common law.

2.    Granting an injunction preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with it or them, or any of them, from:

(a)    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the YSL Parfums Marks or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of YSL's rights in its YSL Parfums Marks; and

(b)    engaging in any other activity constituting unfair competition with YSL.

3.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied,

distributed, offered for sale or sold by Defendant, or has been authorized by YSL, or is related to or associated in any way with YSL or its products.

4.     Directing that Defendants account to and pay over to YSL all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5.     Awarding YSL its actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

6.     Awarding YSL its costs and attorneys' fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7.     Requiring Defendant to deliver up to YSL for destruction or other disposition all remaining inventory of all Unauthorized Products, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

8.     Awarding YSL pre-judgment interest on any monetary award made part of the judgment against Defendant.

9.     Awarding YSL such additional and further relief as the Court deems just and proper.

Dated:  New York, New York
       July 16, 2007

ARNOLD & PORTER LLP

By: _____
     Louis S. Ederer (LE 7574)
     John Maltbie (JM 3658)
     399 Park Avenue
     New York, NY 10022
     Telephone:  (212) 715-1000
     Facsimile:  (212) 715-1399

     Attorneys for Plaintiffs

# AMENDED COMPLAINT

# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

## United States Patent and Trademark Office

Reg. No. 1,746,720
Registered Jan. 19, 1993

## TRADEMARK
### PRINCIPAL REGISTER



YVES SAINT LAURENT INTERNATIONAL B.V. (NETHERLANDS CORPORATION)
C/O TRUST INT'L MANAGEMENT B.V.WORLD TRADE CENTRE, TOWER B, 17TH FLOOR
STRAWINSKYLAAN 1725
1077 XX AMSTERDAM, NETHERLANDS

FOR: COSMETICS; NAMELY, LIPSTICK, LIP LINER, NAIL LACQUER, EYE MAKE-UP, FOUNDATION, FACE POWDER, CONCEALER,

BLUSH, SKIN CLEANSERS, CREAMS AND LO-TIONS, IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 1–1–1982; IN COMMERCE 1–1–1982.

OWNER OF U.S. REG. NOS. 855,232, 1,025,591, AND 1,289,676.

SER. NO. 74–270,524, FILED 4–29–1992.

NANCY L. HANKIN, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,172,541

Registered July 14, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## YVES SAINT LAURENT

YVES SAINT LAURENT PARFUMS (FRANCE CORPORATION)
28/34 BOULEVARD DU PARC
92521 NEUILLY CEDEX, FRANCE

FOR: COSMETIC PRODUCTS, NAMELY, EYE-SHADOW, EYEBROW PENCILS, MASCARA, FACE POWDER, FACE-POWDER FLUID, EMULSION, SKIN LOTION, TOILET CREAM, VANISHING CREAM, COLD CREAM, CLEANSING CREAM, FOUNDATION, BLUSH, NAIL LACQUER, MAKE-UP PRIMER, WHITENING CREAM, CONCEALER, AND LIP-

STICK, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-0-1982; IN COMMERCE 6-0-1982.

"YVES SAINT LAURENT" REPRESENTS A PARTICULAR LIVING INDIVIDUAL WHOSE CONSENT, AUTHORIZING THE APPLICANT TO REGISTER HIS NAME, IS OF RECORD IN THIS APPLICATION.

SER. NO. 75–248,516, FILED 2–7–1997.

CRAIG D. TAYLOR, EXAMINING ATTORNEY

**AMENDED COMPLAINT**

**EXHIBIT B**





# AMENDED COMPLAINT

# EXHIBIT C





**AMENDED COMPLAINT**

**EXHIBIT D**



**AMENDED COMPLAINT**

**EXHIBIT E**



**CERTIFICATE OF SERVICE**

I, Anthony D. Boccanfuso, the undersigned attorney at law duly admitted to practice in

the State of New York, respectfully show that on the 9th day of August 2007, the annexed

**AMENDED COMPLAINT** was served by hand delivery upon:

> James W. Dabney, Esq.
> Fried Frank Harris Shriver & Jacobson LLP
> One New York Plaza
> New York, New York 10004-1980

_____
Anthony D. Boccanfuso