# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
YVES SAINT LAURENT PARFUMS S.A. and YSL    :
BEAUTÉ INC.,                               :   07 Civ. 3214 (LBS)
:
:
    -against-                              :   ECF CASE
:
:
COSTCO WHOLESALE CORPORATION,              :
:
                           Defendant.      :
:
-------------------------------------------------------------------x

## ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Costco Wholesale Corp. ("Costco") provides the following answers and objections to Plaintiff's First Set of Interrogatories dated June 8, 2007:

### RESPONSES

Interrogatory No. 1

   Identify by name and address all Persons with knowledge of information relevant to the subject matter of this action.

Response to Interrogatory No. 1

   See objections to Interrogatory No. 1.

   See the persons identified in Costco's initial disclosures dated June 15, 2007.

Investigation continues.

Interrogatory No. 2

   Identify by name and address each Person that supplied You with the Repackaging for each of the Unauthorized Products.

Response to Interrogatory No. 2

See objections to Interrogatory No. 2.

Costco displays and markets genuine, authentic, and fully "authorized" YSL-branded mascara and lip care products in theft-resistant packaging supplied by U.S. Merchants, 8737 Wilshire Blvd., Beverly Hills, California 90211.

Interrogatory No. 3

> Generally describe the types of Documents relevant to this action, including the custodian of such Documents and the location of such Documents.

Response to Interrogatory No. 3

See objections to Interrogatory No. 3.

See Costco's initial disclosures dated June 15, 2007. Investigation continues.

Interrogatory No. 4

Identify any insurance policies which You have that might be pertinent to this action.

Response to Interrogatory No. 4

See objections to Interrogatory No. 4.

Costco does not believe that it has any insurance policies that are "pertinent" to this action.

Interrogatory No. 5

> Identify by name all Costco employees involved in the purchasing of the Unauthorized Products.

Response to Interrogatory No. 5

See objections to Interrogatory No. 5.

The following individuals have participated in the purchase of genuine, authentic, and fully "authorized" YSL-branded mascara and lip care products:

>Charlene Foronda, Buyer for Nationals, Costco Wholesale Corporation, 999 Lake Drive, Issaquah, Washington 98027;
>
>John Miller, Assistant Buyer for Nationals, Costco Wholesale Corporation, 999 Lake Drive, Issaquah, Washington 98027;
>
>Barry Nishimura, Assistant Buyer for Nationals, Costco Wholesale Corporation, 999 Lake Drive, Issaquah, Washington 98027.

Interrogatory No. 6

>Identify by name all Persons, including all Costco employees, involved in the design of the Repackaging for each of the Unauthorized Products.

Response to Interrogatory No. 6

>See objections to Interrogatory No. 6.

The following individuals have knowledge of the design of theft-resistant packaging in which Costco has displayed genuine, authentic, and fully "authorized" YSL-branded mascara and lip care products:

>Charlene Foronda, Buyer for Nationals, Costco Wholesale Corporation, 999 Lake Drive, Issaquah, Washington 98027;
>
>Jeff Green, U.S. Merchants, 8737 Wilshire Blvd., Beverly Hills, California 90211.

Interrogatory No. 7

>Identify by name all Persons, including all Costco employees, involved in the approval of the Repackaging for each of the Unauthorized Products.

Response to Interrogatory No. 7

>See objections to Interrogatory No. 7.

The following individuals participated in Costco's approval of the design of the theft-resistant packaging in which Costco has displayed genuine, authentic, and fully "authorized" YSL-branded mascara and lip care products:

>Charlene Foronda, Buyer for Nationals, Costco Wholesale Corporation, 999 Lake Drive, Issaquah, Washington 98027;

> Jeff Green, U.S. Merchants, 8737 Wilshire Blvd., Beverly Hills, California 90211

Interrogatory No. 8

> Identify by name all Persons, including all Costco employees, involved in the preparation and/or approval of any repackaging notices on the Repackaging of any of the Unauthorized Products.

Response to Interrogatory No. 8

> See objections to Interrogatory No. 8.

The following individuals have knowledge of the preparation or approval of express notices as to the origin of theft-resistant packaging in which Costco has displayed genuine, authentic, and fully "authorized" YSL-branded mascara and lip care products:

> Charlene Foronda, Buyer for Nationals, Costco Wholesale Corporation, 999 Lake Drive, Issaquah, Washington 98027;

> Jeff Green, U.S. Merchants, 8737 Wilshire Blvd., Beverly Hills, California 90211.

Interrogatory No. 9

> Identify by name and address each Person that supplied You with each of the Unauthorized Products.

