UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
:
YVES SAINT LAURENT PARFUMS S.A. and YSL   :   **ECF CASE**
BEAUTÉ INC.,                              :
                                          :
                         Plaintiffs,      :   Civil Action No.
                                          :   07 Civ. 3214 (LBS)
           - against -                    :
                                          :
                                          :
                                          :
COSTCO WHOLESALE CORPORATION,             :
                                          :
                         Defendant.       :
                                          :
------------------------------------------------------------------------ x

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Costco Wholesale Corporation ("Costco") respectfully submits this memorandum in opposition to the plaintiffs' letter motion filed on October 9, 2007, for an Order granting plaintiffs leave to file a Second Amended Complaint. The motion should be denied.

## FACTS

Plaintiffs commenced this action on April 20, 2007. Plaintiffs served an Amended Complaint on July 16, 2007. In both of their first two complaints, the plaintiffs challenged Costco's distribution of two genuine YSL-branded products, a lip care product and a mascara product, in theft-resistant display packaging.[1]

---

[1] Plaintiffs' October 9 letter falsely states that their Amended Complaint added "an additional Yves Saint Laurent cosmetic product." In fact, the plaintiffs' Amended Complaint mentioned only the same two YSL-branded products as had their original complaint. The only difference between the two complaints was that, in the Amended Complaint, the plaintiffs complained of re-designed packaging in which Costco was displaying the originally identified mascara product.

On July 3, 2007, in anticipation of the initial pre-trial conference held on July 9, 2007, the parties entered into a written stipulation and agreement (*see* Exhibit 1 at 3; "STIPULATED AND AGREED") that called for a very abbreviated pretrial schedule, with all discovery, including discovery of experts, to be completed by October 31, 2007.[2] This abbreviated schedule reflected the narrow and focused nature of the plaintiffs' then-pleaded claims that challenged Costco's marketing and sale of <u>genuine</u> YSL-branded products in theft-resistant display packaging. The plaintiffs' challenge to Costco's sale of <u>genuine</u> YSL-branded products required relatively little discovery and essentially amounted to a test case of whether the type of display packaging used by Costco was likely to cause confusion in the absence of some type of disclaimer. *Cf. Farouk Sys., Inc. v. Target Corp.*, 2006 WL 2583449 (S.D. Tex. Sept. 6, 2006) (dismissing, on summary judgment, claims virtually identical to those made by the plaintiffs here).

Consistent with the narrow focus of the plaintiffs' original complaint on Costco's marketing and resale of <u>genuine</u> YSL-branded goods in theft-resistant packaging, the parties

---

[2] By Order dated October 16, 2007, the Court affirmed Magistrate Judge Pitman's Order issued September 25, 2007, compelling Costco to disclose to the plaintiffs' outside counsel the identities of the vendor(s) that supplied Costco with the genuine YSL-branded goods identified in Exhibits C-E to the plaintiffs' existing complaint and extended the discovery period in this case by ninety (90) days. The plaintiffs claimed they needed this time to find out if the "first sale" of the lip care and mascara products in question was "authorized" by the plaintiffs. Costco has no reason to believe that the plaintiffs' claimed need to investigate, by the most indirect means imaginable, whether the plaintiffs made the "first sale" of their own genuine products identified in the existing complaint is anything other than a spurious pretext for seeking compelled discovery of secondary market supply sources to Costco that the plaintiffs desire to cut off. The plaintiffs' investigation of the "first sale" of admittedly genuine YSL-branded products is not expected to change the scope of the present action at all. The plaintiffs have persistently refused to disclose any factual basis they might have for believing that they did not make and sell the lip and mascara products identified in the original and existing complaints.

stipulated and agreed that: "Motions to join other parties or to amend pleadings shall be served on or before July 16, 2007." (Ex. 1 at ¶ 3.) This stipulation, as well as the short period of time for pretrial activity, reflected the narrow focus of the plaintiffs' original complaint on whether <u>Costco</u>'s re-packaging and marketing of <u>genuine</u> YSL-branded goods was likely to cause confusion of Costco shoppers. The case, as originally pleaded by the plaintiffs, did not appear to involve any challenge to the conduct of third parties and did not give Costco any cause to file any third-party complaint or seek indemnification or discovery from any third parties.

