Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

*Attorneys for Plaintiffs Yves Saint Laurent Parfums S.A.*
*and YSL Beauté Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
                                   :

YVES SAINT LAURENT PARFUMS S.A. and     :
YSL BEAUTÉ INC.,                      :     Civil Action No.
                                   :     07 Civ. 3214 (LBS) (HP)

               Plaintiffs,           :

             - against -            :

COSTCO WHOLESALE CORPORATION,      :

              Defendant.          :
                                   :
----------------------------------------------------------------- x

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO AMEND THE COMPLAINT

## PRELIMINARY STATEMENT

Plaintiffs Yves Saint Laurent Parfums S.A. and YSL Beauté Inc. (collectively "YSL")
respectfully submit this memorandum of law, together with the accompanying declaration of
Louis S. Ederer ("Ederer Decl."), in reply to defendant Costco Wholesale Corporation
("Costco")'s October 24, 2007 opposition brief, and in further support of YSL's motion to
amend the complaint in the above action.

## ARGUMENT

It is now very clear that Costco is attempting to end run this Court, first by failing to
respond to YSL's motion to amend for 15 days, and then, during that period, commencing a
separate declaratory judgment action in the Eastern District of New York. For some reason it
has failed to articulate, Costco is desperate to keep YSL's counterfeiting claim out of the existing
Southern District case, thereby causing YSL (and Costco) to incur unnecessary expense, and the
Federal Court system to be saddled with two litigations rather than one. Had YSL known that
Costco would create this procedural morass, then instead of moving to amend, YSL could have
started a separate action against Costco two weeks ago in the Southern District, asked that the
action be referred to Judge Sand as a related case, and then moved to consolidate. What YSL
did, instead, was to follow the liberal amendment rules and move within the existing case,
believing this would be the simplest and most economical way to proceed, not thinking that
Costco would try to take advantage of the situation. To deny YSL's motion, then, is to
countenance Costco's gamesmanship.

The bottom line is that Costco has failed to show any prejudice if the motion to amend is
granted; rather, it will be YSL that will be prejudiced if it is forced to litigate the counterfeiting
claim separately. This, in and of itself, is enough to warrant the granting of YSL's motion.
*Saxholm AS v. Dynal, Inc.*, 938 F.Supp. 120, 125 (E.D.N.Y. 1996) (stating that "any prejudice

2

which the non-movant demonstrates must be balanced against the Court's interest in litigating all claims in a single action and any prejudice to the movant which would result from the denial of the motion"). In addition, YSL's motion to amend should be granted for the reasons set forth in YSL's October 9, 2007 letter motion (Ederer Decl. Ex. A), and for the following reasons:

First, with respect to the suit filed by Costco in the Eastern District of New York, there is absolutely no reason to have two separate litigations. All counts in the proposed amended complaint involve the same parties and the same types of claims, that is, infringement claims under the Lanham Act with respect to non-genuine goods (note that, as the Court has previously recognized, the complaint in the existing litigation can fairly be read to allege that the YSL goods Costco is selling are non-genuine). Indeed, Judge Pitman commented, at the October 22, 2007 conference, that the existing claims and the proposed new claims were of a similar nature. Further, from the discovery materials produced by Costco to date, it appears that Costco's witnesses would be the same for all of YSL's claims, as the same individuals responsible for buying the goods that are the subject of the existing case would also be the buyers of the counterfeit goods. Further, both cases involve Costco's purchases of what, it will claim, it are genuine diverted goods, so the areas of inquiry in discovery would be exactly the same, i.e., the circumstances under which the goods were purchased, and the precautions Costco took to ensure that the goods were genuine. There is simply no reason, therefore, substantive or economic, for having two litigations rather then one.

Second, notwithstanding Costco's attempts to explain why it brought a second suit, there was absolutely no good reason for Costco to have done so other than to try to end run this Court and the pending motion to amend. Indeed, Costco has yet to explain why it filed the second suit without notice to YSL or this Court, after representing to the Court, in an October 15, 2007 letter

3

that it would be submitting an opposition to this motion "in due course." Ederer Decl. Ex. B.

