SAND, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

YVES SAINT LAURENT PARFUMS S.A. and : Civil Action No.
YSL BEAUTÉ INC.,                    : 07 Civ. 3214 (LBS)
                                    :
             Plaintiffs,            :
                                    :
    - against -                     :
                                    :
COSTCO WHOLESALE CORPORATION,       :
QUALITY KING DISTRIBUTORS, INC., and :
J & H COSMETICS LTD.,               :
                                    :
             Defendants.            :
                                    :
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-5-07

Upon reading and considering the [Supplemental Proposed] Second Amended Complaint in this action, the declarations of Marc Rey, dated November 1, 2007, Frank Bommelaer, dated October 30, 2007, Joëlle Guesnet, dated October 30, 2007, and Louis S. Ederer, dated November 4, 2007, and the exhibits thereto, together with the accompanying Memorandum of Law, it is hereby:

### ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND ORDER OF RECALL

ORDERED that Defendants Costco Wholesale Corporation ("Costco"), Quality King Distributors, Inc. ("Quality King") and J & H Cosmetics Ltd. ("J&H") (collectively "Defendants") show cause before the Honorable Leonard B. Sand, a United States District Judge, in Courtroom 15A of the United States Courthouse, 500 Pearl Street, New York, NY 10007, on the 7th day of November, 2007 at 2:00 AM/PM, or as soon thereafter as counsel may be heard, why an order should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining and restraining Defendants and their respective

subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

1. imitating, copying or making unauthorized use of the OPIUM or the OPIUM FLOWER Design mark (the "OPIUM Trademarks");

2. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the OPIUM Trademarks;

3. using any simulation, reproduction, copy, counterfeit or colorable imitation of the OPIUM Trademarks, in connection with the promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product or service, in such manner as to relate or connect, or tend to relate or connect such product in any way with YSL, or to any goods sold, sponsored, approved by, or connected with YSL;

4. using any simulation, reproduction, copy, counterfeit or colorable imitation of the OPIUM Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product, which serves to dilute, or tends to dilute, YSL's images, trade names or reputations or the distinctive quality of the OPIUM Trademarks;

5. making any false designation of origin or false or misleading statement or representation of fact whatsoever with respect to any goods or services promoted, advertised, displayed, sold, offered for sale, produced, imported, exported, circulated or distributed by Defendants which is likely to cause confusion, mistake or deception by suggesting in any way that Defendants are affiliated, connected or associated with YSL, or that Defendants' goods or services originate with, or are sponsored or approved by, YSL;

6. engaging in any other activity constituting unfair competition with YSL, or constituting infringement of the OPIUM Trademarks;

7. transferring, consigning, selling, shipping or other moving any goods, packaging or other materials in Defendants' possession, custody or control bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the OPIUM Trademarks;

8. disposing of, destroying, altering, moving, removing, concealing, tampering with ir in any manner secreting any business records (including computer records) if any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, copy, counterfeit or colorable imitation of the OPIUM Trademarks;

9. directly or indirectly informing Defendants' source(s) for any merchandise any simulation, reproduction, copy, counterfeit or colorable imitation of the OPIUM Trademarks of this action or any of YSL's claims herein, and

10. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (9) above.

IT IS FURTHER ORDERED, that Costco show cause, at the time and date set forth above, why an order should not be entered pursuant to the equitable powers of this Court, ordering Costco, its subsidiaries, affiliates, divisions, agents, servants, employees, representatives and all others in active concert or participation with it, or under its direct or indirect control to provide notice to all consumers who purchased the counterfeit OPIUM product, that the product is counterfeit and should be returned to Costco and/or YSL.

**ORDER APPROVING PLAINTIFFS' SUPPLEMENTAL PROPOSED SECOND AMENDED COMPLAINT FOR FILING**

And, good and sufficient cause having been shown therefor,

IT IS FURTHER ORDERED that YSL's Supplemental Proposed Second Amended Complaint, attached to the Declaration of Louis Ederer as Exhibit R, shall be approved for filing.

**TEMPORARY RESTRAINING ORDER**

And, good and sufficient cause having been shown therefor,

IT IS FURTHER ORDERED that Defendants, their subsidiaries, affiliates, divisions, agents, servants, employees and representatives, and all those in active concert with them, be temporarily restrained until the hearing of the motion for a preliminary injunction, from:

1. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, copy, counterfeit or colorable imitation of any good or product bearing the mark OPIUM or the OPIUM FLOWER Design mark (the "OPIUM Trademarks");

2. transferring, consigning, selling, shipping, or otherwise moving any OPIUM brand product; and

3. informing Defendants' sources for any merchandise bearing any simulation, reproduction, copy, counterfeit or colorable imitation of any good or product bearing the OPIUM Trademarks of this action or of any of YSL's claims herein.

IT IS FURTHER ORDERED that security in the amount of a $_____ bond be posted by YSL on or before _____, 2007 at \_\_\_ p.m.

## ORDER FOR EXPEDITED DISCOVERY

IT IS FURTHER ORDERED that Defendants, their subsidiaries, affiliates, divisions, agents, servants, employees and representatives, and all those in active concert with them, shall, no later than three days prior to the scheduled hearing:

1. produce to YSL all documents, including un-redacted transactional documents, invoices and correspondence, relating to the manufacture, importation, purchase, distribution, promotion, advertisement, offer for sale and/or sale of OPIUM product for the last twelve months; and

2. permit YSL to inspect all undistributed inventory of any goods bearing the OPIUM Trademarks.

IT IS FURTHER ORDERED that service of this Order together with the motion papers filed in connection therewith upon the attorneys for Defendants, James Dabney, Esq., of Fried Frank Harris Shriver & Jacobson LLP, One New York Plaza, New York, New York, Anthony J. Viola, Esq., of Edward Angell Palmer & Dodge LLP, 750 Lexington Avenue, New York, New York, and Jeffrey Heller, Esq., of Somer & Heller LLP, 2171 Jericho Turnpike, Commack, New York, by hand, no later than November __, 2007, shall constitute good and sufficient service; and

IT IS FURTHER ORDERED that any answering papers shall be served in hand by November 6, 2007 at 4:30 p.m.; and

IT IS FURTHER ORDERED that any reply papers shall be served in hand by November __, 2007 at _____ .m.

Dated: New York, New York
       November 5, 2007

SO ORDERED

_____
U.S.D.J.