UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                        :

YVES SAINT LAURENT PARFUMS S.A. and YSL    :
BEAUTÉ INC,
                                        :

                  Plaintiffs,          :

                                        :       ECF CASE
            - against -              :       07 Civ. 3214 (LBS)

                                        :

COSTCO WHOLESALE CORPORATION,         :

                                        :
                  Defendant.        :
                                        :

------------------------------------------------------------------------x

## SECOND DECLARATION OF JAMES W. DABNEY

      1.      My names is James W. Dabney.  I am a member of the Bar of this Court and of

the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, counsel for defendant Costco

Wholesale Corporation ("Costco") in this action.  I have personal knowledge of the matters

stated in this declaration.

      2.      Annexed hereto as Exhibit 1 is a letter dated Tuesday, October 2, 2007, that I

received from counsel for the plaintiffs.

      3.      Annexed hereto as Exhibit 2 is a letter dated Wednesday, October 3, 2007, that I

sent to counsel for the plaintiffs.

      4.      Annexed hereto as Exhibit 3 is an e-mail message dated Thursday, October 4,

2007, that I sent to counsel for the plaintiffs.  Exhibit 3 also includes an e-mail message that I

received from counsel for plaintiffs on October 4, 2007.

      5.      Annexed hereto as Exhibit 4 is an e-mail message dated Monday, October 8,

2007, that I sent to counsel for the plaintiffs.  Exhibit 4 also includes an e-mail message that I

received from counsel for plaintiffs late on Friday, October 5, 2007.

6.     Annexed hereto as Exhibit 5 is a file-stamped copy of the Complaint in *Costco Wholesale Corporation v. Yves Saint Laurent Parfums S.A.*, No. 07 Civ. 4333, currently pending in the United States District Court for the Eastern District of New York (the "Islip Action").

7.     As was alleged in paragraph 10 of Costco's Complaint in the Islip Action, between October 2 and October 17, 2007, the plaintiffs refused repeated requests that they provide Costco with whatever evidence they may have had that led them to conclude that certain OPIUM-branded product sold by Costco was "counterfeit."    Three of those requests for information are set forth in Exhibits 2-4 to this Declaration.

8.     Annexed hereto as Exhibit 6 is a copy of a third-party Complaint that Quality King Distributors, Inc. ("Quality King") has filed in the Islip Action.

9.     I expect that pre-trial proceedings in the Islip Action are likely to require a minimum of 12-18 months to complete.  I believe that the same period would be required for pre-trial proceedings in this Civil Action No. 07-3214 if the Court were to permit the plaintiffs in the present action to litigate here the controversy that is currently the subject of the Islip Action.

10.     To determine whether, in fact, Costco has been supplied with "counterfeit" OPIUM product as the plaintiffs have recently alleged, it may be necessary to initiate and take discovery of at least the following subject matter areas: (i) the exact formulations that the plaintiffs have used or authorized to be used in the manufacture of genuine OPIUM-branded perfume product; (ii) the specifications, ranges, and tolerances that the plaintiffs have used or authorized to be used in the manufacture of genuine OPIUM-branded perfume product; (iii) the physical locations where genuine OPIUM-branded perfume product has been manufactured;

2

(iv) the conditions under which genuine OPIUM-branded perfume product has been manufactured; (v) the extent to which the plaintiffs' licensees or contract manufacturers have adhered to or deviated from specifications for genuine OPIUM-branded perfume product; (vi) the presence or absence of records of the precise contents of genuine OPIUM-branded perfume product as manufactured by the plaintiffs, their licensees, or contract manufacturers; (vii) communications between the plaintiffs and persons who have manufactured genuine OPIUM-branded perfume product; (viii) internal documents of the plaintiffs in which the quality, consistency, or conformity of genuine OPIUM-branded perfume product is discussed; (ix) any complaints that the plaintiffs have lodged or received with respect to the quality, characteristics, conformity, or uniformity of genuine OPIUM-branded perfume product; (x) any disputes between the plaintiffs and any person engaged in the manufacture of genuine OPIUM-branded perfume product; (xi) all tests conducted by the plaintiffs of OPIUM-branded perfume product purchased at retail in the United States from Costco and any other retailers; (xii) all records of the chain of custody of any OPIUM-branded perfume product samples that were purchased by the plaintiffs at retail from Costco or any other retailers in the United States; and (xiii) all codes, means, or methods that any person employed or obtained by the plaintiffs as used to identify, investigate, or trace the origin of any OPIUM-branded perfume product sold by Costco.

11.    To the extent that the manufacture of genuine OPIUM-branded perfume product has taken place in China or other overseas locations, obtaining documentary or deposition discovery with respect to such activity may require execution of letters rogatory and satellite proceedings in one or more foreign countries.  Such overseas proceedings may require yet further time for the completion of discovery of the plaintiffs' claim of alleged counterfeiting

activity.

      I, JAMES W. DABNEY, hereby declare under penalty of perjury that the foregoing is

true and correct.

Dated:      November 6, 2007

                                   James W. Dabney

558851

4

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on the 6th day of November, 2007 I caused to be served on the following, by the method described below, true copies of the Second Declaration of James W. Dabney and Declaration of Rick Delie.

## HAND DELIVERY

Louis S. Ederer, Esq.
Alan C. Veronick
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff*

Dated: New York, New York
        November 6, 2007

_____
Jeffrey J. Bednar
Paralegal

558889