# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

COSTCO WHOLESALE CORPORATION,

                 Plaintiff,

    - against -

YVES SAINT LAURENT PARFUMS S.A.,
YSL BEAUTÉ INC., and QUALITY KING
DISTRIBUTORS, INC.,

                 Defendants.
------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 17 2007 ★
BROOKLYN OFFICE

ECF CASE

COMPLAINT

07 CV 4323

BIANCO, J.

ORENSTEIN, M.J.

       Plaintiff Costco Wholesale Corporation, by its attorneys, for its complaint in this action alleges:

## PARTIES AND JURISDICTION

       1.    Plaintiff Costco Wholesale Corporation ("Costco") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Issaquah, Washington.

       2.    On information and belief, defendant Yves Saint Laurent Parfums S.A. is a corporation organized and existing under the laws of France, having its principal place of business in Neuilly-Sur-Seine, France.

       3.    On information and belief, defendant YSL Beauté Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 685 Fifth Avenue, New York, New York 10022.

4. On information and belief, defendant Quality King Distributors, Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 2060 9th Avenue, Ronkonkoma, New York 11799.

5. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., the New York General Business Law, and the common law of the State of New York.

6. The Court has jurisdiction to hear this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1367(a), and 2201(a).

## CLAIM FOR RELIEF

7. Costco owns and operates a chain of COSTCO retail stores located throughout the United States. Costco markets and sells a wide variety of quality merchandise, including name brand merchandise, at reasonable prices. Costco's policy is to sell only genuine products that are truthfully marked as to their origin.

8. Prior to October 2, 2007, defendant Quality King Distributors, Inc. ("Quality King") sold and delivered to Costco, for the total cash sum of $87,500.00, approximately 2,500 units of a perfume product that Quality King represented and warranted was genuine OPIUM perfume (the "Product").

9. On October 2, 2007, defendants Yves Saint Laurent Parfums S.A. and YSL Beauté Inc. (collectively, the "YSL Defendants") demanded that Costco cease selling the Product, remove the Product from its store shelves, and provide various information to litigation counsel for YSL on the basis that the Product allegedly was "counterfeit."

10. Since October 2, 2007, the YSL Defendants have refused repeated requests that they provide Costco with whatever evidence the YSL Defendants may have had that led them to conclude that the Product was "counterfeit."

11. On October 10, 2007, Costco received a letter from litigation counsel for YSL that enclosed a proposed lawsuit complaint against Costco and twenty (20) co-defendants identified as "ABC Corporations 1-10" and "John Does 1-10" (the "Proposed Complaint").

12. In their Proposed Complaint, the YSL Defendants allege that, prior to October 2, 2007, "Costco was selling counterfeit OPIUM perfume" and that "ABC Corporations 1-10 and John Does 1-10 are manufacturing, importing, distributing, advertising, offering for sale and/or selling to Costco and others, counterfeit OPIUM perfume."

13. In their Proposed Complaint, the YSL Defendants further allege that Costco and others have made "unauthorized use" of "OPIUM Marks" and allegedly have diluted the distinctiveness of "OPIUM marks" under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. Law § 360-l.

14. Costco lacks knowledge or information sufficient to form a belief whether the YSL Defendants' allegations and claims in regard to the Product are well-grounded in fact or entitle either or both of the YSL Defendants to any relief.

15. On October 11, 2007, Costco initiated the removal of all Product from COSTCO retail store shelves and a cessation of all sales of the Product. Costco is holding all unsold Product in storage pending resolution of this action.

16. Defendant Quality King is liable to Costco for any costs and expenses, including reasonable attorneys' fees, that Costco may incur as a result of its purchase of the Product for resale, including any costs and expenses that Costco may incur in defending or settling claims made by the YSL Defendants, any costs and expenses that Costco may incur in complying with any orders or judgments directing Costco to pay monies to the YSL Defendants, and all costs and expenses that Costco has incurred or may hereafter incur in removing the Product from sale.

17. An actual controversy exists between Costco, the YSL Defendants, and Quality King over whether Costco's sale of the Product has infringed any rights of the YSL Defendants under the Lanham Act, 15 U.S.C. § 1051 et seq., the New York General Business Law, or the common law of the State of New York, and over whether Quality King's representations and warranties to Costco concerning the Product were accurate.

WHEREFORE, Costco prays that the Court:

(i) declare, adjudge, and decree whether Costco's sale of the Product has infringed any rights of the YSL Defendants under 15 U.S.C. § 1051 et seq., the New York General Business Law, or the common law of the State of New York;

(ii) declare, adjudge, and decree whether Quality King is liable to Costco for breach of representations and warranties that Quality King made to Costco concerning the Product;

(iii) declare, adjudge, and decree that Quality King is liable to reimburse Costco for all costs and expenses, including reasonable attorneys' fees, incurred in connection with investigating and defending the YSL Defendants' claims regarding the Product; and

(iv) award such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 17, 2007

                                      FRIED, FRANK, HARRIS, SHRIVER
                                          & JACOBSON LLP

                                        By: _____
                                                 James W. Dabney
                                                 Alexander T. Korn

                                        One New York Plaza
                                        New York, New York 10004-1980
                                        (212) 859-8000

                                        Attorneys for Plaintiff
                                        Costco Wholesale Corporation

557814