# EXHIBIT 6

Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant/Third Party Plaintiff
Quality King Distributors, Inc.,
and Additional Third Party Plaintiff
Quality King Fragrance, Inc.
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

EASTERN STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COSTCO WHOLESALE CORPORATION,

                Plaintiff,

       against -

YVES SAINT LAURENT PARFUMS S.A., YSL
BEAUTÉ INC., and QUALITY KING
DISTRIBUTORS, INC.,

                Defendants.
-------------------------------------------------------------x
QUALITY KING DISTRIBUTORS, INC.,

                Third Party Plaintiff,
                and

QUALITY KING FRAGRANCE, INC.,

                Additional Third
                Party Plaintiff,

       against -

J&H COSMETICS, LTD.,

                Third Party Defendant.
-------------------------------------------------------------x

07 CV 4333 (JFB) (MLO)

**THIRD PARTY COMPLAINT**

      Defendant/Third Party Plaintiff Quality King Distributors, Inc. ("QKD") and Additional Third Party Plaintiff Quality King Fragrance, Inc. ("QKF"), by and through their attorneys,

Edwards Angell Palmer & Dodge LLP, for their Third Party Complaint, state as follows upon personal knowledge as to themselves and their own acts and otherwise upon information and belief:

The Parties

1. QKD is a corporation organized under the laws of the State of New York with an office in Ronkonkoma, New York. QKD is engaged, inter alia, in the wholesale purchase and sale of health and beauty aids.

2. QKF is a corporation organized under the laws of the State of Delaware with an office in Ronkonkoma, New York. QKF is engaged, inter alia, in the wholesale purchase and sale of fragrances.

3. J&H Cosmetics, Ltd. ("J&H") is a corporation organized under the laws of the State of New York with an office in Woodbury, New York.

4. J&H is engaged, inter alia, in the wholesale purchase and sale of fragrances. J&H is a merchant as defined in applicable state law.

Jurisdiction

5. Personal jurisdiction is proper over J&H pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y. C.P.L.R. §§ 301 and 302.

6. The Court has jurisdiction pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331 and 1338, and principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

7. The claims set forth herein arise out of and are part of the same transaction or occurrences as alleged in the October 17, 2007 Complaint (the "Complaint") of plaintiff Costco Wholesale Corp. ("Costco"), and the determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that will result if QKF and/or QKD were required to defend Costco's claims, and then bring a separate action against J&H for, inter

alia, indemnification of any sum or sums which QKF and/or QKD may be compelled to pay as a result of any damages, judgment or other awards arising out of the transactions or occurrences which are the subject matter hereof.

Facts

8. Plaintiff Costco has filed the Complaint against QKD arising out of QKD's alleged sale to Costco of allegedly counterfeit Opium® perfume, which is a trademark of the YSL defendants.

9. The Complaint incorrectly names QKD as a defendant given that QKD never bought or sold any of the merchandise at issue in this lawsuit. However, to the extent QKD has any liability, it has claims over against J&H.

10. From time to time, QKF has purchased merchandise from J&H, including without limitation the Opium® brand perfume at issue in this lawsuit. QKF made these purchases pursuant to the terms of its standard form purchase order, which it transmitted to J&H.

11. By accepting these purchase orders and shipping the merchandise pursuant to these purchase orders, J&H agreed to be bound by their terms.

12. The purchase orders' terms include the promises, warranties and representations by J&H that the merchandise to be shipped "WAS OBTAINED BY SUPPLIER WITHOUT FRAUD, MISREPRESENTATION OR VIOLATION OF ANY STATUTE, REGULATION OR ADM COURT ORDER," "CAN LAWFULLY BE DISTRIBUTED IN THE U.S.A. IN ITS PRESENT FORM AND PACKAGING," and "IS NOT THE SUBJECT OF ANY LEGAL OR CONTRACTUAL RESTRICTION ON ITS RESALE BY SUPPLIER TO QUALITY KING FRAGRANCE INC."

13. To the extent that QKF has any liability, it has claims over against J&H.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

14. QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

15. J&H sold various quantities of Opium® perfume to QKF and/or QKD, which was thereafter sold to Costco. Costco has alleged that such merchandise was counterfeit. If true, J&H materially breached its express contractual warranties made in conjunction with those sales.

16. The goods were purchased in order to be resold in the ordinary course of its business.

17. As a result of J&H's alleged or potential breach of contract, QKF and/or QKD has received, and/or anticipates receiving, returns of these products from certain of its customers, has voluntarily agreed to refrain from selling the products pending a determination as to their genuiness, is facing possible liability to Costco and/or YSL, including the cost of defense and its own attorneys fees, and has been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Federal False Description and False Designation of Origin In Commerce)

18. QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

19. Assuming the allegations of the Complaint to be true, then J&H, in connection with the alleged counterfeit products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was likely to cause confusion or to cause mistake, or to deceive as to the approval of the goods at issue by their original manufacturer. Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(A).

