UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

YVES SAINT LAURENT PARFUMS S.A. and YSL
BEAUTÉ INC,

                       Plaintiffs,

             - against -

COSTCO WHOLESALE CORPORATION,

                       Defendant.

----------------------------------------------------------------x

ECF CASE

07 Civ. 3214 (LBS)

## DECLARATION OF RICK DELIE

1. My name is Rick Delie. My business address is 999 Lake Drive, Issaquah, Washington, 98027. I am Vice President and General Merchandising Manager of Costco Wholesale Corporation ("Costco"). I have personal knowledge of the matters stated in this Declaration.

2. On or about October 2, 2007, Costco received a letter from counsel for the plaintiffs in this action, in which it was alleged that certain OPIUM product that had been purchased in a Florida COSTCO store allegedly was "counterfeit." Costco acted immediately to investigate the claim.

3. On October 11, 2007, as a precaution, Costco instructed the managers of all COSTCO retail stores in the United States to remove all OPIUM products from store shelves and to ship all such product to a designated location in California. I believe that all OPIUM-branded products in Costco's possession that are the subject of this action have been withdrawn from COSTCO retail store shelves.

4. I am unaware of any complaints that Costco has received from any purchaser of the OPIUM perfume product that Costco formerly offered for sale.

5. I understand that the plaintiffs have requested that the Court issue a "preliminary injunction" directing Costco to send recall notices to persons who purchased allegedly "counterfeit" OPIUM perfume product in COSTCO stores. I believe that such notices would cause irreparable harm to Costco's business and reputation. Costco's business rests in significant part on the trust and confidence of its customers. I am advised that it may be months or years before the merits of the plaintiffs' allegations regarding "counterfeit" OPIUM product are resolved. A notice to customers sent now, informing them of a disputed allegation of "counterfeiting," will in my view create a lasting negative impression that no subsequent monetary award could adequately or accurately compensate for and no subsequent corrective notice would adequately undo. I do not believe that any preliminary injunction bond could provide Costco with meaningful compensation for injuries that would flow from an improvident grant of the type of injunctive order the plaintiffs seek.

I, RICK DELIE, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: November 6, 2007

_____

RICK DELIE

558855

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on the 6th day of November, 2007 I caused to be served on the following, by the method described below, true copies of the Second Declaration of James W. Dabney and Declaration of Rick Delie.

**HAND DELIVERY**

Louis S. Ederer, Esq.
Alan C. Veronick
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff*


Dated: New York, New York
        November 6, 2007

_____
Jeffrey J. Bednar
Paralegal

558889