**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004-1980
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com




Direct Line: 212.859.8966
Fax: 212.859.4000
James.Dabney@friedfrank.com

November 6, 2007

**BY FEDERAL EXPRESS**

The Honorable Henry B. Pitman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
United States District Court for
the Southern District of New York
500 Pearl St., Room 750
New York, NY 10007

CONFIDENTIAL - OUTSIDE
ATTORNEYS' EYES ONLY

Re: Yves Saint Laurent Parfums, S.A. v. Costco Wholesale Corp.
Civil Action No. 07 Civ. 3214

Dear Judge Pitman:

    This office represents defendant Costco Wholesale Corporation ("Costco") in the above-entitled matter.

    Pursuant to local Civil Rule 37.2, we are writing to request Your Honor's assistance in enforcing the Protective Order in this action.

    Yesterday, we learned that the plaintiffs had taken Costco information designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," placed it in public documents bearing no confidentiality legends whatsoever (*see* Exhibits 1-2 hereto), and given the documents to one or more individuals who are not employed by Arnold & Porter LLP and who are not themselves subject to the Protective Order or under any restriction as to the re-publication of the information whose confidentiality is in no way indicated on the face of the documents.

    We have written to the plaintiffs objecting to this blatant violation of the Protective Order, but the plaintiffs have refused to take any steps to preserve the confidentiality of Exhibits 1 and 2 hereto or to retrieve them from individuals who are not authorized to receive Costco trade secret information under the Protective Order. The Protective Order does not exclude process servers, local counsels, or third-party

Fried, Frank, Harris, Shriver & Jacobson LLP

The Honorable Henry B. Pitman					November 6, 2007
									Page 2

agents or employees from those who are precluded from receiving Costco trade secret information without Costco's consent or the Court's approval. Clearly, in order to preserve the confidentiality of Costco supplier identities, a protocol needs to be established for secure communications with third-party entities.

Moreover, since the Court's September 25 Order compelling disclosure of Costco supply sources, an expanded record now shows that the Order was procured by improper means. On November 5, 2007, the plaintiffs admitted to the existence of a "coding system" that permits them to identify the origin of YSL-branded products from codes appearing on YSL-branded products. See Declaration of Frank Bommelaer ¶ 6, annexed hereto as Exhibit 3. Plaintiffs formerly asserted that the only way they could ascertain the origin of the subject products was to work backwards from Costco supply sources. The record now shows that these plaintiffs have at all times been fully able to determine the "first seller" of the subject goods without reference to Costco supplier identities.

Under the circumstances, Costco respectfully requests a reconsideration of the Court's September 25 Order compelling disclosure of Costco supplier information and a hearing to enforce the Protective Order against the plaintiffs' disclosure of Costco trade secret information to unqualified third-party individuals.

Respectfully yours,

*/s/ James W. Dabney*

James W. Dabney

Enclosures

cc: Louis S. Ederer, Esq.

558898

*Handwritten order:* APPLICATION DENIED. NO VIOLATION OF THE PROTECTIVE ORDER HAS BEEN DEMONSTRATED. THE MOTION FOR RECONSIDERATION IS UNTIMELY & APPEARS ~~[stricken]~~ BASELESS BECAUSE BOMMELEAR'S DECLARATION IS NOT DIRECTED AT MASCARA OR LIPSTICK PRODUCTS.

**SO ORDERED**

*/s/ Henry Pitman*

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
11-7-07