```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
YVES SAINT LAURENT                  :
PARFUMS, S.A., et al.,
                                    :
                Plaintiffs,             07 Civ. 3214 (LBS)(HBP)
                                    :
     -against-                          MEMORANDUM OPINION
                                    :   AND ORDER
COSTCO WHOLESALE CORPORATION,
                                    :
                Defendant.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By letter dated October 9, 2007, plaintiffs move for leave to file a second amended complaint adding claims against defendant, ten "John Doe" Corporations and ten individual "John Does" arising out of defendant's sale of allegedly counterfeit OPIUM fragrance products. For the reasons set forth below, plaintiffs' motion is granted in all respects.

II. Facts

This is a trademark infringement action. In the amended complaint that is currently before the court, plaintiffs allege that defendant is selling lipstick and mascara that bear plaintiffs' trademarks but is not authorized by plaintiff. As drafted, the amended complaint is broad enough to include theo-

ries that these products are counterfeit, grey goods, unauthorized over-run goods or defective goods introduced into the marketplace by an unscrupulous supplier. Plaintiffs allege claims for trademark infringement, trade dress infringement, false designation of origin, dilution, unfair competition and violation of various sections of New York's General Business Law.

By letter dated October 9, 2007, plaintiff sought to file its amended complaint which, adds "John Doe" corporate and individual defendants, and claims based on defendant's alleged sale of fragrance products bearing counterfeit copies of plaintiff's OPIUM trademark.

While plaintiffs' application to file a second amended complaint was pending, and prior to submitting its opposition to that application, defendant commenced an action in the United States District Court for the Eastern District of New York against plaintiffs and Quality King Distributors, Inc. ("Quality King"), the alleged supplier of the OPIUM products in issue. <u>Costco Wholesale Corp. v. Yves Saint Laurent Parfums S.A.</u>, 07 CV 4333 (E.D.N.Y.) (the "Eastern District Action"). In the Eastern District Action, defendant alleges that it has no idea whether the OPIUM products in dispute are genuine or counterfeit[1] and

---

[1]Specifically, defendant alleges in the Eastern District Action that it "lacks knowledge or information sufficient to form a belief whether the YSL Defendants allegations and claims in the regard to the [OPIUM products in dispute] are well-grounded in
(continued...)

2

seeks a declaration concerning whether its sale of the OPIUM products infringes any on plaintiffs' trademark or trademark-related rights and a declaration that Quality King is obligated to indemnify it for any expenses it incurs in connection with plaintiffs' claim that the OPIUM fragrance products are counterfeit.

III. <u>Analysis</u>

The standards applicable to a motion to amend a pleading are well settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. Fed.R.Civ.P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>McCarthy v. Dunn & Bradstreet Corp.</u>, 482 F.3d 184, 200-01 (2d Cir. 2007); <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co.</u>, 404 F.3d 566, 603-04 (2d Cir. 2005); <u>Dluhos v. Floating & Abandoned Vessel, Known as "New York"</u>, 162 F.3d 63, 69 (2d Cir. 1998); <u>Gumer v. Shearson, Hamill & Co.</u>, 516 F.2d 283, 287 (2d Cir. 1974); <u>Aniero Concrete Co. v. New York City Constr. Auth.</u>, 94 Civ. 9111 (CSH), 1998 WL 148324 at *7 (S.D.N.Y. Mar. 30, 1998), aff'd <u>sub</u> <u>nom.</u>, <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co.</u>, 404 F.3d 566 (2d Cir. 2005). "Nonetheless, the Court may deny leave

---

[1](...continued)
fact or entitle either or both of the YSL Defendants to any relief" (Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint, dated October 24, 2007, Ex. 2, ¶ 14).

if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997); see McCarthy v. Dunn & Bradstreet Corp., supra, 482 F.3d at 200; Ellis v. Chao, 336 F.3d 114, 126-27 (2d Cir. 2003); Montefiore Med. Ctr. v. Am. Prot. Ins. Co., 00 Civ. 3235 (LTS), 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003); Am. Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 187-88 (S.D.N.Y. 1997).

