USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11-9-07

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
YVES SAINT LAURENT                  :
PARFUMS, S.A., et al.,
                                    :
               Plaintiffs,              07 Civ. 3214 (LBS)(HBP)
                                    :
     -against-                          MEMORANDUM OPINION
                                    :   AND ORDER
COSTCO WHOLESALE CORPORATION,
                                    :
               Defendant.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I have reviewed the correspondence submitted by plaintiffs following the conference held in this matter on October 22, 2007 and conclude that, although these letters provide a substantial amount of information, they do not entirely eliminate the need for a deposition concerning plaintiffs' search for documents responsive to defendant's request. For example, although the letters state that computer terminals were searched, they do not explain whether they were searched electronically using search terms or whether the content of each document on each device's hard drive was individually reviewed for responsiveness.

However, I am also mindful of the fact that given the nature of plaintiffs' claims here, there may not be a substantial volume of responsive documents. Thus, although I conclude that plaintiffs has not shown there is no need for a deposition

concerning their document production, it may not need to be a seven-hour deposition.

Accordingly, I conclude that the 30(b)(6) deposition sought by defendant should proceed. Plaintiffs are directed to produce a witness or witnesses responsive to defendant's 30(b)(6) notice on a mutually convenient date, said date to be no later than November 27, 2007. In addition, in order to enable plaintiffs' 30(b)(6) witness to be as prepared as possible, defendant should, to the extent possible, supplement its 30(b)(6) notice to provide as much detail as possible about the information defendant is seeking. Although a party producing a 30(b)(6) witness must properly prepare that witness, the preparation required is, to some extent, a function of the detail provided in the notice. Broadly-worded descriptions of topics may not give rise to an obligation to prepare a 30(b)(6) witness with all the specific, narrow details concerning those topics. The topics identified in the notice must put the plaintiffs on reasonable notice of the specific information sought.[1]

---

[1] I have, unfortunately, seen 30(b)(6) depositions abused in misguided attempts to fabricate discovery disputes. I am hopeful that will not be the case here.

In addition, no later than November 27, 2007, plaintiffs shall remit to defendant's counsel the sum of $150.00 for the reasons stated at the October 22, 2007 conference.

Dated:  New York, New York
        November 9, 2007

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Louis S. Ederer, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York  10022-4690

James W. Dabney, Esq.
Fried, Frank, Harris,
    Shriver & Jacobson LLP
One New York Plaza
New York, New York  10004-1980