

# SOMER & HELLER LLP
### ATTORNEYS AT LAW

2171 Jericho Turnpike, Suite 350, Commack, New York 11725 • (631) 462-2323

STANLEY J. SOMER  
JEFFREY T. HELLER ++

MELISSA CORWIN *

+ ALSO ADMITTED IN FLORIDA  
* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL  
MICHAEL C. MARCUS

November 12, 2007

Honorable Leonard B. Sand  
USDC, Southern District  
500 Pearl Street, Room 1650  
New York, NY 10007

  Re: Yves Saint Laurent v. Costco Wholesale Corp.  
    07 cv 3214 (LBS)

Dear Judge Sand:

Please be advised the undersigned represents J&H Cosmetics LTD. (hereinafter "J&H"). Upon information and belief, there is a case pending before Your Honor; Yves Saint Laurent v. Costco Wholesale Corp., Index No. 07 cv 3124 (LBS). I write herewith in reference to the correspondence of Louis S. Ederer of Arnold & Porter to Your Honor dated November 7, 2007.

First, I am very troubled in that said correspondence states in its second paragraph that J&H is "...one of the prospective defendants". I have received via email Declarations by Plaintiffs' counsel and, upon information and belief, Plaintiffs' officers which caption names Costco Wholesale Corp. as the sole Defendant.

The undersigned also received via email an Order to Show Cause which names three Defendants in the caption, including J&H. The undersigned has not been served nor has J&H been served with any complaint or other documents in connection with this action except for certain documents received by the undersigned via email as aforesaid. The undersigned has not authorized Arnold & Porter to serve J&H by service upon the undersigned via email.

The court should be advised that the undersigned did receive a telephone call from counsel for Quality King Distributors, Inc. inquiring about service upon J&H, and the undersigned agreed to accept service of papers for J&H. However, to date, the undersigned has failed to receive any papers.

Mr. Ederer's letter states that J&H is an importer of "counterfeit" products. Interestingly, the undersigned always believed it is a judge or jury that is a fact finder under our system of jurisprudence. It appears Mr. Ederer seeks to bypass the system. Moreover, Mr. Ederer states that J&H "...is not interested in cooperating with plaintiffs or providing any information as to the source of these goods". To the contrary, in a letter, a copy of which is attached to Mr. Ederer's letter and again attached herewith, the undersigned stated that:

> J&H remains ready and willing to stand behind any of its sales, and if any sales are "counterfeit" or otherwise bad product, J&H shall accept the return of same and reasonably cooperate in establishing its origin.
>
> Accordingly, J&H will stand behind its product sales and take all necessary prudent action regarding same.

What in my correspondence would lead any reasonable person to conclude that J&H would not cooperate in providing information with respect to the alleged "counterfeit" goods?

For this Court's review is correspondence from Arnold & Porter dated October 23, 2007 and October 30, 2007 which makes it clear that Mr. Ederer seeks to review all of my client's corporate records for 3 years, all as a result of one alleged sale of "counterfeit" products. It is a fishing expedition of J&H's corporate records, based upon mere allegations of unknown sources, that J&H opposes.

Nevertheless, it is my understanding that there may be an action pending against J&H including cross claims which the undersigned has not received service of. Accordingly, again, the undersigned is troubled in having to draft this correspondence. Nevertheless, upon service of papers in connection with any lawsuit against J&H, the undersigned is ready, will and able to address same at the appropriate time. Should this Court Desire additional information or to make comments regarding J&H, please call.

              Respectfully,

              SOMER & HELLER, LLP.


              JEFFREY T. HELLER, ESQ.

JTH/cl
Encs.

cc:  Jerry Schmeltzer

F:\DOCS\CIVIL\SCHMELTZER\Yves Saint Laurent\Sand.11.12.07

# ARNOLD & PORTER LLP

Louis S. Ederer
Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 23, 2007

**BY FEDEX**

J & H Cosmetics Ltd.
260 Jericho Turnpike
Westbury, New York 11590

Re: Counterfeit OPIUM Products

Dear Sirs:

We represent Yves Saint Laurent Parfums S.A. and its U.S. affiliate, YSL Beauté Inc. (collectively "YSL"), the producer and importer, respectively, of world famous YVES SAINT LAURENT cosmetic and beauty products. Among the highly popular and successful products produced and sold by YSL is the fragrance product sold under the OPIUM trademark. YSL's YVES SAINT LAURENT and OPIUM trademarks are famous and signify goodwill of incalculable value.

