Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399
*Attorneys for Plaintiffs Yves Saint Laurent Parfums S.A. and*
*YSL Beauté Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

|  |  |
|---|---|
| YVES SAINT LAURENT PARFUMS S.A. and YSL BEAUTÉ INC., | Civil Action No. 07 Civ. 3214 (LBS) |
| Plaintiffs, |  |
| - against - | **SECOND AMENDED COMPLAINT** |
| COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC., and J & H COSMETICS LTD., |  |
| Defendants. |  |

--------------------------------------------------------------- x

Plaintiffs Yves Saint Laurent Parfums S.A. ("YSL Parfums") and YSL Beauté Inc.

("YSL Beauté") (sometimes collectively referred to as "YSL"), by their attorneys Arnold &

Porter LLP, complain and allege against defendants Costco Wholesale Corporation ("Costco"),

Quality King Distributors, Inc. ("Quality King") and J & H Cosmetics Ltd. ("J&H") (collectively

"Defendants") as follows:

## NATURE OF ACTION

1.        In this complaint, YSL seeks injunctive relief and damages pursuant to Sections

32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c); Sections 349 and

360-l of the New York General Business Law; and the common law of the State of New York.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Upon information and belief, Defendants are registered to do business, and are doing business in the State of New York and in this judicial district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Yves Saint Laurent Parfums S.A. is a French corporation with a principal place of business located at 28-34, Boulevard Du Parc 92200 Neuilly-Sur-Seine, France.  YSL Parfums is the producer and brand owner of the world famous YVES SAINT LAURENT line of cosmetic, fragrance and beauty products.

5.      Plaintiff YSL Beauté Inc. is a New York corporation with a principal place of business located at 685 5th Avenue, New York, New York 10022.  YSL Beauté is the exclusive U.S. importer and distributor of the world famous YVES SAINT LAURENT line of cosmetic, fragrance and beauty products.

6.      Upon information and belief, Defendant Costco Wholesale Corporation is a corporation organized and existing under the laws of the State of California, having its principal place of business at 999 Lake Drive, Issaquah, Washington 98027.  Costco maintains several locations for the conduct of business in this judicial district.

7.      Upon information and belief, Defendant Quality King Distributors, Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 2060 Ninth Avenue, Ronkonkoma, New York 11779.

8.    Upon information and belief, Defendant J & H Cosmetics Ltd. is a corporation organized and existing under the laws of the State of New York, having an address for service of process at 58 Eagle Chase, Woodbury, New York 11797.

## YSL PARFUMS' VALUABLE TRADEMARKS

9.    YSL Parfums is the owner of all rights in and to numerous trademarks in the United States, which trademarks have come to be well known and to symbolize the company's high quality, luxury product lines.

10.    Among the trademarks owned by YSL Parfums are the world famous YSL Design mark, the YVES SAINT LAURENT word mark (collectively referred to as the "YSL Marks") and the world famous OPIUM word mark and package design mark (the "OPIUM Marks"). The YSL and OPIUM Marks are the subject of the following registrations, among others, on the Principal Register in the United States Patent and Trademark Office:

| Mark | Reg. # | Reg. Date | Wares/Services |
|---|---|---|---|
| | 1,746,720 | 1/19/1993 | Cosmetics |
| YVES SAINT LAURENT | 853,369<br>2,172,541 | 7/23/1968<br>7/14/1998 | Perfume<br>Cosmetics |
| OPIUM | 1,082,145 | 1/17/1978 | Perfume |
| | 3,041,860 | 1/10/2006 | Perfume |

Copies of the trademark registrations for the YSL and OPIUM Marks are attached hereto as Exhibit A.

11.     The registrations for the YSL Marks and the OPIUM Marks are in full force and effect. The registrations for the YSL Marks and for the OPIUM word mark (registration number 1,082,145) have become incontestable pursuant to 15 U.S.C. § 1065.

12.     YSL has used the YSL Marks and the OPIUM Marks for many years on and in connection with the sale of high quality products, including cosmetic, fragrance and beauty products.

13.     YSL has expended substantial time, money and other resources in developing, advertising and promoting cosmetic and beauty products bearing the YSL Marks and the OPIUM Marks, and in the presentation of such products to consumers at the point of sale. As a result of these efforts, consumers readily identify merchandise bearing the YSL Marks and the OPIUM Marks as being of the highest quality and as emanating from and being sponsored and approved by YSL Parfums.

