Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Defendant Quality King Distributors, Inc. and
Third Party Plaintiff Quality King Fragrance, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., | Civil Action No. 07 Civ. 3214 (LBS)(HP) |
| Plaintiffs, | |
| - against - | |
| COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD., | |
| Defendants. | |
| QUALITY KING FRAGRANCE, INC., | |
| Third Party Plaintiff, | **THIRD PARTY COMPLAINT** |
| -against - | |
| J&H COSMETICS, LTD., | |
| Defendant. | |

Defendant and Cross-claim Plaintiff Quality King Distributors, Inc. ("QKD") by and

through its attorneys, Edwards Angell Palmer & Dodge LLP, by way of its answer to the

Supplemental Proposed Second Amended Complaint ("Complaint") of Yves Saint Laurent

Parfums, S.A. and YSL Beauté (collectively, "YSL"), and for its cross-claims, states as follows

upon personal knowledge as to its own acts and otherwise upon information and belief:

## ANSWER

1.    Paragraph 1 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, QKD denies the allegations of paragraph 1 of the Complaint.

2.    Paragraph 2 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, QKD denies the allegations of paragraph 2 of the Complaint, except admits that Plaintiffs purport to invoke jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a).

3.    Paragraph 3 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint except admits that QKD is registered to do business and does business within New York State.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.    Admits the allegations of paragraph 7 of the Complaint, but avers that QKD is not a proper defendant in this action because it never sold the perfume in question to defendant Costco Wholesale Corporation.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.    Paragraph 11 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.    Paragraph 14 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29.    Denies the allegations of paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, except admits that YSL contacted QKD about alleged counterfeit Opium® perfume.

31.    QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint as they relate to the other defendants. QKD further denies the allegations of paragraph 31 of the Complaint as they relate to QKD except admits that YSL sought the names of QKD's customers who purchased Opium® perfume. QKD avers that it was not until October 29, 2007 that YSL informed QKD for the first time of the amorphous claim that one of the tested products contained an extra ingredient, notwithstanding the fact that YSL knew of the alleged presence of the ingredient since late September 2007. QKD further avers that YSL's demands for information were unreasonable, as evidenced by the Court's denial of the expedited discovery demanded by YSL.

32.    Denies the allegations of paragraph 32.

33.    Denies the allegations of paragraph 33.

### FIRST CLAIM FOR RELIEF

34.    QKD's responses to paragraphs 1-33 are realleged and incorporated by reference as if set forth in full.

35.    Denies the allegations of paragraph 35 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 relating to the other defendants.

36.     Denies the allegations of paragraph 36 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 relating to the other defendants.

37.     Denies the allegations of paragraph 37 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 relating to the other defendants.

38.     Denies the allegations of paragraph 38 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 relating to the other defendants.

39.     Denies the allegations of paragraph 39 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 relating to the other defendants.

40.     Denies the allegations of paragraph 40 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 relating to the other defendants.

41.     Denies the allegations of paragraph 41.

<u>SECOND CLAIM FOR RELIEF</u>

42.     QKD's responses to paragraphs 1-41 are realleged and incorporated by reference as if set forth in full.

43.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

THIRD CLAIM FOR RELIEF

51.    QKD's responses to paragraphs 1-50 are realleged and incorporated by reference as if set forth in full.

52.    This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.    This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.    This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.    This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.    This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.    This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

<u>FOURTH CLAIM FOR RELIEF</u>

60.     QKD's responses to paragraphs 1-59, above, are realleged and incorporated by reference as if set forth in full.

61.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

FIFTH CLAIM FOR RELIEF

67.     QKD's responses to paragraphs 61-66, above, are realleged and incorporated by reference as if set forth in full.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     Paragraph 69 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71.     Denies the allegations of paragraph 71 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 relating to the other defendants.

72.   Denies the allegations of paragraph 72 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 relating to the other defendants.

73.   Denies the allegations of paragraph 73 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 relating to the other defendants.

74.   Denies the allegations of paragraph 74 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 relating to the other defendants.

75.   Denies the allegations of paragraph 75 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 relating to the other defendants.

