UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                              :
YVES SAINT LAURENT PARFUMS S.A. and YSL    :    ECF CASE
BEAUTÉ INC.,                                                :
                                                              :
                              Plaintiffs,            :    07 Civ. 3214 (LBS)
                                                              :
         - against -                                   :
                                                              :    **ANSWER TO SECOND**
COSTCO WHOLESALE CORPORATION, et al.,   :    **AMENDED COMPLAINT**
                                                              :
                              Defendants.           :
                                                              :
------------------------------------------------------------------------ x

   Defendant Costco Wholesale Corporation ("Costco"), by its attorneys, for its Answer to the Complaint:

   1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

   2. Admits the allegations of paragraphs 2-3.

   3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4-5.

   4. Admits that Costco maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98027, admits that Costco maintains at least three places of business in this district, and except as so admitted denies the allegations of paragraph 6.

   5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 7-20.

   6. Admits that Costco formerly offered for sale genuine YSL lip products in theft-resistant outer packaging that appears to be partially depicted in Exhibit C to the Second

Amended Complaint, admits that Costco formerly offered for sale genuine YSL mascara products in discontinued theft-resistant packaging that appears to be partially depicted Exhibit D to the Second Amended Complaint, admits that Costco is currently offering for sale genuine YSL mascara products in theft-resistant outer packaging that appears to be partially depicted in Exhibit E to the Second Amended Complaint, and except as so admitted denies the allegations of paragraph 21.

7.     Admits that Costco placed certain notices on the theft-resistant outer packaging that appears to be partially depicted in Exhibit C and Exhibit E to the Second Amended Complaint, refers to said packaging for its precise contents, and except as so admitted denies the allegations of paragraph 22.

8.     Denies the allegations of paragraphs 23-26.

9.     Admits that Costco formerly offered for sale OPIUM-branded perfume in some of its store locations in the United States, and except as so admitted denies the allegations of paragraph 27.

10.    Admits that the plaintiffs contacted Costco and "demanded that [Costco] stop offering for sale and selling OPIUM-branded perfume," and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

11.    Admits that Costco obtained OPIUM-branded perfume from Quality King Distributors, Inc. ("QKD") or Quality King Fragrance, Inc. ("QKF"), and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 30-31.

13. Denies the allegations of paragraphs 32-33.

## COUNT ONE

14. Costco's responses to paragraphs 1-33, above, are realleged and incorporated by reference as if set forth in full.

15. Denies the allegations of paragraphs 35-41.

## COUNT TWO

16. Costco's responses to paragraphs 1-41, above, are realleged and incorporated by reference as if set forth in full.

17. Denies the allegations of paragraphs 43-50.

## COUNT THREE

18. Costco's responses to paragraphs 1-50, above, are realleged and incorporated by reference as if set forth in full.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 52-53.

20. Denies the allegations of paragraphs 54-59.

## COUNT FOUR

21. Costco's responses to paragraphs 1-59, above, are realleged and incorporated by reference as if set forth in full.

22. Denies the allegations of paragraphs 61-66.

## COUNT FIVE

23. Costco's responses to paragraphs 1-66, above, are realleged and incorporated by reference as if set forth in full.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 68-70.

25. Denies the allegations of paragraphs 71-76.

## COUNT SIX

26. Costco's responses to paragraphs 1-76, above, are realleged and incorporated by reference as if set forth in full.

27. Denies the allegations of paragraphs 78-82.

## COUNT SEVEN

28. Costco's responses to paragraphs 1-82, above, are realleged and incorporated by reference as if set forth in full.

29. Denies the allegations of paragraphs 84-87.

## COUNT EIGHT

30. Costco's responses to paragraphs 1-87, above, are realleged and incorporated by reference as if set forth in full.

31. Denies the allegations of paragraphs 89-93.

## COUNT NINE

32. Costco's responses to paragraphs 1-93, above, are realleged and incorporated by reference as if set forth in full.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 95-96.

34. Denies the allegations of paragraphs 97-100.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by laches.

WHEREFORE, Costco prays that the Court:

i. Dismiss the Plaintiff's Second Amended Complaint with prejudice;

ii. Declare, adjudge, and decree that that this is an "exceptional case" that warrants an award of attorneys' fees against the plaintiffs;

iii. Award Costco such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 7, 2007

                                    FRIED, FRANK, HARRIS, SHRIVER
                                      & JACOBSON LLP


                                    By:    /s/   James W. Dabney
                                           James W. Dabney
                                           Darcy M. Goddard

                                    One New York Plaza
                                    New York, New York 10004-1980
                                    Telephone: (212) 859-8000
                                    E-mail: james.dabney@friedfrank.com

                                    *Attorneys for Defendant*
                                    *Costco Wholesale Corporation*

560077