USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-8-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
YVES SAINT LAURENT                      :
PARFUMS, S.A., et al.,
                                        :
                Plaintiffs,                 07 Civ. 3214 (LBS)(HBP)
                                        :
    -against-                               ORDER
                                        :
COSTCO WHOLESALE CORPORATION,
et al.,                                 :

                Defendants.             :
----------------------------------------X

        PITMAN, United States Magistrate Judge:

        A conference having been held on January 7, 2008 during which various discovery and scheduling disputes were discussed, for the reasons stated on the record in open court, it is hereby ORDERED that:

        1. No later than January 14, 2008, counsel for plaintiffs is to produce to counsel for the Quality King parties the bottle of OPIUM perfume from batch 5JAC that is currently in the United States. Before performing any tests that destroy or consume the contents of the bottle, counsel for the Quality King parties is directed to confer with counsel for all other defendants to ensure that a sufficient quantity of the sample is available to any defendant who wants to perform testing.

2. No later than January 14, 2008, plaintiff's counsel is to provide defendants' counsel with the serial numbers of the documents produced by plaintiffs that set forth the formula for OPIUM perfume or fragrance products.

3. No later than January 22, 2008, plaintiffs' counsel is to provide counsel for the Quality King parties with samples of no less than 15 cc's each from the three production runs of OPIUM perfume that preceded batch 5JAC and the three production runs that followed batch 5JAC, along with a description of how the samples were taken from plaintiffs' perfume "archive."

4. No later than January 22, 2008, plaintiffs' counsel is to provide counsel for the Quality King parties with a sample of no less than 15 cc's from the bottle of OPIUM perfume from batch 5JAC that was tested in France, along with a description of how the sample were taken from plaintiffs' perfume "archive."

5. No later than January 22, 2008, plaintiff's counsel is to provide counsel for the Quality King parties with samples of no less than 15 cc's each from the three bottles of allegedly counterfeit OPIUM perfume that were purchased from defendant Costco, along

with a description of how the samples were taken from the bottles purchased from Costco.

6. No later than January 11, 2008, counsel for plaintiff and counsel for the Quality King parties are directed to meet and confer in person in an effort to resolve the remaining issues raised in the Quality King parties' December 14, 2007 letter. In that regard, counsel are reminded that many judges, including myself, regard a party's assertion of unreasonably restrictive or unreasonably broad positions in discovery as compelling evidence of the poverty of the offending party's position on the merits.

7. Quality King Fragrance is to respond to plaintiffs' outstanding interrogatories and document requests no later than January 14, 2008.

8. No later than January 18, 2008, counsel for plaintiffs shall serve and file its motion for a protective order based on the French Blocking Statute, French Penal Code Law No. 80-538 of July 16, 1980. Defendants shall serve and file their opposition no later than February 1, 2008.

9. No later than January 22, 2008, plaintiffs are directed to search their servers in the United States

for documents stored in electronic form that contain the following terms:

    a. Trace

    b. Traceability, traçibilité

    c. Anti-Diversion Coding System, ADCS, système de codage anti-contrefaçon

    d. Code, coded, coding, codage or encodage

    e. Touchy client

    f. Controlled client, client contrôlé

    g. Market report, market forecast, market projection, market research, market study, rapport de marché, prévisions de marché, projection de marché, analyse de marché, etude de marché

    h. Diverted goods, diverted product, produit fantaisie, and

    i. the ADCS numbers for the OPIUM perfume bottles plaintiffs purchased from Costco that are alleged to be counterfeit.

If they have not already done so, counsel are directed to confer and agree on appropriate temporal limits for the search. I shall determine whether plaintiffs' servers in France are to be searched after resolving plaintiff's motion addressed to the French Blocking Statute.

10. Plaintiffs are directed to produce the e-mails requested by Costco in their "native format." Counsel are directed to confer in person or by telephone to ensure that there is agreement as to the meaning of "native format." Counsel may, of course, come back to court if they reach an impasse.

11. Plaintiffs are to produce their documents concerning the cost to manufacture the products in issue no later than January 18, 2008.

12. Plaintiffs are to produce their documents concerning the "shrinkage" of inventory no later than January 11, 2008.

13. No later than January 18, 2008, counsel for Costco shall serve and file its motion for a protective order with respect to plaintiffs' request for documents concerning allegations that Costco sold other counterfeit merchandise. Plaintiffs shall serve and file their opposition no later than February 1, 2008.

14. The due date for defendants' Rule 26(a)(2) disclosures is extended to February 12, 2008.

15. If third-party defendant J&H intends to assert any argument that the entity that supplied OPIUM perfume to it was a trusted supplier with which it had had a long trouble-free relationship, it is directed to

5

produce all documents concerning all transactions with that supplier no later than January 18, 2008. J&H will be precluded from making any arguments based on any transactions for which it has not produced documents.

16. The trial of this matter is adjourned to June 16, 2008. All dispositive motions shall be served no later than May 27, 2008. All discovery shall be completed no later than May 30, 2009.

Dated: New York, New York
January 8, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Louis S. Ederer, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York  10022-4690

James W. Dabney, Esq.
Fried, Frank, Harris,
   Shriver & Jacobson LLP
One New York Plaza
New York, New York  10004-1980

Anthony J. Viola, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York  10022

Melissa Corwin, Esq.
Somer & Heller, LLP
Suite 350
2171 Jericho Turnpike
Commack, New York  11725