Louis S. Ederer
John Maltbie
Matthew T. Salzmann
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000
*Attorneys for Plaintiffs Yves Saint Laurent Parfums S.A.
and YSL Beauté Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

YVES SAINT LAURENT PARFUMS S.A. and
YSL BEAUTÉ INC.,

                  Plaintiffs,

       - against -

COSTCO WHOLESALE CORPORATION,
QUALITY KING DISTRIBUTORS, INC. and
J & H COSMETICS LTD.,

                  Defendants.

Civil Action No.
07 Civ. 3214 (LBS) (HP)

------------------------------------------------------------- x
------------------------------------------------------------- x

QUALITY KING FRAGRANCE, INC.,

                  Third Party Plaintiff,

       - against -

J & H COSMETICS LTD.,

                  Third Party Defendant.

------------------------------------------------------------- x

**DECLARATION OF LOUIS S. EDERER, ESQ. IN SUPPORT OF PLAINTIFFS'
MOTION FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

      LOUIS S. EDERER, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct to the best of his knowledge:

1

1. I am a partner with the firm of Arnold & Porter, LLP, counsel to Plaintiffs Yves Saint Laurent Parfums S.A. ("YSL Parfums") and YSL Beauté Inc. ("YSL Beauté"). I make this declaration in support of YSL Parfums' motion for a protective order against defendant Costco Wholesale Corporation ("Costco")'s discovery of YSL Parfums' France-based computer servers by way of electronic term searches, and having the resulting data transferred and produced to Costco in the United States, and/or requiring that Costco pursue discovery procedures which will allow YSL Parfums to comply with such requests without exposing itself to criminal prosecution under French law.

2. Plaintiff YSL Parfums, a French corporation, is the producer and brand owner of the world famous YVES SAINT LAURENT line of cosmetic, fragrance and beauty products. Plaintiff YSL Beauté is the exclusive U.S. importer and distributor of the world famous YVES SAINT LAURENT line of cosmetic, fragrance and beauty products. YSL Parfums is the owner of all rights in and to numerous trademarks in the United States, which have come to symbolize the company's high quality, luxury product lines. Among YSL Parfums' trademarks are those affiliated with the three cosmetic and beauty products at issue in this action — namely, its Mascara Volume Effet Faux Cils product (the "Mascara Product"), its Touche Brillance lip care product (the "Lip Care Product") and its OPIUM natural spray perfume product (the "OPIUM Product").

3. In this action, Plaintiffs allege that defendants Costco, Quality King Distributors, Inc. and J&H Cosmetics Ltd. have engaged in the distribution and sale of counterfeit OPIUM Product in violation of 15 U.S.C. § 1114. Plaintiffs further allege that defendant Costco has infringed Plaintiffs' intellectual property rights by improperly and deceptively repackaging and selling genuine Mascara Product and Lip Care Product.

4. In June 2007, Costco propounded its First Requests For the Production of Documents and Things relating to the repackaging claims (Plaintiffs did not amend the complaint to include counterfeiting claims until later). On July 23, 2007, Plaintiffs responded to Costco's requests and produced numerous documents, including copies of emails compiled both in the United States and at YSL Parfums' French headquarters. Not satisfied, Costco has since engaged in a systematic effort to call into question the adequacy of Plaintiffs' document production — not coincidentally after Plaintiffs obtained this Court's order requiring Costco to identify its suppliers of the repackaged goods. Costco's obsession with Plaintiffs' document production has included a Rule 30(b)(6) deposition devoted exclusively to the subject of what efforts Plaintiffs undertook to locate documents responsive to Costco's document requests, as well as repeated calls for electronic term searches to be conducted on Plaintiffs' computer servers, an undertaking which Plaintiff YSL Beauté voluntarily carried out with respect to its United States-based servers.

5. By Order dated January 8, 2008, this Court ordered YSL Parfums' United States-based affiliate, YSL Beauté, to conduct the very same electronic term searches on its United States-based servers. The twenty-eight terms to be searched are: trace, traceability, traçibilité, Anti-Diversion Coding System, ADCS, système de codage anti-contrefaçon, code, coded, coding, codage, encodage, touchy client, controlled client, client contrôlé, market report, market forecast, market projection, market research, market study, rapport de marché, prévisions de marché, projection de marché, analyse de marché, etude de marché, diverted goods, diverted product, produit fantaisie, and 7862992018.

6. Now, Costco seeks a Court Order requiring YSL Parfums to search all of the electronic data on its France-based computer servers for twenty-eight specified terms, notwithstanding the manual searches that were diligently conducted by individual key custodians

3

located in France over the last six months. Through all of this, Costco has failed to identify any legitimate deficiencies in YSL Parfums' document production (or YSL Beauté's production for that matter) that would lead it or the Court to believe that the individual key custodian electronic searches conducted in France failed to capture all of the electronic data relevant to this action. What is clear is that Costco seeks this discovery not for the purpose of uncovering a smoking gun or any particular "missing" documents, but rather simply to burden YSL Parfums and punish Plaintiffs for causing Costco to reveal its closely guarded supplier information.

7.	Beyond the tremendous financial burden associated with Costco's requested discovery of YSL Parfums, as discussed below, by conducting the requested electronic term searches on its France-based computer servers and transferring such data to the United States for production to Costco, YSL Parfums will violate European and French law, and expose itself to serious criminal liability. Accordingly, Costco's request for such electronic searches should be denied, or, at a minimum, Costco should be required to follow the strict procedures outlined under French law for the transfer of electronic data in connection with a foreign legal proceeding.

8.	Accordingly, the request for such unnecessary electronic searches should be denied, or, at a minimum, Costco should be required to follow the strict procedures outlined under European and French law for the transfer of the requested electronic data in connection with a litigation proceeding not being conducted within the European Union.

EXECUTED UNDER PENALTY OF PERJURY THIS 25th DAY OF JANUARY, 2008.

_____
Louis S. Ederer