Louis S. Ederer
John Maltbie
Matthew T. Salzmann
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

*Attorneys for Plaintiffs Yves Saint Laurent Parfums S.A. and YSL Beauté Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

YVES SAINT LAURENT PARFUMS S.A. and
YSL BEAUTÉ INC.,

        Plaintiffs,

- against -

COSTCO WHOLESALE CORPORATION,
QUALITY KING DISTRIBUTORS, INC. and
J & H COSMETICS LTD.,

        Defendants.

-------------------------------------------------------------- x
-------------------------------------------------------------- x

QUALITY KING FRAGRANCE, INC.,

        Third Party Plaintiff,

- against -

J & H COSMETICS LTD.,

        Third Party Defendant.

-------------------------------------------------------------- x

Civil Action No.
07 Civ. 3214 (LBS) (HP)

**EXHIBIT E**

Case 1:07-cv-03214-LBS-HBP    Document 53-6    Filed 01/25/2008    Page 2 of 2

préalable à la mise en œuvre du traitement informatisé est puni de trois ans d'emprisonnement et de 45 000 euros d'amende, sauf si cette conservation est effectuée à des fins historiques, statistiques ou scientifiques dans les conditions prévues par la loi.

II. – Le fait de traiter des informations nominatives conservées au-delà de la durée mentionnée au I à des fins autres qu'historiques, statistiques ou scientifiques est puni des mêmes peines, sauf si ce traitement a été autorisé dans les conditions prévues par la loi.

**Art. 226-21** (L. n° 2004-801 du 6 août 2004, art. 14) Le fait, par toute personne détentrice de données à caractère personnel à l'occasion de leur enregistrement, de leur classement, de leur transmission ou de toute autre forme de traitement, de détourner ces informations de leur finalité telle que définie par la disposition législative, l'acte réglementaire ou la décision de la Commission nationale de l'informatique et des libertés autorisant le traitement automatisé, ou par les déclarations préalables à la mise en œuvre de ce traitement, est puni de cinq ans d'emprisonnement et de 300 000 € d'amende.

*Ancien art. 226-21* Le fait, par toute personne détentrice d'informations nominatives à l'occasion de leur enregistrement, de leur classement, de leur transmission ou de toute autre forme de traitement, de détourner ces informations de leur finalité telle que définie par la disposition législative, ou l'acte réglementaire autorisant le traitement automatisé, (L. n° 95-116 du 4 févr. 1995, art. 34-1) « ou par la décision de la Commission nationale de l'informatique et des libertés autorisant un traitement automatisé ayant pour fin la recherche dans le domaine de la santé, » ou par les déclarations préalables à la mise en œuvre de ce traitement, est puni de cinq ans d'emprisonnement et de 300 000 euros d'amende. – Pr. pén. 777-3 ; Route, L. 223-6 et L. 223-7.

**Art. 226-22** (L. n° 2004-801 du 6 août 2004, art. 14) Le fait, par toute personne qui a recueilli, à l'occasion de leur enregistrement, de leur classement, de leur transmission ou d'une autre forme de traitement, des données à caractère personnel dont la divulgation aurait pour effet de porter atteinte à la considération de l'intéressé ou à l'intimité de sa vie privée, de porter, sans autorisation de l'intéressé, ces données à la connaissance d'un tiers qui n'a pas qualité pour les recevoir est puni de cinq ans d'emprisonnement et de 300 000 € d'amende.

La divulgation prévue à l'alinéa précédent est punie de trois ans d'emprisonnement et de 100 000 € d'amende lorsqu'elle a été commise par imprudence ou négligence.

Dans les cas prévus aux deux alinéas précédents, la poursuite ne peut être exercée que sur plainte de la victime, de son représentant légal ou de ses ayants droit.

BIBL. ▶ FRAYSSINET, Gaz. Pal. 2002. 1. Doctr. 507 (la confidentialité sur l'internet : du secret professionnel à la protection des données personnelles). – REBOUL-MAUPIN, Gaz. Pal. 2002. 1. Doctr. 518 (responsabilités des médecins et internet).

*Ancien art. 226-22* Le fait, par toute personne qui a recueilli, à l'occasion de leur enregistrement, de leur classement, de leur transmission ou d'une autre forme de traitement, des informations nominatives dont la divulgation aurait pour effet de porter atteinte à la considération de l'intéressé ou à l'intimité de sa vie privée, de porter, sans autorisation de l'intéressé, ces informations à la connaissance d'un tiers qui n'a pas qualité pour les recevoir est puni d'un an d'emprisonnement et de 15 000 euros d'amende.

La divulgation prévue à l'alinéa précédent est punie de 7 500 euros d'amende lorsqu'elle a été commise par imprudence ou négligence.

