Louis S. Ederer
John Maltbie
Matthew T. Salzmann
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

*Attorneys for Plaintiffs Yves Saint Laurent Parfums S.A.
and YSL Beauté Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

YVES SAINT LAURENT PARFUMS S.A. and
YSL BEAUTÉ INC.,

        Plaintiffs,

- against -

COSTCO WHOLESALE CORPORATION,
QUALITY KING DISTRIBUTORS, INC. and
J & H COSMETICS LTD.,

        Defendants.

Civil Action No.
07 Civ. 3214 (LBS) (HP)

------------------------------------------------------------- x
------------------------------------------------------------- x

QUALITY KING FRAGRANCE, INC.,

        Third Party Plaintiff,

- against -

J & H COSMETICS LTD.,

        Third Party Defendant.

------------------------------------------------------------- x

**EXHIBIT J**



**Cour de cassation**
**chambre criminelle**
**Audience publique du mercredi 12 décembre 2007**
**N° de pourvoi : 07-83228**
Publié au bulletin

Rejet

**M. Cotte (président), président**
SCP Piwnica et Molinié, avocat(s)

---

### REPUBLIQUE FRANCAISE

### AU NOM DU PEUPLE FRANCAIS

LA COUR DE CASSATION, CHAMBRE CRIMINELLE, a rendu l'arrêt suivant :
Statuant sur le pourvoi formé par :

-X... Christopher,

contre l'arrêt de la cour d'appel de PARIS, 9e chambre, en date du 28 mars 2007, qui, pour recherche de renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves dans une procédure étrangère, l'a condamné à 10 000 euros d'amende ;

Vu le mémoire produit ;

Sur le premier moyen de cassation, pris de la violation et fausse application du chapitre 2 de la Convention de La Haye du 18 mars 1970 sur l'obtention des preuves à l'étranger en matière civile ou commerciale et des articles 1134 du code civil,111-4 du code pénal,1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut et contradiction de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du délit défini à l'article 1 bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" aux motifs qu'il résulte du courrier adressé le 21 décembre 2000 par Jean-Claude Y... à Christopher X..., en réaction à un entretien antérieur, que cet avocat a sollicité son interlocuteur de lui fournir des indications sur la manière dont les décisions du conseil d'administration de la MAAF avaient été prises à l'époque du rachat d'Executive Life, alléguant que les membres du conseil d'administration n'avaient pas été bien informés ... qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs » ; qu'ayant ainsi prêché le faux pour savoir le vrai », Christopher X... s'est vu répondre par Jean-Claude Y... que celui-ci n'avait jamais pris de décision dans les couloirs dans tous les conseils d'administration auxquels il avai t participé » ; qu'il a, de cette manière, obtenu, ou en tout cas tenté d'obtenir, la preuve que les administrateurs de la MAAF avaient pris leurs décisions en pleine connaissance de cause ; que, contrairement à ce qu'il soutient, Christopher X... ne s'est donc pas contenté d'approcher, de manière neutre, des personnes dont le témoignage aurait pu être ultérieurement sollicité dans le cadre d'une procédure conforme aux dispositions du chapitre 2 de la Convention de La Haye, qui autorise la recherche de preuves par un agent diplomatique ou un commissaire indépendant mandaté par la juridiction étrangère, sous réserve de l'accord de l'autorité compétente désignée par l'Etat de l'exécution ; qu'il a recherché, alors qu'il était dépourvu de tout mandat autorisé au sens de cette convention, des informations dont le caractère économique, commercial ou financier est avéré, et qui tendaient à la constitution de preuves, dès lors qu'elles étaient susceptibles de justifier la désignation de Jean-Claude Y... comme témoin à charge dans la procédure pendante devant la juridiction californienne et d'orienter son interrogatoire ultérieur ; que l'infraction à l'article 1er bis de la loi n° 68-678 du 26 juillet 1968, modifiée par la loi n° 80-538 du 16 juillet 1980 est établie ;

" 1°) alors que les dispositions de l'article 1er bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 sont édictées sous réserve des traités ou accords internationaux parmi lesquels figure la Convention de La Haye du 18 mars 1970, qui prévoit, en son chapitre 2, l'obtention de preuves par un agent diplomatique ou un commissaire indépendant mandaté par la juridiction étrangère ; que, comme le faisait Christopher X... dans ses conclusions régulièrement déposées et de ce chef délaissées, l'obtention de preuves

en application des dispositions de ce chapitre nécessite l'accord préalable des éventuels témoins dès lors qu'aux termes de l'article 17 de la convention, le commissaire ne dispose d'aucun pouvoir de contrainte pour procéder à des actes d'instruction et que c'est un tel accord préalable qu'il avait donc cherché à recueillir auprès de son interlocuteur, Jean-Claude Y... ;

