**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                              :

YVES SAINT LAURENT PARFUMS S.A. and YSL    :
BEAUTÉ INC.,                                                :
                                                          :        ECF CASE
                                Plaintiffs,                 :
                                                           :        Civil Action No.
                             - against -                     :        07 Civ. 3214 (LBS) (HBP)
                                                           :

COSTCO WHOLESALE CORPORATION,               :
QUALITY KING DISTRIBUTORS, INC., and        :
J & H COSMETICS LTD.,                                 :
                                                           :
                                            Defendants.     :
                                                           :
------------------------------------------------------------------- x

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS UNDER**
<u>**REQUEST NO. 20 OF PLAINTIFFS' THIRD REQUEST FOR PRODUCTION**</u>

JAMES W. DABNEY
DARCY M. GODDARD
ALEXANDER T. KORN
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

*Attorneys for Defendant*
*Costco Wholesale Corporation*

**INTRODUCTION**

Costco Wholesale Corporation ("Costco") respectfully submits this memorandum in opposition to plaintiffs' letter application dated January 2, 2008, seeking compelled production of additional documents that assertedly are responsive to Request No. 20 of Plaintiffs' Third Request For Production of Documents and Things dated November 13, 2007 ("Plaintiffs' Third Requests"; *see* Third Declaration of James W. Dabney, sworn to January 25, 2008 [hereinafter, "Third Dabney Decl."] ¶ 2 & Ex. 1). The motion should be denied.

**BACKGROUND**

This is an action for alleged trademark infringement and related torts. The plaintiffs, Yves Saint Laurent Parfums S.A. and YSL Beauté Inc. (collectively, "YSL"), assert that in mid-2007, Costco was supplied with counterfeit OPIUM-branded perfume products by defendant Quality King Distributors or its affiliate, Quality King Fragrance (collectively, "Quality King"). *See* Second Am. Compl. ¶¶ 27-41. Within days of receiving notice of the plaintiffs' claim, Costco initiated a recall of all OPIUM-branded perfume products from all of its COSTCO warehouses nationwide.

Plaintiffs' Request No. 20 demands (Third Dabney Decl. ¶ 2 & Ex. 1 at 14):

> All documents and communications concerning any legal action commenced or threatened against you, including without limitation, cease and desist letters, complaints, settlements, consent judgments, and/or injunctions, arising out of your offer for sale or sale of any counterfeit goods.

The above-quoted request, as propounded, was expressly limited to the period January 1, 2006, to November 13, 2007. *Id.* at 8. Plaintiffs' Request No. 9 sought similar information in regard to Costco's purchases of goods from Quality King, but for a much longer period of time, i.e., "All documents and communications concerning Costco's purchase of any unauthentic or

1

counterfeit goods from Quality King since January 2000." *Id.* at 10.

The Court will appreciate that the status of goods as "counterfeit" is often a matter of great uncertainty and doubt, as illustrated by this very case: the plaintiffs assert that certain YSL-branded lip and mascara products, which YSL admittedly manufactured at its own factory in France, could nonetheless be characterized as "counterfeit" if a person stole the genuine YSL-branded goods out of the factory or a delivery vehicle.

In its response to Plaintiffs' Request No. 20 (*see* Third Dabney Decl. ¶ 3 & Ex. 2), Costco agreed to produce documents "to the extent that any Court, during the period January 1, 2005, to November 13, 2007, may have determined that any goods offered for sale by Costco were counterfeit." *Id.* at 7 (emphasis added). That is to say, Costco offered to produce responsive documents for a period one year longer than what the plaintiffs had requested. Costco also agreed to produce, in connection with Plaintiffs' Request No. 9, documents relating to any products supplied to Costco by Quality King during the time period January 1, 2000, to November 13, 2007, that were "unauthentic or counterfeit." *Id.* at 4. Costco produced documents in connection with Plaintiffs' Request No. 9 on January 7, 2008.[1]

