# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

YVES SAINT LAURENT PARFUMS S.A. and YSL      :
BEAUTÉ INC.,                                               :

                            Plaintiffs,    :

                - against -            :

COSTCO WHOLESALE CORPORATION, et al,,    :

                         Defendants.    :
                                                 :

-------------------------------------------------------------------x

07 Civ. 3214 (LBS)

**ECF CASE**

## DEFENDANT COSTCO WHOLESALE CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Costco Wholesale

Corporation ("Costco") responds as follows to Plaintiffs' Third Request for Production of

Documents and Things dated November 13, 2007 ("Plaintiffs' Requests"):

## DOCUMENT REQUEST NO. 1

All documents and communications concerning your policies, procedures or protocols for

the intake or purchase of goods on the parallel market (i.e., from suppliers outside of the

manufacturers' authorized distribution channels) for resale.

## RESPONSE TO DOCUMENT REQUEST NO. 1

See General Objections.

Costco will produce such documents to the extent they exist.

## DOCUMENT REQUEST NO. 2

All documents and communications concerning the development, creation,

implementation or modification of your "Buying Checklist" (*see, e.g.,* COST 000627), including

without limitation, documents identifying the names and titles of all Costco employees or agents

**DOCUMENT REQUEST NO. 9**

All documents and communications concerning Costco's purchase of any unauthentic or counterfeit goods from Quality King since January 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

See General Objections.

Costco will produce such documents to the extent they exist.

**DOCUMENT REQUEST NO. 10**

All documents and communications concerning Quality King's offer for sale to Costco of any unauthentic or counterfeit goods since January 1, 2000.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

See General Objections.

See response to Request. No. 10.

**DOCUMENT REQUEST NO. 11**

All documents and communications concerning your requests for, receipt of, written approval of, or written waiver of the requirements for, samples of OPIUM products purchase by you.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

See General Objections and objections to Request No. 11.

Costco will produce such documents to the extent they exist.

**DOCUMENT REQUEST NO. 12**

All samples of OPIUM Products received by you pursuant to the procedures set forth in your "Buying Checklist."

**DOCUMENT REQUEST NO. 19**

Documents sufficient to identify each and every purchaser of OPIUM Products from you.

**RESPONSE TO DOCUMENT REQUEST NO. 19**

See General Objections.

Costco will produce such documents to the extent they exist.

**DOCUMENT REQUEST NO. 20**

All documents and communications concerning any legal action commenced or threatened against you, including without limitation, cease and desist letters, complaints, settlements, consent judgments, and/or injunctions, arising out of your offer for sale or sale of any counterfeit goods.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

See General Objections.

Documents responsive to this request will be produced to the extent that any Court, during the period January 1, 2005, to November 13, 2007, may have determined that any goods offered for sale by Costco were "counterfeit."

## GENERAL OBJECTIONS

1.    Costco objects to each and every one of Plaintiffs' Requests insofar as they purport to call for production of documents at the offices of plaintiffs' counsel.

2.    Costco objects to each and every one of Plaintiffs' Requests insofar as they purport, through their definitions and instructions or otherwise, to impose burdens or duties on Costco that go beyond those imposed or prescribed in Rule 34 of the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York.

3.      Costco objects to each and every one of Plaintiffs' Requests insofar as they purport to call for production of attorney-client communications or attorney work product.

4.      Costco objects to each and every one of Plaintiffs' Requests, insofar as they use the phrase "unauthentic" or "counterfeit" as conclusory, argumentative, and improper.  There has been no judicial determination or private party consensus that any products sold by, or offered for sale to, Costco, including the OPIUM products, are "unauthentic" or "counterfeit."

5.      Costco objects to each and every one of Plaintiffs' Requests, insofar as they may purport to call for information beyond that which Costco has stated it will produce, as overly broad and burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS

1.      Costco objects to Request No. 11, insofar as it uses the term "waiver of the requirements" as argumentative and improper, and for lack of foundation.  It has not been shown that Costco waived any of its internal requirements when purchasing the OPIUM products, or that its purchase, sale, and eventual recall of the OPIUM products was in any way inconsistent with industry best practices.

8