Response to Interrogatory No. 9

> See objections to Interrogatory No. 9.

## OBJECTIONS

1.      Costco objects to Interrogatory No. 1, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2.      Costco objects to Interrogatory No. 2 as misleading, argumentative, and improper in its use of the phrase "Unauthorized Products" as an apparent reference to the genuine YSL-branded mascara and lip care products referred to in paragraph 13 of the plaintiffs' complaint in this action dated April 20, 2007. Costco further objects to Interrogatory No. 2, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Costco objects to Interrogatory No. 3, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Costco objects to Interrogatory No. 4 as vague and ambiguous, in that the term "pertinent to" is not defined and has no clear meaning in the context of this interrogatory.

5.      Costco objects to Interrogatory No. 5 as vague and ambiguous, in that the term "involved in" is not defined and has no clear meaning in the context of this interrogatory. Costco further objects to Interrogatory No. 5, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Costco objects to Interrogatory No. 6 as misleading, argumentative, and improper in its use of the phrase "Unauthorized Products" as an apparent reference to the genuine YSL-branded mascara and lip care products referred to in paragraph 13 of the plaintiffs' complaint in

this action dated April 20, 2007. Costco further objects to Interrogatory No. 6 as vague and ambiguous, in that the term "involved in" is not defined and has no clear meaning in the context of this interrogatory. Costco further objects to Interrogatory No. 6, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

       7.      Costco objects to Interrogatory No. 7 as misleading, argumentative, and improper in its use of the phrase "Unauthorized Products" as an apparent reference to the genuine YSL-branded mascara and lip care products referred to in paragraph 13 of the plaintiffs' complaint in this action dated April 20, 2007. Costco further objects to Interrogatory No. 7 as vague and ambiguous, in that the term "involved in" is not defined and has no clear meaning in the context of this interrogatory. Costco further objects to Interrogatory No. 7, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

       8.      Costco objects to Interrogatory No. 8 as misleading, argumentative, and improper in its use of the phrase "Unauthorized Products" as an apparent reference to the genuine YSL-branded mascara and lip care products referred to in paragraph 13 of the plaintiffs' complaint in this action dated April 20, 2007. Costco further objects to Interrogatory No. 8 as vague and ambiguous, in that the term "involved in" is not defined and has no clear meaning in the context of this interrogatory. Costco further objects to Interrogatory No. 8, insofar as it may purport to call for information beyond that provided, as overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

       9.      Costco objects to Interrogatory No. 9 as improperly seeking highly confidential trade secret information. The identity of the particular vendor or vendors who have supplied

genuine YSL-branded products to Costco has no bearing on the merits of the claims that plaintiffs have asserted in this action, all of which are directed to the design and labeling of theft-resistant packaging used by Costco, not the origin or genuineness of the original products themselves. The identity of Costco vendors is a tightly guarded trade secret of Costco. Disclosure of this information would expose Costco to immediate and irreparable harm. Plaintiffs allege that "YSL does not sell such products to off-price retail chains such as Defendant" (Complaint ¶ 14) and Costco allegedly "has purchased such products through unauthorized channels of distribution" (id. ¶ 19). Plaintiffs also repeatedly, and misleadingly, refer to genuine YSL-branded products sold by Costco as so-called "Unauthorized Products" (e.g., Complaint ¶ 19). Plaintiffs' complaint makes very clear that plaintiffs would cut off sales to any vendor known to be supplying Costco. Outside counsel for plaintiffs in this action is directly involved in plaintiffs' activities relevant to the distribution of YSL-branded products. In the circumstances, there is no type of confidentiality undertaking that would adequately product Costco against irreparable harm that would inevitably flow from disclosure of trade secret vendor identities to trademark enforcement counsel for YSL.

Dated: New York, New York
 July 23, 2007

          FRIED, FRANK, HARRIS, SHRIVER
             & JACOBSON LLP

By: _____
      James W. Dabney
      Darcy M. Goddard

One New York Plaza
New York, New York 10004-1980
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

Attorneys for Defendant
Costco Wholesale Corporation

553013.v2

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on the 23rd day of July, 2007 I caused to be served upon the following, by the methods described below, true copies of the Responses and Objections to Plaintiffs' First Request for Production of Documents and Answers and Objections to Plaintiffs' First Set of Interrogatories to Defendant.

**FIRST-CLASS MAIL**

Louis S. Ederer, Esq.
John Maltbie, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff*

Dated: New York, New York
       July 23, 2007

                                                                   _____
                                                                   Jeffrey J. Bednar
                                                                   Paralegal