In sharp contrast, the plaintiffs now seek to assert claims against Costco <u>and twenty (20) unnamed co-defendants</u> for alleged wrongful distribution of OPIUM-brand perfume that the plaintiffs allege is "counterfeit." The plaintiffs' proposed new claims are of an entirely different character than were the plaintiffs' original claims against Costco; the plaintiffs' proposed new claims purport to arise from entirely distinct transactions and events than did the plaintiffs' original claims; the plaintiffs' proposed new claims raise wholly different liability and damages issues than did the plaintiffs' original claims; and the pretrial and trial schedule that the parties stipulated and agreed to last July, even with the additional 90 days for discovery recently ordered by Judge Sand, is simply and totally inappropriate to the new and radically different kind of case that the plaintiffs now seek to initiate.

On October 17, 2007, Costco commenced a civil action entitled *Costco Wholesale Corp. v. Yves Saint Laurent Parfums S.A.*, No. 07-cv-4333 (E.D.N.Y., filed Oct. 17, 2007) (the "Islip Action"). In the Islip Action, Costco has requested that the court (per The Honorable James Bianco, U.S.D.J.) determine whether, in fact, Costco has sold "counterfeit" OPIUM perfume. The defendants in the Islip Action include the entity, Quality King Distributors, Inc. of Ronkonkoma, New York ("Quality King"), that supplied Costco with the allegedly "counterfeit"

3

OPIUM perfume product that the plaintiffs now seek to inject into the present litigation. A file-stamped copy of the Complaint in the Islip Action is annexed hereto as Exhibit 2.

The subject matter of the Islip Action is entirely distinct from the subject matter of the present action, involving as it does completely different products, transactions, events, and theories of recovery than does the present action. Pretrial and trial proceedings in the Islip Action are expected to involve complex fact and expert discovery concerning whether, in fact, the goods at issue in that case are "counterfeit." The plaintiffs have refused multiple requests that they provide Costco with whatever evidence they have that leads them to believe that the OPIUM perfume product in question is, in fact, "counterfeit." Further, as is alleged in the Islip Action, Costco contends that it is entitled to full contractual indemnification from Quality King with respect to the plaintiffs' claims challenging the OPIUM perfume product formerly distributed by Costco. Quality King, in turn, may eventually file a third-party complaint against its supplier of the goods in question, which supplier may not even be subject to personal jurisdiction in this district.

At a hearing held on October 22, 2007, Magistrate Judge Pitman took up the question whether the controversy pleaded in the Islip Action should be litigated in this Court. With respect specifically to the Islip Action, the Magistrate observed: "no Judge here can take that case from the Eastern District. The Eastern District has to make its own decision." (*See* Exhibit 3 hereto at 14.) It is expected that Quality King, a named defendant in the Islip Action, will have something to say on whether its liability to Costco or the plaintiffs, and its right to indemnification from third parties, should be adjudicated in the Islip Action or in this Manhattan-based action located more than fifty (50) miles from Quality King's headquarters in Ronkonkoma

4

## **ARGUMENT**

Costco respectfully submits that the plaintiffs have presented no justification, much less legally adequate justification, for being relieved of the written stipulation and agreement they made last July 3 (*see* Exhibit 1) and for converting this action from a straightforward dispute over Costco's marketing and display of <u>genuine</u> YSL-branded lip and mascara products into a complex, multi-party action involving the distribution of allegedly "counterfeit" products. The plaintiffs' proposed new claims raise issues that go far beyond anything remotely involved in the present action, and will require a pretrial and trial schedule that is completely different from that which was stipulated and agreed to here.