Neither did Costco attempt to explain why it failed to indicate, in its Eastern District complaint,

that the "Proposed Complaint" it received from YSL was the proposed amended complaint YSL

had attached to the instant motion. *Id.* The only explanation for Costco's behavior is that, at all

costs, Costco does not want the counterfeiting claim to be heard together with the other claims,

perhaps because it is afraid that the Court will hear evidence that Costco failed to follow its own

policies and procedures for buying diverted goods.

Costco's story at the October 22 conference that it brought the second action in the

Eastern District for the convenience of its supplier, Quality King, who will be indemnifying

Costco, is a red herring. Costco admitted at the conference that it has no case or controversy

against Quality King, because Quality King is indemnifying Costco, so the declaratory judgment

claim against Quality King is a sham. In any event, Costco could easily claim over against

Quality King in the Southern District litigation (although we doubt Costco would bother to do

so), and if it does, there will be no issue of jurisdiction or venue, because Quality King is a

national supplier of fragrance products and does a large amount of business in the Southern

District.

Third, Costco has articulated absolutely no prejudice if the counterfeiting claim proceeds

in the Southern District. As the Court recognized at the October 22 conference, it would be far

more economical, both for the parties and the Courts, if the claim proceeds in this District.

Indeed, although asked several times, Costco's counsel could not say how it would be cheaper

for anyone involved to have the two separate cases proceed at the same time. Further, despite

Costco's attempts to make the counterfeiting claim sound complex, it is actually much less

complex than the claims involved in the existing case. Either the goods are counterfeit (and,

4

contrary to Costco's argument, YSL has already told Costco that the goods are counterfeit and why), and the only other issue will be whether Costco was willfully blind in its purchase of these goods, and should therefore have to pay enhanced damages under the Lanham Act, another claim that has already been advanced in the existing case.

Further, as the Court is well aware, no depositions have taken place in this case, discovery is still in the early (stages in view of the parties' dispute over the disclosure of supplier information), and Judge Sand, in his October 16, 2007 Order, extended the discovery cutoff to the end of January 2008. Ederer Decl. Ex. C. It is also important to note that Judge Sand did so on the same day that he was informed, in YSL's October 16, 2007 letter, that the motion to amend was pending, and that YSL was seeking to bring a counterfeiting claim into this case (Ederer Decl. Ex. B at Ex. D. Not coincidentally, two days later, Costco filed its Eastern District Complaint. As we have indicated several times, once the amended complaint is received, the parties will proceed promptly with all discovery, and there will be no delay. Indeed, if the counterfeiting claim is added to this case, that claim will proceed much more quickly to judgment than if it has to be litigated separately.

In the end, Costco has come forward with no good reason, substantive, economic or otherwise, why the counterfeiting claim should not be added to this case. Federal Rule 15 states that leave to amend is freely granted, particularly where, as the Court has indicated, the claims are closely related, if not intertwined; there will be no delay in the proceedings; and judicial economy will be served. Indeed, the case law says that the institution of a separate action "run[s] counter to the interests of judicial economy." *Randolph-Rand Corp. of New York v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, *4 (S.D.N.Y. Oct. 24, 2001) (noting further that if "th[e] separate lawsuit were not eventually consolidated with [the first suit], it might well require the

5

repetition of many of the same efforts expended in the [original action]"). Thus, contrary to Costco's arguments, the denial of YSL's motion will cause the parties' cost to increase, whereas if the amendment is allowed, the parties will actually save money. By filing this motion, YSL has been indicating for weeks that it intends to litigate the counterfeiting claim in the Southern District of New York. If the motion is denied, then Costco will have completed its end run, and no one's interest but Costco's will have been served.

## CONCLUSION

For the reasons set forth above, the Court should grant plaintiffs' motion to amend the complaint.

Dated: New York, New York
October , 2007

ARNOLD & PORTER LLP

By:     Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, NY 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Attorneys for Plaintiffs Yves Saint Laurent Parfums S.A. and YSL Beauté Inc.*

6