20.  QKF and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

### THIRD CLAIM FOR RELIEF
(Federal False Advertising)

21.  QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

22.  Assuming the allegations of the Complaint to be true, then J&H, in connection with the sale of the alleged counterfeit products, used a word, term, name, symbol, or device or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of the alleged counterfeit products. Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(B). QKF and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

### FOURTH CLAIM FOR RELIEF
(Breach of Statutory Warranty)

23.  QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

24.  Based on the above-alleged conduct of J&H and assuming hypothetically that the allegations of the Complaint are accurate, J&H has materially breached the statutory warranties provided for in applicable state law, including but not limited to N.Y. U.C.C. §§ 2-312 and 2-314, that title to goods be good, that the transfer of the goods be rightful, that the goods be free of the rightful claim of any third party by way of infringement or the like, and that the goods possess the ability to pass without objection in the trade.

25. Accordingly, J&H is liable for all injuries to QKF and/or QKD that have proximately resulted from J&H's breach of warranty, including but not limited to, the purchase price, value of genuine goods, lost profits, costs, expenses and any potential liability and defense costs incurred by QKF or QKD arising from the purchase and sale of allegedly counterfeit Opium® perfume from J&H.

FIFTH CLAIM FOR RELIEF
(Equitable Indemnity)

26. QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

27. QKF and QKD are in no way responsible for the acts alleged in the Complaint or any claims asserted by any person or entity.

28. Upon information and belief, the alleged liability of QKD as set forth in the Complaint, if established, would be a direct and proximate result of the conduct of J&H.

29. Upon information and belief, any alleged liability of QKF, if established, would be a direct and proximate result of the conduct of J&H.

30. QKF and QKD are entitled to indemnification from J&H for any sums paid as a result of any damages, judgments or other awards recovered against them, and for all other loss or damage that QKF and/or QKD may sustain because of any claims asserted against them, including costs and attorney's fees incurred to date and any additional costs and expenses, including costs of investigation and reasonable attorney's fees.

31. The exact amount of QKF's and QKD's damages is not known at this time, and QKF and QKD seek leave to set forth the full amount of its damages pursuant to the pretrial procedures of this court and the Federal Rules of Civil Procedure.

## SIXTH CLAIM FOR RELIEF
(Equitable Contribution)

32. QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

33. QKF and QKD have denied any responsibility whatsoever with respect to the liability for damages allegedly incurred by Costco.

34. If it should be found that QKF and/or QKD are in some manner liable, then any damages awarded against them were proximately caused or contributed to by the conduct of J&H.

35. It is necessary that a prorated degree of negligence and/or fault, or other culpable conduct of third party defendant be determined and prorated so that QKF and QKD will not be required to pay more than their prorated share of any judgment or other award, if any, and to pay only according to the degree of negligence and/or fault attributed to QKF and/or QKD, if any.

## SEVENTH CLAIM FOR RELIEF
(Declaratory Judgment)

36. QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

37. An actual controversy exists between QKF and QKD on the one hand and J&H on the other hand in that QKF and QKD contend that if they are to be held liable to Costco or any other party, J&H is jointly and severally liable to QKF and QKD for indemnification and/or equitable contribution and the payment of QKF's and QKD's reasonable attorney's fees and costs incurred in defense of this action.

38. QKF and QKD request a declaratory judgment that J&H is required to pay the costs of defense as incurred by QKF and QKD in connection with Costco's claims and any other claims brought against it and to further provide for indemnification and/or equitable contribution

- 7 -

in connection with any liability that may be adjudged against QKF and/or QKD. Such a determination is appropriate and necessary in that QKF and QKD have no adequate or speedy remedy at law and the request of such a judicial determination will avoid a multiplicity of suits, resulting in judicial economy and furtherance of the interest of justice.

### EIGHTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

39. QKF and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

40. Based on the allegations made against QKD and assuming them to be true as against either QKD or QKF, the above-alleged conduct, including J&H's alleged "palming off" of alleged counterfeit merchandise as genuine products, and alleged encouraging or permitting others to palm-off alleged counterfeit product for genuine, constitutes unfair competition under applicable common law.

41. QKF and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

### DEMAND FOR RELIEF

WHEREFORE, QKD and QKF demand that the Court enter judgment in their favor dismissing the Complaint in its entirety and/or request judgment on this Third Party Complaint against J&H as follows:

A) Awarding damages in three times the amount of QKD's and QKF's actual damages incurred by reason of the facts and occurrences alleged herein;

B) Awarding compensatory damages;

C) Awarding punitive damages;

D)    Declaring that J&H have duties of defense, indemnification, contribution and to hold QKF and QKD free and harmless from any and all cost, expense or liability in connection with any claim against them arising out of the transactions or occurrences which are the subject matter hereof;

E)    Declaring that J&H pay the costs of defense of this action (and any related actions) as incurred by QKD and/or QKF; and

F)    Awarding QKD and QKF such other and further relief to which they may be entitled in law and equity, including recovery of their costs and attorney's fees.

Dated: New York, NY
       November 5, 2007

*Andre K. Cizmarik*
Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant/Third Party Plaintiff
Quality King Distributors, Inc. and Additional Third
Party Plaintiff Quality King Fragrance, Inc.
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

284768/v.3