The Court of Appeals has repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998); Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998). "However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'" McCarthy v. Dunn & Bradstreet Corp., supra, 482 F.3d at 200-01, quoting Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

Defendant opposes the motion to amend on two grounds -- untimeliness and the fact that the same claims are pending in the Eastern District action. Neither argument is persuasive.

Although the deadline for motions to amend the complaint was originally set at July 16, 2007, it was subsequently

extended by 90 days in Judge Sand's Order dated October 16, 2007 (Docket Item 19). Thus, the motion to amend, served on October 9, 2007 is timely.

As to the pendency of the Eastern District Action, it appears that the Eastern District Action is nothing but a gambit to fragment the litigation and make it more burdensome for plaintiffs. First, defendant did not commence the Eastern District Action until after plaintiffs had expressed their intention to amend the complaint in this action to include the OPIUM-based claims. Accordingly, it appears that the commencement of the Eastern District Action was purely a reaction to plaintiff's expressed intention of adding the OPIUM-based claims to his action.

Second, to the extent defendant alleges that the Eastern District Action is appropriate because Quality King is not subject to jurisdiction in this District and could not be brought in as a third-party defendant, its argument is frivolous. Defendant alleges in the Eastern District Action that Quality King is a New York corporation. Thus, there can be no question it is subject to personal jurisdiction in this Court. In addition, since subject matter jurisdiction is based, at least in part, on the existence of federal questions, and defendant

5

operates stores in this District,[2] venue is proper in this District as to all defendants that are subject to personal jurisdiction in New York. 28 U.S.C. § 1391(b), (c).

Third, the interests of economy weigh in favor of all claims being litigated in this District. Counsel for plaintiff and defendant are both located in Manhattan. The Eastern District Action is assigned to the Islip Courthouse, which is approximately 50 miles east of Manhattan. Assuming that counsel for both sides charge several hundred dollars per hour, denying the motion to amend on the theory that the proposed new claims should be litigated in the Eastern District would literally result in both sides incurring several thousand dollars in added cost to compensate counsel for their travel time.

Fourth, although the addition of new claims may result in additional discovery and may delay the ultimate resolution of the parties' dispute, defendant does not explain how, if at all, it will be prejudiced by that delay. The cost of the additional discovery will be the same whether is conducted in this District or the Eastern District.

Finally, even though the proposed second amended complaint adds claims based on products that were not previously

---

[2]According, to its website, defendant operates three stores in Westchester County. See http://www.costco.com/Warehouse/locator.aspx?cm_re=1_en-_-Top_Right_Nav1-_-Top_locations&topnav=&whse=BC&lang=en-US (visited November 7, 2007).

at issue, there is still a substantial amount of overlap between the claims originally asserted and the claims plaintiffs now seek to add. Both sets of claims involve some of the same trademarks. To the extent dilution is alleged, both sets of claims will involve inquiry concerning whether the trademarks are famous and distinctive. The legal issues will be the same. To the extent intentional misconduct is alleged, the conduct alleged in the Eastern District Action would probably be admissible in this action (and vice versa) as similar act evidence to prove intent whether or not the motion to amend were granted. Given this overlap, denying the motion to amend in favor of the Eastern District Action would result in needless duplication of effort by the District Judges assigned to this action and the Eastern District Action.

IV. Conclusion

There is simply no reason why the disputes between the parties should be litigated in both this District and the Eastern District. It clearly makes more sense for all claims to be

litigated in one District.  Accordingly, plaintiffs' motion to amend the complaint is granted in all respects.

Dated:  New York, New York
        November 7, 2007

SO ORDERED

*(signature)*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Louis S. Ederer, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York  10022-4690

James W. Dabney, Esq.
Fried, Frank, Harris,
    Shriver & Jacobson LLP
One New York Plaza
New York, New York  10004-1980