It has come to YSL's attention that your company is marketing and selling OPIUM products that are counterfeit (the "Counterfeit Opium Products"). Specifically, YSL has learned that you sold the Counterfeit Opium Products to Quality King Distributors, Inc. You may well, also, have sold these goods to other customers.

Your actions in offering for sale and selling the Counterfeit Opium Products constitute trademark counterfeiting under the laws of the United States and, as such, subject you to liability to YSL for civil seizure, an award of profits and damages, including statutory damages, and attorneys' fees. Accordingly, YSL demands that you immediately do the following:

(i) cease and desist from any further manufacturing, importing, advertising, offering for sale and/or sale of the Counterfeit Opium Products;

(ii) account to YSL for all sales you have made of the Counterfeit Opium Products, and the profits you have realized from such sales;

(iii) provide YSL with a complete list of all third parties, both within and outside the United States, to which your company has sold the goods in question, and all paperwork evidencing those sales;

(iv) provide YSL with the identity of each supplier of the goods in question, both within and outside the United States, and all paperwork reflecting your company's purchases of the

# ARNOLD & PORTER LLP

Counterfeit Opium Products, or any other YSL products, from each supplier. In this regard, we ask that you disclose to us not just the particular purchase(s) that you believe to have resulted in the shipments of the Counterfeit Opium Products, but all purchases from each identified supplier in the last three years; and

(v) provide any other information you may have as to the ultimate source of the Counterfeit Opium Products, and any other purchaser or seller of these products in the chain of distribution;

(vi) provide YSL with a list of all purchases, both within and outside the United States, by your company of OPIUM products or other YSL products in the last twelve months, and the supporting paperwork for each of those purchases, as well as physical samples of all YSL products from any these other purchases;

(vii) provide YSL with an accounting of all inventory you hold of any OPIUM products, and any other YSL products, including documents sufficient to substantiate such remaining inventory; and

(viii) continue to hold in inventory all OPIUM and other YSL products.

We require your favorable written response no later than the close of business on October 25, 2007. If we do not receive a satisfactory response, our client will take all measures necessary to enforce its valuable trademark rights. Nothing in this letter should be construed as a waiver, relinquishment or election of rights or remedies by YSL. We expressly reserve all rights and remedies under all applicable federal and state laws.

Please direct any response to this letter to the undersigned.

Yours very truly,

ARNOLD & PORTER LLP

By: _____
Louis S. Ederer

cc:  Yves Saint Laurent Parfums S.A.
     YSL Beauté Inc.

# ARNOLD & PORTER LLP

Louis S. Ederer
Louis.Ederer@aporter.com
212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 30, 2007

**VIA FEDEX**
J & H Cosmetics Ltd
260 Jericho Turnpike
Westbury, New York 11590

Re: Yves Saint Laurent v. Costco Wholesale Corp., 07 cv 3214 (CBS)

Dear Sirs:

We are writing to follow up on our letter of October 25, 2007 concerning your company's sale of counterfeit OPIUM perfume. To date, you have not responded to our letter.

We have now been advised, based on further testing, that the counterfeit OPIUM perfume sold by your company contains cinnamal, a known allergen which is not an ingredient in genuine OPIUM perfume, and which is not on the ingredient list of the counterfeit OPIUM packaging. This ingredient can cause allergic reactions to unsuspecting consumers.

Accordingly, in view of the potential harm to consumers of the counterfeit OPIUM perfume, we reiterate the demands set out in our October 25, 2007 letter, and call for your immediate favorable reply. If we do not hear from you by noon on Wednesday, October 31, 2007, our clients will take whatever action they believe is appropriate to address the situation.

Very truly yours,

ARNOLD & PORTER LLP

By: _____
Louis S. Ederer