14.     The YSL Marks and the OPIUM Marks constitute famous marks under 15 U.S.C. § 1125(c)(1).

15.     Three of the cosmetic and beauty products sold by YSL are its Mascara Volume Effet Faux Cils product (the "Mascara Product"), its Touche Brillance lip care product (the "Lip Care Product") and its OPIUM natural spray perfume product (the "OPIUM Perfume").

16.     In accordance with United States Food and Drug Administration regulations, YSL sells its products, including the Mascara Product, in the United States with an ingredient declaration on the packaging therefor, which ingredient declaration is accessible to the consumer at the point-of-sale.

17.     YSL sells its line of cosmetic, fragrance and beauty products, including products bearing the YSL Marks and the OPIUM Marks, only in company-owned stores, in select duty-free boutiques, and in certain high-end department and specialty stores, including Bloomingdales, Neiman Marcus and Saks Fifth Avenue. YSL does not sell such products to off-price retail chains such as Defendant.

18.     In addition to the YSL Marks and the OPIUM Marks, YSL Parfums is also the owner of trade dress rights in its unique and distinctive gold and copper color combination used on packaging for certain of YSL's cosmetic and beauty products, including the Mascara Product (the "YSL Trade Dress"). Photographs of the packaging for the Mascara Product are attached hereto as Exhibit B. The YSL Trade Dress has come to identify YSL as the source of the products bearing such trade dress, and signifies goodwill of substantial value.

19.     The YSL Trade Dress is inherently distinctive. In addition, the YSL Trade Dress has acquired distinctiveness as a result of uninterrupted promotion and sale of products bearing such trade dress, and accordingly has acquired secondary meaning as an indicator of YSL Parfums as the exclusive source of products bearing the YSL Trade Dress.

20.     The YSL Trade Dress is non-functional.

## DEFENDANTS' INFRINGING CONDUCT

21.     YSL has recently discovered that Costco is importing, distributing, advertising, offering for sale and/or selling, in its store locations throughout the United States, repackaged YVES SAINT LAURENT cosmetic and beauty products bearing the YSL marks, including YSL's Mascara and Lip Care Products (respectively, the "Unauthorized Lip Care Product" and the "Unauthorized Mascara Products", and collectively the "Unauthorized Products"). Costco is not an authorized purchaser or reseller of YSL cosmetic and beauty products, and has purchased

such products through unauthorized channels of distribution. Photographs of the Unauthorized Lip Care Product are attached hereto as Exhibit C, and photographs of the Unauthorized Mascara Products are attached hereto as Exhibits D and E, respectively.

22.    Although Costco has placed notices on the packaging for the Unauthorized Products indicating that the products are repackaged, such notices are not readily visible at the point of sale. Accordingly, Costco has failed to adequately inform the consumer that the Unauthorized Products are repackaged.

23.    The manner in which Costco is marketing, promoting, offering for sale and/or selling the Unauthorized Products fails to comply with YSL's quality control standards. For example, Costco's packaging for the Unauthorized Products is of poor quality and is not aesthetically pleasing, and is not in keeping with the carefully guarded image and reputation of YSL cosmetic and beauty products as high-end, high-quality products.

24.    Further, the manner in which Costco has packaged and is selling the Unauthorized Products is misleading, in that it appears to consumers that they are purchasing two units of the YSL product contained therein rather than just one unit.

25.    Costco has repackaged and sold the Unauthorized Mascara Product shown in Exhibit D in packaging that is based upon and is confusingly similar to the distinctive and well-known gold and copper color combination that is used on authorized packaging for the same product, in a deliberate effort to deceive consumers into believing that Costco's packaging was made or authorized by YSL Parfums, and that the product is being sold in its original packaging.

26.    Moreover, Costco's packaging for the Unauthorized Mascara Product shown in Exhibit D conceals from the consumer at the point of sale the ingredient listing appearing on the

original packaging therefor and, accordingly, is in violation of United States Food and Drug Administration regulations, thereby exposing YSL to liability.