76.   Denies the allegations of paragraph 76.

SIXTH CLAIM FOR RELIEF

77.   QKD's responses to paragraphs 1-76 are realleged and incorporated by reference as if set forth in full.

78.   This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.   This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

SEVENTH CLAIM FOR RELIEF

83.    QKD's responses to paragraphs 1-82, above, are realleged and incorporated by reference as if set forth in full.

84.    Denies the allegations of paragraph 84 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 relating to the other defendants.

85.    Denies the allegations of paragraph 85 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 relating to the other defendants.

86.    Denies the allegations of paragraph 86 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 relating to the other defendants.

87.    Denies the allegations of paragraphs 87.

## EIGHTH CLAIM FOR RELIEF

88.    QKD's responses to paragraphs 1-87, above, are realleged and incorporated by reference as if set forth in full.

89.    Denies the allegations of paragraph 89 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 relating to the other defendants.

90.    Denies the allegations of paragraph 90 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 relating to the other defendants.

91.    Denies the allegations of paragraph 91 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 relating to the other defendants.

92.    Denies the allegations of paragraph 92 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 relating to the other defendants.

93.    Denies the allegations of paragraph 93.

## NINTH CLAIM FOR RELIEF

94.    QKD's responses to paragraphs 1-93 are realleged and incorporated by reference as if set forth in full.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96.    Paragraph 96 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint.

97.    Paragraph 97 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

98.    Denies the allegations of paragraph 98 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 relating to the other defendants.

99.    Denies the allegations of paragraphs 99 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 relating to the other defendants.

100.    Denies the allegations of paragraphs 100.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs unduly delayed giving notice to the trade or to QKD as to the likely or actual presence of alleged counterfeit products in the market.  Plaintiffs, therefore, acquiesced in the distribution and sale of these products and prevented QKD from having knowledge that the alleged counterfeit products were in the market.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of estoppel, laches and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

No act or conduct of QKD caused any damages or injury to Plaintiffs.

WHEREFORE, QKD demands judgment dismissing the Complaint as against it with prejudice in its entirety, with YSL taking nothing of QKD by this Complaint, and awarding QKD its costs, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

### CROSSCLAIMS/THIRD PARTY COMPLAINT AGAINST DEFENDANT J & H COSMETICS, LTD

Defendant QKD and Third Party Plaintiff Quality King Fragrance, Inc. ("QK Fragrance"), by and through their attorneys, Edwards Angell Palmer & Dodge LLP, for their crossclaims/third party complaint, state as follows upon personal knowledge as to themselves and their own acts and otherwise upon information and belief:

#### The Parties

1.      QKD is a corporation organized under the laws of the State of New York with an office in Ronkonkoma, New York.  QKD is engaged, inter alia, in the wholesale purchase and sale of health and beauty aids.

2.      QK Fragrance is a corporation organized under the laws of the State of Delaware with an office in Ronkonkoma, New York.  QK Fragrance is engaged, inter alia, in the wholesale purchase and sale of fragrances.

3.     J&H Cosmetics, Ltd. ("J&H") is a corporation organized under the laws of the State of New York with an office in Woodbury, New York.

4.     J&H is engaged, *inter alia*, in the wholesale purchase and sale of fragrances. J&H is a merchant as defined in applicable state law.

<u>Jurisdiction</u>

5.     Personal jurisdiction is proper over J&H pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y. C.P.L.R. §§ 301 and 302.

6.     The Court has jurisdiction pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331 and 1338, and principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

7.     The claims set forth herein arise out of and are part of the same transaction or occurrences as alleged in the Complaint (as defined *supra*) of plaintiff YSL, and the determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that will result if QK Fragrance and/or QKD were required to defend YSL's claims, and then bring a separate action against J&H for, <u>inter alia</u>, indemnification of any sum or sums which QK Fragrance and/or QKD may be compelled to pay as a result of any damages, judgment or other awards arising out of the transactions or occurrences which are the subject matter hereof.

<u>Facts</u>

8.     YSL has filed the Complaint against QKD arising out of QKD's alleged sale to Costco Wholesale Corporation ("Costco") of allegedly counterfeit Opium® perfume, which is a trademark of YSL.