Dans les cas prévus aux deux alinéas précédents, la poursuite ne peut être exercée que sur plainte de la victime, de son représentant légal ou de ses ayants droit. – Route, L. 223-6 et L. 223-7.

V. Circ. 14 mai 1993, n° [205].

Corresp. : L. n° 78-17 du 6 janv. 1978, ancien art. 43.

---

## 1. Domaine de l'incrimination – Fichiers manuels. Le champ d'application des délits prévus à l'art. 43 de la loi du 6 janv. 1978 est limité aux traitements automatisés de données nominatives et ne concerne pas les informations contenues dans des fichiers manuels : un fichier constitué de fiches individuelles par support papier n'entre donc pas dans les prévisions du texte précité ; en conséquence, la cession entre agences matrimoniales d'une cinquantaine de fiches d'identification de ressortissantes roumaines intéressées par une rencontre dans le but d'un futur mariage en France ne peut constituer une divulgation d'informations nominatives sans autorisation, en l'absence de volonté frauduleuse de la prévenue, et alors que le contrat d'adhésion ainsi que la plupart des fiches individuelles prévoyaient expressément la communication des candidatures à des tiers. • Agen, 28 févr. 1994 : JCP 1994. IV. 2209.

2. *Divulgation intentionnelle.* Commet les délits de violation du secret bancaire, de manquement à la sécurité informatique, de divulgation d'informations nominatives susceptibles de porter atteinte à la réputation des personnes le directeur d'un établissement de crédit qui communique à des commerçants, qui ont reçu délégation afin de remettre au nom de ce dernier l'offre préalable de crédit, une liste informatique de personnes, clients de l'établissement de crédit supposés présenter un risque quant à l'octroi d'un éventuel crédit. • Rennes, 13 janv. 1992 : D. 1993. Somm. 54, obs. Vasseur ⌐, et 1994. Somm. 287, obs. Maisl ⌐.

3. *Divulgation non intentionnelle.* Un numéro de téléphone constitue une information nominative au sens de l'art. 4 de la loi n° 78-17 du 6 janv. 1978 puisqu'il permet l'identification de la personne physique ou de l'abonné qui en est titulaire ; la divulgation d'une telle information nominative a nécessairement pour effet de porter atteinte à l'intimité de la vie privée de son titulaire. En sa qualité de propriétaire et exploitant du matériel informatique, un gérant d'un service télématique à caractère pornographique est pénalement responsable de l'imprudence ou de la négligence qui a permis la divulgation de cette information, même à son insu, cette infraction étant un délit non intentionnel ; les microcoupures d'électricité dont l'éventualité est avancée pour expliquer la divulgation d'une information normalement secrète ne constituent pas un cas de force majeure dès lors qu'elles ne sont ni imprévisibles ni irrésistibles. • T. corr. Briey, 15 sept. 1992 : D. 1994. Somm. 289, obs. Maisl ⌐ ; Gaz. Pal. 1993. 1. 201 et la note, et 1994. 1. Somm. 107.

**Art. 226-22-1** (L. n° 2004-801 du 6 août 2004, art. 14) Le fait, hors les cas prévus par la loi, de procéder ou de faire procéder à un transfert de données à caractère personnel faisant l'objet ou destinées à faire l'objet d'un traitement vers un État n'appartenant pas à la Communauté européenne en violation des mesures prises par la Commission des Communautés européennes ou par la Commission nationale de l'informatique et des libertés mentionnées à l'article 70 de la loi n° 78-17 du 6 janvier 1978 précitée est puni de cinq ans d'emprisonnement et de 300 000 € d'amende.

**Art. 226-22-2** (L. n° 2004-801 du 6 août 2004, art. 14) Dans les cas prévus aux articles 226-16 à 226-22-1, l'effacement de tout ou partie des données à caractère personnel faisant l'objet du traitement ayant donné lieu à l'infraction peut être ordonné. Les membres et les agents de la Commission nationale de l'informatique et des libertés sont habilités à constater l'effacement de ces données.

**Art. 226-23** (L. n° 2004-801 du 6 août 2004, art. 14) Les dispositions de l'article 226-19 sont applicables aux traitements non automatisés de données à caractère personnel dont la mise en œuvre ne se limite pas à l'exercice d'activités exclusivement personnelles.

*Ancien art. 226-23* Les dispositions des articles 226-17 à 226-19 sont applicables aux fichiers non automatisés ou mécanographiques dont l'usage ne relève pas exclusivement de l'exercice du droit à la vie privée.

**Art. 226-24** Les personnes morales peuvent être déclarées responsables pénalement, dans les conditions prévues par l'article 121-2, des infractions définies (L. n° 2004-801 du 6 août 2004, art. 14-II) « à la présente section [ancienne rédaction : aux articles 226-16 à 226-21 et 226-23 ainsi qu'au premier alinéa de l'article 226-22] ».