" 2°) alors que la lettre du 21 décembre 2000 adressée par Jean-Claude Y... à Christopher X... étant au dossier de la procédure, la Cour de cassation est en mesure de s'assurer qu'il ne résulte pas de ses termes que Christopher X... ait commis, selon l'expression de la cour d'appel, un abus dans la recherche des preuves » susceptible de caractériser l'infraction à l'article 1er bis de la loi du 26 juillet 1968 mais s'est, étant chargé des intérêts de l'Etat de Californie dans le dossier Executive Life, borné à approcher des personnes dont le témoignage pourrait être ultérieurement sollicité dans le cadre d'une procédure conforme aux dispositions du chapitre 2 de la Convention de La Haye et qu'en dénaturant les termes clairs de la lettre qui lui était soumise, la cour d'appel a de surcroît statué par une décision empreinte de contradiction de motifs, laquelle doit être censurée ;

" 3°) alors que l'obtention de preuves en-dehors de toute sollicitation n'est pas incriminée par l'article 1er bis de la loi du 26 juillet 1968 ; que les termes de la même lettre mettent en évidence que le renseignement » selon lequel Jean-Claude Y... n'aurait jamais pris la décision dans les couloirs de tous les conseils d'administration auxquels il a participé » ne résulte pas d'une sollicitation de Christopher X... mais d'une déclaration spontanée de son interlocuteur, en tant que telle, non punissable ;

" 4°) alors qu'il résulte enfin des énonciations de la lettre adressée le 21 décembre 2000 par Jean-Claude Y... à Christopher X... que la démarche » de Christopher X... était fondée sur la recherche de la vérité » excluant par conséquent que ce dernier ait cherché à orienter l'éventuel témoignage ultérieur » de son interlocuteur comme l'a énoncé la cour d'appel dans ses motifs une fois encore empreints de contradiction " ;

Sur le deuxième moyen de cassation, pris de la violation et fausse application des articles 1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° **80-538** du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du défini à l'article 1 bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" aux motifs qu'il résulte du courrier adressé le 21 décembre 2000 par Jean-Claude Y... à Christopher X..., en réaction à un entretien antérieur, que cet avocat a sollicité son interlocuteur de lui fournir des indications sur la manière dont les décisions du conseil d'administration de la MAAF avaient été prises à l'époque du rachat d'Executive Life, alléguant que les membres du conseil d'administration n'avaient pas été bien informés ... qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs » ; qu'ayant ainsi prêché le faux pour avoir le vrai », Christopher X... s'est vu répondre par Jean-Claude Y... que celui-ci n'avait jamais pris de décisions dans les couloirs dans tous les conseils d'administration auxquels il avait participé » ; qu'il a, de cette manière, obtenu, ou en tout cas tenté d'obtenir, la preuve que les administrateurs de la MAAF avaient pris leurs décisions en pleine connaissance de cause ;

" alors que, ainsi que l'avaient pertinemment énoncé les premiers juges, la simple allusion au fait que les décisions d'un conseil d'administration seraient ou non prises dans les couloirs » ne constitue pas un renseignement d'ordre économique, commercial, industriel, financier ou technique tombant sous le coup de l'article 1 bis de la loi du 26 juillet 1968 " ;

Sur le troisième moyen de cassation, pris de la violation des articles 6 et 7 de la Convention européenne des droits de l'homme,1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du délit défini à l'article 1bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" aux motifs que contrairement à ce que soutient Christopher X..., cette incrimination qui vise à limiter les abus pouvant être commis dans la recherche de la preuve, ne constitue pas une entrave disproportionnée aux droits de la défense » ; que l'exercice de ces droits est assuré par les garanties attachées aux procédures instaurées par la Convention de La Haye ;

" 1°) alors que ne saurait être considérée comme un abus dans la recherche des preuves », la sollicitation, à la supposer avérée, d'un renseignement d'ordre économique, commercial, industriel, financier ou technique opéré comme en l'espèce sans contrainte ;

" 2°) alors que le droit au procès équitable auquel les Etats ne sont autorisés à n'apporter aucune restriction (si ce n'est en ce qui concerne la publicité de l'audience) implique une recherche libre et sans entrave de la preuve et que l'article 1bis de la loi du 26 juillet 1968, en tant qu'il est interprété comme faisant obstacle à l'exercice de ce droit, est incompatible avec les dispositions des articles 6 et 7 de la Convention européenne des droits de l'homme " ;

Sur le quatrième moyen de cassation, pris de la violation des articles 10 de la Convention européenne des droits de l'homme,1 bis de la loi n° 68-678 du 26 juillet 1968 modifiée par la loi n° 80-538 du 16 juillet 1980,591 et 593 du code de procédure pénale, défaut de motifs, manque de base légale ;

" en ce que l'arrêt infirmatif attaqué a déclaré Christopher X... coupable du délit défini à l'article 1bis de la loi du 26 juillet 1968 modifiée par la loi du 16 juillet 1980 ;