By letter dated December 28, 2007 (Third Dabney Decl. ¶ 4 & Ex. 3), plaintiffs' counsel took the position that Request No. 20 called not only for documents concerning goods that were, in fact, "counterfeit," but also for all documents relating to any instance in which Costco was "accused of offering for sale or selling counterfeit products." Plaintiffs' counsel further

---

[1] The produced documents relate to hair care products supplied to Costco by Quality King in 2003. Although it is unclear whether the goods in question were, in fact, "counterfeit," Costco determined that it would produce the related documents because the party who supplied the products to Quality King, ICN, had defaulted in the manufacturer's lawsuit against ICN, thereby effectively admitting the counterfeiting allegations.

2

demanded that Costco produce such "accusation"-type documents for an <u>eleven-year period,</u> beginning January 1, 1997, even though Plaintiffs' Request No. 20 was limited to the 23-month period of January 1, 2006, to November 13, 2007.  Third Dabney Decl. ¶ 4 & Ex. 3 at 4-5.

In an effort to resolve the parties' dispute without engaging the Court, counsel for Costco agreed by letter dated January 3, 2008 (Third Dabney Decl. ¶ 5 & Ex. 4) "to search for and produce responsive documents, if any, for the period January 1, 2005, to November 13, 2007, to the extent that Costco has been able to determine, <u>with or without court action</u>, that any item sold or offered for sale by Costco was actually counterfeit."  *Id.* at 4 (emphasis added).  Plaintiffs' counsel rejected this offer, as well.

At the January 7, 2008, discovery conference, YSL persisted in its demand that Costco produce all documents relating to any <u>accusation</u>—whether made by any of Costco's business associates, any of Costco's competitors, any of Costco's millions of customers, or any other person—that Costco was supplied with <u>allegedly</u> "counterfeit" goods at any time since January 1, 1997.  Third Dabney Decl. ¶ 6 & Ex. 5 at 83:9-84:19.

## **ARGUMENT**

To be admissible, evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence that fails this test is inadmissible.  Fed. R. Evid. 402.  Even if relevant within the meaning of Rule 401, evidence may also be excluded if its probative value is substantially outweighed by its prejudicial effect, or if its admission would result in "undue delay" or "waste of time."  Fed. R. Evid. 403.

Rule 404(b) of the Federal Rules of Evidence provides in part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  Here, although the plaintiffs contend that they seek the requested discovery for the purpose of proving Costco's "intent" in offering for sale the Quality King-supplied, OPIUM-branded perfume products at issue here, a careful analysis of the plaintiffs' argument reveals that, in fact, the requested discovery is premised on a theory that Costco purportedly has some <u>propensity</u> to sell "counterfeit" merchandise, and <u>not</u> that the requested discovery is probative of the "intent" of the actors who handled the particular transactions with Quality King that resulted in Costco being supplied with 2,500 units of allegedly "counterfeit" OPIUM-branded perfume.

At the January 7 discovery conference, plaintiffs' counsel argued (Third Dabney Decl. Ex. 5 at 88:25-89:15) that the requested documents purportedly could show that Costco has some <u>propensity</u> to ignore or circumvent its own policies and procedures to protect against the purchase of "counterfeit" goods, and, on this basis, the plaintiffs contend that the Court could find (this being a non-jury case) that Costco "must" have "willfully" purchased "counterfeit" OPIUM-branded perfume products.  Specifically, plaintiffs' counsel argued to the Court: "[I]t goes to the question of willful ignorance.  It goes to the question of whether you know that there may be a problem in a particular area such as fragrance or [grey] market and did you heed the warning signs and did you do your homework and did you follow your buying checklist and all of those things." *Id.* at 89:11-15.