Further, although the plaintiffs and Costco have waived trial by jury in this case, the additional parties that the plaintiffs would add as defendants have not done so. A grant of the plaintiffs' motion would furthermore and inevitably bring about extensive third-party practice and motion practice related to what parties are properly joined and whether or to what extent jurisdiction and venue are proper as to newly-added parties. All proceedings in this case to date would essentially be wasted proceedings, and any disposition of the existing claims in this case would be extensively delayed.

It is important to emphasize that the question before the Court is not whether the plaintiffs should be permitted to pursue their new claims at all, but simply whether the plaintiffs should be required to abide by their stipulation and agreement in this case and present their alleged new claims in a way that does not destroy Costco's right to a prompt and economical resolution of the dispute that the parties have been litigating before this Court since last April. The answer to that question is clearly "Yes." The plaintiffs' motion should be denied.

A.     **YSL Cannot Unilaterally Withdraw From the Stipulation and Agreement**

"A party to a stipulation is not entitled to withdraw from its agreement unilaterally." *United States ex rel. Reilly, Jr. v. New England Teamsters & Trucking Indus. Pension Fund*, 737 F.2d 1274, 1278 (2d Cir. 1984). Unlike interlocutory Orders that a Court can modify at any time in its discretion, party stipulations can be withdrawn over objection only on a "showing of good cause sufficient to invalidate a contract, such as fraud, overreaching, duress or mistake," *Keiser v. CDC Inv. Mgmt. Corp.*, 2003 WL 1733729, at *3 (S.D.N.Y. Mar. 25, 2003) (Pauley, J.) (quoting *Town of Clarkstown v. M.R.O. Pump & Tank, Inc.*, 731 N.Y.S.2d 231, 232 (2d Dep't 2001)), or to avoid "manifest injustice," *Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity*, 2005 WL 3750749, at *7 (S.D.N.Y. Jul. 13, 2005) (Conner, J.).

Here, the plaintiffs' motion fails even to mention their prior stipulation concerning the date for amending the pleadings of joining additional parties. The plaintiffs have made no showing as would remotely permit them to rescind and withdraw from the July 3 stipulation as it pertains to the parties' agreed-to deadline to join parties and amend pleadings.

B.     **The New Claims That YSL Seeks to Interject Into This Case Are Wholly Unrelated to Any of the Plaintiffs' Existing Claims**

Even assuming, for purposes of argument, that the plaintiffs were not bound by their earlier stipulation regarding the time for amending pleadings or adding parties to this case, they have not shown "good cause" for drastically expanding the present action at this late date.[3] The

---

[3] Although YSL asks the Court for leave to file the proposed Second Amended Complaint under the more lenient standards of Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiffs are instead required to satisfy Rule 16(b)'s "good cause" standard before leave may be granted. *See*, *e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the

**Footnote continued**

Second Amended Complaint proposed by the plaintiffs would join no fewer than twenty (20) new co-defendants and would raise wholly new and different claims, arising from wholly different transactions and events, and involving wholly different products, than the actions that purportedly gave rise to this action initially. Litigation over whether the OPIUM perfume product is "counterfeit" will inevitably involve expert testimony and analysis that would be wholly foreign and extraneous to the claims the plaintiffs asserted originally, and will necessarily require the joining of many more parties.

Contrary to the plaintiffs' suggestion, discovery in this action is at an advanced stage despite the plaintiffs' efforts to stall and delay. On October 22, 2007, Magistrate Judge Pitman awarded sanctions against the plaintiff Yves Saint Laurent Parfums S.A. on account of its failure to appear for a properly-noticed deposition. (*See* Exhibit 3 hereto.) Costco has incurred significant expense in locating, reviewing, and producing more than 11,000 pages of hard-copy and electronically stored documents responsive to the plaintiffs' document requests.