27.      Upon information and belief, in or about late September 2007, YSL discovered that Costco was offering for sale and selling, in its store locations throughout the United States, counterfeit OPIUM Perfume.  A photograph of Costco's counterfeit OPIUM Perfume product is attached hereto as Exhibit F.

28.      Upon learning that Costco was selling counterfeit OPIUM Perfume, YSL contacted Costco and demanded that it immediately stop offering for sale and selling the counterfeit OPIUM Perfume.

29.      Upon information and belief, Costco obtained the counterfeit OPIUM Perfume from Quality King, which, in turn, obtained the counterfeit OPIUM Perfume from J&H.

30.      Thereafter, YSL contacted Quality King and J&H and demanded that they immediately stop offering for sale and selling the counterfeit OPIUM Perfume as well.

31.      Further, YSL has demanded that Costco take steps to inform the purchasers of the counterfeit OPIUM Perfume that such product is counterfeit and to allow such purchasers to return the counterfeit OPIUM Perfume to Costco or to YSL.  In addition, YSL has demanded that Quality King and J&H provide YSL with the names of all parties to which they sold the counterfeit OPIUM Perfume, so that YSL could contact such parties.  YSL has further informed all Defendants that the counterfeit OPIUM Perfume contains an ingredient not found in genuine OPIUM Perfume, which may be harmful to consumers.  Notwithstanding such notice, Defendants have refused to accede to YSL's demands.

32.    The aforesaid acts of Defendants were willful and intentional, in that Defendants either knew that the OPIUM Perfume bore counterfeit and/or unauthorized reproductions, copies, or colorable imitations of the YSL Marks and the OPIUM Marks, or willfully ignored such fact.

33.    The conduct as aforesaid constitutes trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin, and false advertising under Section 43(a) of the Lanham Trademark Act, dilution of the famous YSL Marks and the OPIUM Marks, and unfair competition and false and deceptive trade practices under state and common law. Further, upon information and belief, such conduct on the part of Defendants was willful and intentional.

## FIRST CLAIM FOR RELIEF BY YSL PARFUMS AGAINST ALL DEFENDANTS TRADEMARK COUNTERFEITING UNDER UNDER 15 U.S.C. § 1114

34.    YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 33 above.

35.    Defendants, without authorization, have used spurious designations that are identical with, or substantially indistinguishable from the YSL Marks and the OPIUM Marks in connection with their importation, distribution, advertising, promotion, marketing, sale and/or offering for sale of counterfeit OPIUM Perfume.

36.    Defendants' unauthorized use of the YSL Marks and the OPIUM Marks on and in connection with the distribution and sale of counterfeit goods constitutes Defendants' use of YSL's registered trademarks in commerce.

37.    Defendants' unauthorized use of the YSL Marks and the OPIUM Marks is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants' products are genuine, authorized, sponsored or approved by YSL or that Defendants are affiliated, connected or associated with or in some way related to YSL.

38.    Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 34 of the Lanham Act, 15 U.S.C. § 1116.

39.    Upon information and belief, by their acts, Defendants have made, and will continue to make, substantial profits and gains to which they are not in law or equity entitled.

40.    Upon information and belief, Defendants intend to continue their acts of counterfeiting, and will continue to willfully counterfeit the YSL Marks and the OPIUM Marks, unless restrained by this Court.

41.    Defendants' acts have caused, and will continue to cause, irreparable injury to YSL Parfums, and YSL Parfums has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF BY YSL PARFUMS AGAINST COSTCO INFRINGEMENT OF REGISTERED TRADEMARKS UNDER 15 U.S.C. § 1114

42.    YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 41 above.

43.    Upon information and belief, the aforesaid acts of Costco constitute infringement of the YSL Marks, in that Costco has failed to adequately inform consumers at the point of sale that the Unauthorized Products are repackaged, and, accordingly, consumers are likely to be confused and believe that such products are being sold in their original packaging.

44.    Costco's conduct further constitutes infringement of the YSL Marks in that Costco is not marketing, promoting, offering for sale and/or selling the Unauthorized Products in compliance with YSL's quality control standards.  By way of example, Costco has used inferior packaging for the Unauthorized Products not in keeping with YSL's quality control standards and has otherwise altered an element of the Mascara Product that is material to the purchasing decision of the consumer at the point of sale, namely, the ingredient declaration.