9.    The Complaint incorrectly names QKD as a defendant given that QKD never bought or sold any of the merchandise at issue in this lawsuit.  However, to the extent QKD has any liability, it has claims over against J&H.

10.    From time to time, QK Fragrance has purchased merchandise from J&H, including without limitation the Opium® brand perfume at issue in this lawsuit.  QK Fragrance made these purchases pursuant to the terms of its standard form purchase order, which it transmitted to J&H.

11.    By accepting these purchase orders and shipping the merchandise pursuant to these purchase orders, J&H agreed to be bound by their terms.

12.    The purchase orders' terms include the promises, warranties and representations by J&H that the merchandise to be shipped "WAS OBTAINED BY SUPPLIER WITHOUT FRAUD, MISREPRESENTATION OR VIOLATION OF ANY STATUTE, REGULATION OR ADM COURT ORDER," "CAN LAWFULLY BE DISTRIBUTED IN THE U.S.A. IN ITS PRESENT FORM AND PACKAGING," and "IS NOT THE SUBJECT OF ANY LEGAL OR CONTRACTUAL RESTRICTION ON ITS RESALE BY SUPPLIER TO QUALITY KING FRAGRANCE INC."

13.    To the extent that QK Fragrance has any liability, it has claims over against J&H.

FIRST CLAIM FOR RELIEF
(Breach of Contract)

14.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

15.    J&H sold various quantities of Opium® perfume to QK Fragrance and/or QKD, which was thereafter sold to Costco. YSL has alleged that such merchandise was counterfeit. If true, J&H materially breached its express contractual warranties made in conjunction with those sales.

16.    The goods were purchased in order to be resold in the ordinary course of business.

17.    As a result of J&H's alleged or potential breach of contract, QK Fragrance and/or QKD has received, and/or anticipates receiving, returns of these products from certain of its customers, has voluntarily agreed to refrain from selling the products pending a determination as to their genuiness, is facing possible liability to YSL and/or Costco, including the cost of defense and its own attorneys fees, and has been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Federal False Description and False Designation of Origin In Commerce)

18.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

19.    Assuming the allegations of the Complaint to be true, then J&H, in connection with the alleged counterfeit products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was likely to cause confusion or to cause mistake, or to deceive as to the approval of the goods at issue by their original manufacturer. Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(A).

20.    QK Fragrance and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

## THIRD CLAIM FOR RELIEF
(Federal False Advertising)

21.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

22.    Assuming the allegations of the Complaint to be true, then J&H, in connection with the sale of the alleged counterfeit products, used a word, term, name, symbol, or device or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of the alleged counterfeit products. Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(B).

23.    QK Fragrance and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

## FOURTH CLAIM FOR RELIEF
(Breach of Statutory Warranty)

24.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

25.    Based on the above-alleged conduct of J&H and assuming that the allegations of the Complaint are accurate, J&H has materially breached the statutory warranties provided for in applicable state law, including but not limited to N.Y. U.C.C. §§ 2-312 and 2-314, that title to goods be good, that the transfer of the goods be rightful, that the goods be free of the rightful claim of any third party by way of infringement or the like, and that the goods possess the ability to pass without objection in the trade.

26.    Accordingly, J&H is liable for all injuries to QK Fragrance and/or QKD that have proximately resulted from J&H's breach of warranty, including but not limited to, the purchase

price, value of genuine goods, lost profits, costs, expenses and any potential liability and defense

costs incurred by QK Fragrance or QKD arising from the purchase and sale of allegedly

counterfeit Opium® perfume from J&H.

FIFTH CLAIM FOR RELIEF
(Equitable Indemnity)

27.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding

paragraphs as though fully set forth herein.

28.    QK Fragrance and QKD are in no way responsible for the acts alleged in the

Complaint or any claims asserted by any person or entity.

29.    Upon information and belief, the alleged liability of QKD as set forth in the

Complaint, if established, would be a direct and proximate result of the conduct of J&H.

30.    Upon information and belief, any alleged liability of QK Fragrance, if established,

would be a direct and proximate result of the conduct of J&H.