" 1°) alors que les dispositions de l'article 1er bis de la loi n° 68-678 du 26 juillet 1968 sont édictées sous réserve des traités ou accords internationaux parmi lesquels figure la Convention européenne des droits de l'homme ; que cette convention précise en son article 10 que le droit de toute personne à la liberté d'expression comprend notamment la liberté de recevoir ou de communiquer des informations sans qu'il puisse y avoir ingérence d'autorités publiques et sans considération de frontière et que sanctionner pénalement les propos d'un avocat qui s'est borné à faire état au cours d'une conversation téléphonique adressée à l'ancien dirigeant d'une mutuelle de ce que les membres du conseil d'administration (de cette mutuelle) n'avaient pas été bien informés, qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs » constitue une entrave à la liberté d'expression et par conséquent une violation de l'article 10 susvisé ;

" 2°) alors que cette entrave à la liberté d'expression n'est pas justifiée au sens de l'article 10-2 de la convention dès lors que l'interdiction générale et absolue de communiquer tout renseignement »-si anodin soit-il – d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci », constitue une mesure non nécessaire et par conséquent disproportionnée dans une société démocratique y compris pour protéger les droits et la réputation d'autrui et pour garantir l'autorité et l'impartialité du pouvoir judiciaire " ;

Les moyens étant réunis ;

Attendu qu'il résulte de l'arrêt attaqué et des pièces de procédure que le tribunal fédéral de Californie, saisi d'un litige portant sur les conditions de la reprise de la société d'assurance vie nord-américaine Executive Life et opposant le commissaire aux assurances de cet Etat à la société Mutuelle d'assurance artisanale de France (MAAF), a délivré, notamment en avril et décembre 2000, des commissions rogatoires civiles internationales tendant à la communication, par cette dernière société, de documents se rapportant au litige, selon les modalités définies par la Convention de La Haye du 18 mars 1970 ; que Chritopher X..., avocat correspondant en France de l'avocat nord-américain du commissaire aux assurances, a, à la fin de l'année 2000, contacté Jean-Claude Y..., ancien administrateur de la MAAF, pour obtenir desrenseignements sur les conditions dans lesquelles avaient été prises les décisions du conseil d'administration de cette société à l'époque du rachat d'Executive Life, alléguant que " les membres du conseil d'administration n'avaient pas été bien informés... qu'il n'avait pas été débattu de la question et que les décisions auraient été prises dans les couloirs " ; qu'au terme d'une information judiciaire, ouverte sur plainte avec constitution de partie civile de la MAAF, Christopher X... a été renvoyé devant le tribunal pour avoir demandé ou recherché des renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères, faits prévus et réprimés par les articles 1 bis et 3 de la loi du 26 juillet 1968, modifiée ;

Attendu que, pour déclarer le prévenu coupable de cette infraction, l'arrêt énonce que celui-ci ne s'est pas contenté d'approcher, de manière neutre, des personnes dont le témoignage aurait pu être ultérieurement sollicité conformément aux dispositions de la Convention de la Haye, mais a obtenu, ou en tout cas tenté d'obtenir, la preuve que les administrateurs de la MAAF avaient pris leur décision en pleine connaissance de cause ; que les juges ajoutent qu'en agissant ainsi, Christopher X... a recherché, alors qu'il était dépourvu de tout mandat autorisé au sens de la convention précitée, des informations à caractère économique, commercial ou financier tendant à la constitution de preuves, susceptibles de justifier la désignation de la personne approchée comme témoin à charge dans la procédure suivie devant la juridiction californienne et d'orienter son interrogatoire ultérieur ; qu'ils relèvent, enfin, que, contrairement à ce que soutient le prévenu, l'incrimination, qui vise à limiter les abus pouvant être commis dans la recherche de la preuve, ne constitue pas une entrave disproportionnée aux droits de la défense, dont l'exercice est assuré par les garanties attachées aux procédures instaurées par la Convention de La Haye ;

Attendu qu'en l'état de ces énonciations, d'où il résulte que les renseignements recherchés sur les circonstances dans lesquelles le conseil d'administration de la MAAF a pris ses décisions sur le rachat de la société Executive Life sont d'ordre économique, financier ou commercial et tendent à la constitution de preuves dans une procédure judiciaire étrangère, la cour d'appel, qui a répondu aux arguments péremptoires des conclusions, a justifié sa décision, sans méconnaître les textes conventionnels invoqués ;

D'où il suit que les moyens doivent être écartés ;

Et attendu que l'arrêt est régulier en la forme ;

REJETTE le pourvoi ;

Ainsi jugé et prononcé par la Cour de cassation, chambre criminelle, en son audience publique, les jour, mois et an que dessus ;

Etaient présents aux débats et au délibéré : M. Cotte président, Mme Nocquet conseiller rapporteur, M. Dulin, Mmes Thin, Desgrange, M. Rognon, Mme Ract-Madoux, M. Bayet conseillers de la chambre, M. Soulard, Mmes Slove, Degorce, Labrousse conseillers référendaires ;

Avocat général : M. Boccon-Gibod ;

Greffier de chambre : Mme Randouin ;

En foi de quoi le présent arrêt a été signé par le président, le rapporteur et le greffier de chambre ;

---

**Publication :**

**Décision attaquée :** Cour d'appel de Paris du 28 mars 2007