The plaintiffs' stated theory for seeking the requested discovery is precisely that which Rule 404(b) prohibits.  *See*, *e.g.*, *United States v. Quattrone*, 441 F.3d 153, 191 (2d Cir. 2006) ("Consistently with that rule [i.e., Rule 404(a)] evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that conduct on a particular

occasion was in conformity with it [in essence propensity reasoning].") (quoting Fed. R. Evid. 404 advisory committee's note to subdivision (b); alterations in original)); *SEC v. Morelli*, 1993 WL 603275, at *1 (S.D.N.Y. Dec. 21, 1993) ("Rule 404 expressly rejects the use of character evidence in civil cases to prove a person acted in conformity therewith on a particular occasion" (internal quotation marks omitted))[2]; *cf. also Becker v. Arco Chem. Co.*, 207 F.3d 176, 191 (3d Cir. 2000) (holding that employer's past alleged misconduct was inadmissible to prove acts in conformity, and further noting that "the proponent [of prior "bad acts" evidence] must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.").

In *Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court articulated a four-part test to guide admissibility decisions under Rule 404(b). *See also, e.g.*, *United States v. Ramirez*, 894 F.2d 565, 568-69 (2d Cir. 1990) (discussing *Huddleston* test). Prior "bad acts" evidence must be (i) offered for a proper purpose, (ii) relevant, (iii) substantially more probative than prejudicial, and (iv) if the defendant requests it, accompanied by an appropriate limiting instruction. *See, e.g.*, *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002). The plaintiffs have satisfied neither of the two elements of the *Huddleston* test that are applicable at this stage of the proceedings, i.e., that (i) the evidence will be offered for a "proper purpose" and (ii) it is relevant.

---

[2] In two cases cited by the plaintiffs at the January 7 hearing, *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849 (2d Cir. 1995), and *GFTM, Inc. v. Solid Clothing, Inc.*, 215 F. Supp. 2d 273 (S.D.N.Y. 2002), there was no discussion of Rule 404 or its prohibition on the use of prior "bad acts" as evidence of a person's asserted propensity to engage in unlawful or willful conduct.

With regard to the "purpose" for which the requested discovery is sought, the plaintiffs' argument amounts to a contention that, to the extent Costco, the corporation, can be shown to have offered "counterfeit" products in the past, that fact supposedly has some tendency in logic to make it more likely that Costco, in buying the subject OPIUM-branded product from Quality King, purportedly failed to "heed warning signs," neglected to "do [its] homework," or declined to "follow [its] buying checklist and all of those things." Third Dabney Decl. Ex. 5 at 89:13-15. This is simply another way of asserting that Costco is purportedly "disposed to do bad acts." *Gov't of Virgin Islands v. Pinney*, 967 F.2d 912, 915 (3d Cir. 1992). That is precisely the type of improper purpose for which Rule 404(b) excludes evidence of prior instances of conduct.

In regard to the second prong of the *Huddleston* test, "in the Rule 404(b) context, similar act evidence is relevant only if the [finder of fact] can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689. Here, the requested discovery is not itself probative of the commission of prior instances in which "counterfeit" goods were offered, but would at most open the door to litigation of extraneous disputes having nothing to do with the transactions and events giving rise to the plaintiffs' claims in this case. *See United States Football League v. Nat'l Football League*, 842 F.2d 1335, 1373 (2d Cir. 1988) (evidence from affidavit in prior litigation was properly excluded when, "if allowed, would have resulted in a mini-trial about the [prior] case or about the position [the affiant] took in that litigation") (internal quotation omitted); *Gucci Am., Inc. v. Exclusive Imps. Int'l*, 2002 WL 1870293, at *3 (S.D.N.Y. Aug. 13, 2002) (upholding the decision of a magistrate judge denying discovery of allegedly contemporaneous infringing conduct because the proponent of the evidence "is in essence asking this Court to try two cases"); *cf. also Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988) ("[S]uch collateral inquiries threaten the

orderly conduct of trial while potentially coloring the central inquiry and unfairly prejudicing the party against whom they are directed."); *Loussier v. Universal Music Group, Inc.*, 2005 WL 5644420, at *2 n.3 (S.D.N.Y. Aug. 30, 2005) ("Courts have also been reluctant to admit evidence as indicative of habit without careful consideration, because the collateral nature of such proof could threaten the orderly conduct of the trial and cause confusion."). This evidence is thus properly excluded not only under Rule 404(a), but also under Rules 402 and 403.[3]