_____
**Footnote continued from previous page**

scheduling order where the moving party has failed to establish good cause."); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Indeed, as this Court held in *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D 100, 101 (S.D.N.Y. 2003) (McMahon, J.), "when a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, that party must satisfy the good cause requirement of Fed. R. Civ. P. 16(b)— despite the lenient standard for amendment under Fed. R. Civ. P. 15(a)—before leave to amend may be granted." (Emphasis added). Although the Court on October 16, 2007, granted the plaintiffs' request to extend by ninety (90) days the stipulated and "so ordered" Case Management Schedule "to allow the parties to complete discovery," the October 16 Order did not address or extend the long-since expired July 16, 2007, deadline to join parties or amend pleadings, nor does it effect the Court's duty to apply the "good cause" standard of Rule 16(b). *See Rent-A-Center Inc.*, 215 F.R.D. at 103; *Watkins v. Farmers & Merchs. Bank*, 2007 WL 1828267, at *2 (11th Cir. June 27, 2007) (applying Rule 16(b), and stating that "[a]lthough the court later granted an extension on all remaining deadlines, the date for making amendments was not a 'remaining deadline' [because] it had already passed").

Costco has relied in good faith on the parties' stipulation and has been preparing for, and moving towards, dispositive motions and, if necessary, a three-day bench trial on the narrow claims stated in the plaintiffs' existing complaint, which appear to involve only the plaintiffs and Costco. Had Costco known that the plaintiffs could simply renege on their stipulation and start all over again with new claims having nothing to do with their original claims, then Costco would have responded to this suit very differently than it has to date.

      C.      **The Islip Action Is a More Appropriate Vehicle for Resolving the Claims Sought to Be Raised by the Proposed Second Amended Complaint**

As noted previously, on October 17, 2007, Costco commenced a civil action in the Eastern District of New York, in which the subject matter to be determined is whether, in fact, Costco has been supplied "counterfeit" OPIUM perfume product by Quality King. Even if the plaintiffs could properly move for leave to amend their pleadings under Rule 15(a) of the Federal Rules of Civil Procedure—which they cannot, *see* discussion *supra* n.3—Rule 15(a) provides that leave shall be granted only "when justice so requires."

The liberal amendment policy of Rule 15(a) is grounded in a desire that cases be resolved on their merits, and that meritorious causes not be cut off by reason of pleading defects and formalities. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000) ("The purpose of Rule 15, moreover, 'is to provide maximum opportunity for each claim to be decided on its merits, rather than on procedural technicalities.'" (quoting 6 Charles Alan Wright, Arthur R, Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1471 (2d ed. 1990) (2000 Supp.)). Denial of the plaintiffs' untimely motion to amend is fully consistent with this policy in view of the Islip Action. The plaintiffs can obtain complete relief against Costco in the Islip Action, and all affected parties can be brought in and can reach either a litigated or negotiated solution to the plaintiffs' proposed new claims.

The existing stipulated Case Management Schedule in the present action, even given the Court's October 16 extension of certain deadlines set forth therein, is simply not suited to the type of worldwide, multi-party counterfeiting case that would result if the plaintiffs' motion for leave to amend the pleadings were granted. Getting to the bottom of the plaintiffs' claims of alleged counterfeiting will require a great deal more investigation, analysis, and litigation of relative responsibilities than will resolution of the instant case between the plaintiffs and Costco alone.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for leave to serve their proposed Second Amended Complaint should be denied, without prejudice to the plaintiffs' right to assert their new claims in the Islip Action.

Dated:   New York, New York
         October 24, 2007

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: ___s/James W. Dabney_____
        James W. Dabney
        Darcy M. Goddard
        Alexander T. Korn

One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Attorneys for Defendant
Costco Wholesale Corporation

558266

## CERTIFICATE OF SERVICE

      I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on the 24th day of October, 2007 I caused to be served on the following, by the methods described below, a true copy of the Memorandum in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint.

**FIRST-CLASS MAIL**

Louis S. Ederer, Esq.
Alan C. Veronick
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff*


Dated: New York, New York
       October 24, 2007

                                                  _____
                                                    Jeffrey J. Bednar

558275