45.    Upon information and belief, the aforesaid acts of Costco are likely to cause confusion, mistake, or deception among consumers as to the origin of the Unauthorized Products.

46.    Upon information and belief, Costco has acted with knowledge of YSL Parfums' ownership of the YSL Marks and with the deliberate intention to unfairly benefit from the goodwill associated therewith.

47.    Costco's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.    Upon information and belief, by its acts, Costco has made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

49.    Upon information and belief, Costco intends to continue its infringing acts, and will continue to willfully infringe the YSL Marks, unless restrained by this Court.

50.    Costco's acts have caused, and will continue to cause, irreparable injury to YSL Parfums, and YSL Parfums has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF BY YSL AGAINST COSTCO
## TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

51.    YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 50 above.

52.    The YSL Trade Dress, consisting of the unique and distinct gold and copper color combination, when used on and in connection with cosmetic and beauty products, is non-functional and inherently distinctive.

53.    In addition to being inherently distinctive, the YSL Trade Dress, through substantial sales, advertising and promotion, has acquired secondary meaning, indicating YSL as the source of products on or in connection with which the YSL Trade Dress is used.

54.    Costco has distributed, advertised, promoted, sold and offered for sale, in commerce, packaging that is confusingly similar to the YSL Trade Dress.

55.    Costco's aforesaid conduct is calculated, and is likely to deceive consumers who associate the YSL Trade Dress with YSL into believing that the Unauthorized Mascara Product shown in Exhibit D emanates from YSL.

56.    Upon information and belief, Costco's use of the YSL Trade Dress on and in connection with the unauthorized repackaging of the Mascara Product shown in Exhibit D, is part of a deliberate plan to trade on the valuable goodwill symbolized by the YSL Trade Dress.

57.    Upon information and belief, by its acts, Costco has made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

58.    Upon information and belief, Costco intends to continue its infringing acts, and will continue to willfully infringe YSL's Trade Dress, unless restrained by this Court.

59.    Costco's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF BY YSL AGAINST COSTCO
## FALSE DESIGNATION OF ORIGIN & FALSE ADVERTISING
## UNDER 15 U.S.C. § 1125(a))

60.    YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 59 above.

61.    Upon information and belief, the aforesaid acts of Costco constitute a false designation of origin, in that Costco has failed to adequately inform consumers at the point of sale that the Unauthorized Products are repackaged, and is presenting the Unauthorized Products to consumers as if they were materially the same as the corresponding products sold by YSL in the United States.

62.    Upon further information and belief, Costco's conduct constitutes false advertising, in that the manner in which Costco has packaged and is selling the Unauthorized Products is misleading, as Costco has packaged the Unauthorized Products in such a way that consumers believe they are purchasing two units of the YSL product rather than just one unit.

63.    Upon information and belief, Costco's acts as aforesaid violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.    Upon information and belief, by its acts, Costco has made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

65.    Upon information and belief, Costco intends to continue its willfully infringing acts unless restrained by this Court.

66.    Costco's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF BY YSL PARFUMS AGAINST ALL DEFENDANTS**
**DILUTION OF A REGISTERED TRADEMARK UNDER 15 U.S.C. § 1125(c)**

67.    YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 66 above.

68.    YSL Parfums is the exclusive owner of the YSL Marks and the OPIUM Marks in the United States.

69.    The YSL Marks and the OPIUM Marks are distinctive marks that have been in use for many years and have achieved widespread public recognition.

70.    The YSL Marks and the OPIUM Marks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

71.    Defendants, without authorization from YSL Parfums, are using the YSL Marks and the OPIUM Marks in commerce in such a manner as to dilute the distinctive quality of the

YSL Marks and the OPIUM Marks and to decrease the capacity of such marks to identify and distinguish YSL's goods.

72.     By the acts described herein, Defendants are also likely to tarnish the YSL Marks and the OPIUM Marks, thereby lessening the value of the such marks.

73.     Defendants have intentionally and willfully diluted the distinctive quality of the famous YSL Marks and the OPIUM Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

74.     Upon information and belief, by their acts, Defendants have made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

75.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

76.     Defendants' acts have caused, and will continue to cause, irreparable injury to YSL Parfums and YSL Parfums has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF BY YSL AGAINST COSTCO TRADEMARK INFRINGEMENT UNDER COMMON LAW

77.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 76 above.