31.    QK Fragrance and QKD are entitled to indemnification from J&H for any sums

paid as a result of any damages, judgments or other awards recovered against them, and for all

other loss or damage that QK Fragrance and/or QKD may sustain because of any claims asserted

against them, including costs and attorney's fees incurred to date and any additional costs and

expenses, including costs of investigation and reasonable attorney's fees.

32.    The exact amount of QK Fragrance's and QKD's damages is not known at this

time, and QK Fragrance and QKD seek leave to set forth the full amount of its damages pursuant

to the pretrial procedures of this court and the Federal Rules of Civil Procedure.

## SIXTH CLAIM FOR RELIEF
(Equitable Contribution)

33.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

34.    QK Fragrance and QKD have denied any responsibility whatsoever with respect to the liability for damages allegedly incurred by Costco.

35.    If it should be found that QK Fragrance and/or QKD are in some manner liable, then any damages awarded against them were proximately caused or contributed to by the conduct of J&H.

36.    It is necessary that a prorated degree of negligence and/or fault, or other culpable conduct of third party defendant be determined and prorated so that QK Fragrance and QKD will not be required to pay more than their prorated share of any judgment or other award, if any, and to pay only according to the degree of negligence and/or fault attributed to QK Fragrance and/or QKD, if any.

## SEVENTH CLAIM FOR RELIEF
(Declaratory Judgment)

37.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

38.    An actual controversy exists between QK Fragrance and QKD on the one hand and J&H on the other hand in that QK Fragrance and QKD contend that if they are to be held liable to YSL, Costco, or any other party, either in damages or for attorney's fees, J&H is liable to QK Fragrance and QKD for any such sums, and that in all events J&H is also liable for the payment of QK Fragrance's and QKD's reasonable attorney's fees and costs incurred in defense of this action.

39.     J&H denies any such liability.

40.     QK Fragrance and QKD request a declaratory judgment that J&H is required to pay the costs of defense as incurred by QK Fragrance and QKD in this action, and to further provide for indemnification and/or contribution in connection with any liability that may be adjudged against QK Fragrance and/or QKD, whether in damages or for attorney's fees .

41.     Such a determination is appropriate and necessary in that QK Fragrance and QKD have no adequate or speedy remedy at law and the request of such a judicial determination will avoid a multiplicity of suits, resulting in judicial economy and furtherance of the interest of justice.

### EIGHTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

42.     QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

43.     Based on the allegations made against QKD and assuming them to be true as against either QK Fragrance or QKD, the above-alleged conduct, including J&H's alleged "palming off" of alleged counterfeit merchandise as genuine products, and alleged encouraging or permitting others to palm-off alleged counterfeit product for genuine, constitutes unfair competition under applicable common law.

44.     QK Fragrance and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

### DEMAND FOR RELIEF
(As to Cross-claims/Third Party Complaint)

WHEREFORE, QK Fragrance and QKD demand judgment in their favor on their cross-claims/third party complaint against J&H as follows:

- 22 -

A)    Awarding damages in three times the amount of QK Fragrance's and QKD's actual damages incurred by reason of the facts and occurrences alleged herein;

B)    Awarding compensatory damages;

C)    Awarding punitive damages;

D)    Declaring that J&H have duties of defense, indemnification, contribution and to hold QK Fragrance and QKD free and harmless from any and all cost, expense or liability in connection with any claim against them arising out of the transactions or occurrences which are the subject matter hereof;

E)    Declaring that J&H pay the costs of defense of this action (and any related actions) as incurred by QK Fragrance and/or QKD; and

F)    Awarding QK Fragrance and QKD such other and further relief to which they may be entitled in law and equity, including recovery of their costs and attorney's fees.

Dated:  New York, NY
        November 21, 2007

                                        _____
                                        Anthony J. Viola
                                        Andre K. Cizmarik
                                        Paul E. Dans
                                        EDWARDS ANGELL PALMER & DODGE LLP
                                        Attorneys for Defendant
                                        Quality King Distributors, Inc. and Third Party
                                        Plaintiff Quality King Fragrance, Inc.
                                        750 Lexington Avenue
                                        New York, NY  10022
                                        (212) 308-4411

NYC_286377_2.DOC

- 23 -