Further, the requested discovery does not even pretend to be limited to circumstances comparable to the Quality King transactions at issue here. Even when a proper purpose is present, a proffered prior "bad act" must also be similar in nature to the acts in question in the action. *See, e.g.*, *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002) ("If the government cannot identify a similarity or some connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent."); *United States v. Peterson*, 808 F.2d. 969, 974 (2d Cir. 1987) ("We would consider it an abuse of discretion to admit [similar act] evidence if the other act were not sufficiently similar to the conduct at issue.").

Here, Plaintiffs' Request No. 20 is not at all limited in terms of the circumstances in which Costco might have been accused by some person—but not proven—to have offered for

---

[3] Nor are mere accusations of past sales of allegedly "counterfeit" goods reliable evidence of "habit" within the meaning of Federal Rule of Evidence 406. *See, e.g., Simplex*, 847 F.2d at 1294 (evidence of routine practice of late and defective contract performance not admissible under Rule 406 where company had likely been party to hundreds of contracts and there was no "comparison of the number of late and defectively performed contracts relative to those without such inadequacies"); *Loussier*, 2005 WL 5644420, at *3 (rejecting argument that evidence of alleged prior infringement was sufficient to demonstrate "habit" within the meaning of Rule 406; the excluded evidence "include[d] unrelated past copyright actions, a former judgment in a copyright action, claim letters alleging copyright infringement, and settlements of certain copyright claims").

sale allegedly "counterfeit" goods. Plaintiffs' Request No. 20 is not limited to fragrances, or secondary market purchases, or vendors comparable to Quality King, or any transactions having any physical, organizational, or temporal connection with the transactions and events giving rise to this action. The breadth of Plaintiffs' Request No. 20 is such that it simply is not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As this case illustrates, an allegation that Costco has offered "counterfeit" products is entirely consistent with Costco being a victim of a vendor's breach of warranty.

      As set forth above, Costco already agreed to produce _more_ than that when it offered to "search for and produce responsive documents, if any, for the period January 1, 2005, to November 13, 2007, to the extent that Costco has been able to determine, with or without court action, that any item sold or offered for sale by Costco was actually counterfeit." (Third Dabney Decl. Ex. 4 at 5.) In the circumstances of this case, that should be sufficient.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Request No. 20 is impermissibly overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Plaintiffs' motion to compel should be denied.

Dated:   New York, New York
         January 25, 2008

                                    Respectfully submitted,

                                    FRIED, FRANK, HARRIS, SHRIVER
                                       & JACOBSON LLP

                                  By: s/*James W. Dabney*_____
                                        James W. Dabney
                                        Darcy M. Goddard
                                        Alexander T. Korn

                                  One New York Plaza
                                  New York, New York 10004-1980
                                  (212) 859-8000

                                  Attorneys for Defendant
                                  Costco Wholesale Corporation

562539

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of January 2008, I caused true and correct copies of Costco Wholesale Corporation's Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents Under Request No. 20 of Plaintiff's Third Request for Production and Third Declaration of James W. Dabney to be electronically filed with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system which will send notification of such filing to:

Louis S. Ederer, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
Email: louis.ederer@aporter.com
*Attorneys for Plaintiff*

Anthony Joseph Viola
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022
Email: aviola@eapdlaw.com
*Attorneys for Quality King Distributors, Inc.*

Jeffrey T. Heller
Somer & Heller, LLP
2171 Jericho Turnpike, Ste. 350
Commack, NY 11725
Email: jheller@somerheller.com
*Attorneys for J&H Cosmetics LTD*

Dated: New York, New York
January 25, 2008

_____
Jeffrey J. Bednar
Paralegal

562616.1