78.     YSL owns all right, title, and interest in and to the YSL Marks as aforesaid, including all common law rights in such marks.

79.     The aforesaid acts of Costco constitute trademark infringement in violation of the common law of the State of New York.

80.     Upon information and belief, by their acts, Costco has made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

81.     Upon information and belief, Costco intends to continue its willfully infringing acts unless restrained by this Court.

82.     Costco's acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF BY YSL AGAINST ALL DEFENDANTS UNFAIR COMPETITION UNDER COMMON LAW

83.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 83 above.

84.     The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

85.     Upon information and belief, by their acts, Defendants have made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

86.     Upon information and belief, Defendants intend to continue its willfully infringing acts unless restrained by this Court.

87.     Defendants' acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF BY YSL AGAINST ALL DEFENDANTS SECTION 349 OF THE NEW YORK GENERAL BUSINESS LAW

88.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 87 above.

89.     Through its importation, distribution, advertising, offering for sale and/or sale of the counterfeit and Unauthorized Products, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

90.     By the acts described herein, Defendants have willfully engaged in deceptive acts or practices in the conduct of its business in violation of New York General Business Law § 349.

91.     Upon information and belief, by their acts, Defendants have made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

92.     Upon information and belief, Defendants intend to continue its willfully infringing acts unless restrained by this Court.

93.     Defendants' acts have caused, and will continue to cause, irreparable injury to YSL and YSL has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF BY YSL PARFUMS AGAINST ALL DEFENDANTS SECTION 360-l OF NEW YORK GENERAL BUSINESS LAW

94.     YSL hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 93 above.

95.     YSL Parfums is the exclusive owner of the YSL Marks and the OPIUM Marks throughout the United States, including the State of New York.

96.     Through prominent, long and continuous use in commerce, including commerce within the State of New York, YSL's marks have become and continue to be famous and distinctive.

97.     By the acts described herein, Defendants have diluted the distinctiveness of the YSL Marks and the OPIUM Marks and has caused a likelihood of harm to YSL's business reputation in violation of New York General Business Law § 360-1.

98.     Upon information and belief, by their acts, Defendants have made, and will continue to make, substantial profits and gains to which it is not in law or equity entitled.

99.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

100.    Defendants' acts have caused, and will continue to cause, irreparable injury to YSL Parfums and YSL Parfums has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered granting the following relief:

1.    Finding that (i) Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (ii) Defendants have engaged in deceptive acts and practices under New York General Business Law § 349; (iii) Defendants have diluted the YSL Parfums Marks in violation of New York General Business Law § 360-1; (iv) Defendants have engaged in trademark infringement and unfair competition under the common law of New York.

2.    Granting an injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with it or them, or any of them, from:

(a)    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the YSL Marks and the OPIUM Marks or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of YSL's rights in its YSL Marks and the OPIUM Marks; and

(b)    engaging in any other activity constituting unfair competition with YSL; and

(c)    engaging in any activity that will cause the distinctiveness of the YSL Marks and the OPIUM Marks to be diluted

3.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has

been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendants, or has been authorized by YSL, or is related to or associated in any way with YSL or its products.

4.      Directing that Defendants account to and pay over to YSL all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5.      At its election, awarding YSL statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

6.      Awarding YSL its actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7.      Awarding YSL its costs and attorneys' fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

8.      Ordering Defendants to deliver up to YSL for destruction, or to show proof of destruction of, all remaining inventory of all counterfeit products and Unauthorized Products, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

9.      Ordering Defendants to immediately recall any and all counterfeit products sold by Defendants bearing the YSL Marks and/or the OPIUM Marks.

10.     Ordering Defendants to file with this Court and to serve upon Plaintiffs, within 30 days after the entry and service on Defendants of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

11.    Awarding YSL pre-judgment interest on any monetary award made part of the judgment against Defendants.

12.    Awarding YSL such additional and further relief as the Court deems just and proper.

Dated:  New York, New York
        November _13_, 2007

ARNOLD & PORTER LLP

By: _Louis S. Ederer_

Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, NY 10022
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399

*Attorneys for Plaintiffs*