# EXHIBIT 3

# ARNOLD & PORTER LLP

**Louis S. Ederer**
Louis.Ederer@aporter.com
212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

December 28, 2007

**BY EMAIL & U.S. MAIL**
Darcy Goddard, Esq.
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004-1980

Re: Yves Saint Laurent Parfums S.A. v. Costco Wholesale Corp., et al.
07 cv 3214 (LBS) (HP)

Dear Ms. Goddard:

We write concerning deficiencies in your responses and objections to YSL's Third Request for the Production of Documents and Things, as well as your document production in response thereto (COST006876–COST007831 and COST-ESI-004694–COST-ESI-004769).

First, please advise as to whether you have withheld production of any documents on the basis of your General Objections. If so, please state which document request(s) each withheld document is responsive to and pursuant to which General Objection(s) it has been withheld.

Second, please advise as to whether documents bearing Bates numbers COST006876–COST007831 and COST-ESI-004694–COST-ESI-004769 represent Costco's complete production in response to the documents requested in YSL's Third Request for the Production of Documents and Things.

Third, we address the deficiencies in certain of your specific responses below.

Document Request No. 1

Document Request No. 1 calls for production of "[a]ll documents and communications concerning your policies, procedures or protocols for the intake or purchase of goods on the parallel market (i.e., from suppliers outside of the manufacturers' authorized distribution channels) for resale." In your December 14 response, you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

# ARNOLD & PORTER LLP

Darcy M. Goddard, Esq.
December 28, 2007
Page 2


Document Request No. 2

Document Request No. 2 calls for production of "[a]ll documents and communications concerning the development, creation, implementation or modification of your 'Buying Checklist' (*see, e.g.,* COST000627), including without limitation, documents identifying the names and titles of all Costco employees or agents who have participated in the development, creation, implementation and/or modification of your 'Buying Checklist'". In your December 14 response, you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 7

Document Request No. 7 calls for production of "[a]ll documents and communications concerning why Costco considers transactions involving fragrances as 'potentially sensitive,' as set forth in paragraph 4 of Appendix A of your 'Buying Checklist'". In your December 14 response, you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 8

Document Request No. 8 calls for production of "[a]ll documents concerning whether any transactions with Quality King should be considered 'potentially sensitive' in accordance with Costco's 'Buying Checklist'". In your December 14 response, you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 9

Document Request No. 9 calls for production of "[a]ll documents and communications concerning Costco's purchase of any unauthentic or counterfeit goods from Quality King since January 1, 2000". In your December 14 response, you agreed to produce such documents to the extent they exist. We have been unable to identify any

# ARNOLD & PORTER LLP

Darcy M. Goddard, Esq.
December 28, 2007
Page 3

documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 10

Document Request No. 10 calls for production of "[a]ll documents and communications concerning Quality King's offer for sale to Costco of any unauthentic or counterfeit goods since January 1, 2000". In your December 14 response, you stated "See response to Request No. 10". This simply does not make sense. Please supplement your response. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 11

Document Request No. 11 calls for production of "[a]ll documents and communications concerning your requests for, receipt of, written approval of, or written waiver of the requirements for, samples of OPIUM products purchased by you". In your December 14 response, you object to the use of the term "waiver of the requirements" but, nevertheless, you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 12

Document Request No. 12 calls for production of "[a]ll samples of the OPIUM Products received by you pursuant to the procedures set forth in your 'Buying Checklist'". In your December 14 response, you agreed to produce such documents to the extent they exist. However, Document Request No. 12 does not call for the production of documents, but rather samples. Please either advise as to a date and time when we can inspect such samples, or state in writing that no such samples exist.

Document Request No. 13

Document Request No. 13 calls for production of "[a]ll documents concerning your comparison of sample of OPIUM Products received from vendors with genuine OPIUM Products purchased at retail, including without limitation, all notes to file concerning the results of your comparison and documents concerning your purchase of genuine OPIUM Products at retail for such comparison". In your December 14 response,

# ARNOLD & PORTER LLP

Darcy M. Goddard, Esq.
December 28, 2007
Page 4

you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 14

Document Request No. 14 calls for production of "[a]ll genuine OPIUM Products purchased by you at retail for comparison with the samples of OPIUM Products received by you from vendors". In your December 14 response, you agreed to produce such documents to the extent they exist. However, Document Request No. 14 does not call for the production of documents, but rather all genuine OPIUM Products purchased by Costco at retail. Please either advise as to a date and time when we can inspect such samples, or state in writing that no such samples exist.

Document Request No. 15

Document Request No. 15 calls for production of "[a]ll documents and communications concerning your inspection of OPIUM Products prior to distributing such products to warehouses, including without limitation, documents concerning the results of such inspections and documents identifying the persons responsible for conducting such inspections". In your December 14 response, you agreed to produce such documents to the extent they exist. We have been unable to identify any documents responsive to this request in your production. Please either identify, by Bates number, all produced documents that you contend are responsive this request, or state in writing that no such documents exist.

Document Request No. 20

Document Request No. 20 calls for production of "[a]ll documents and communications concerning any legal action commenced or threatened against you, including without limitation, cease and desist letters, complaints, settlements, consent judgments, and/or injunctions, arising out of your offer for sale or sale of any counterfeit goods". In your December 14 response, you stated that "[d]ocuments responsive to this request will be produced to the extent that any Court, during the period January 1, 2005, to November 13, 2007, may have determined that any goods offered for sale by Costco were 'counterfeit'". Plaintiffs vigorously reject your improper qualification of our request. Document Request No. 20 calls for production of all documents relating to any instance in which Costco was <u>accused</u> of offering for sale or selling counterfeit products. Indeed, this is precisely what we are entitled to receive under the law. Accordingly,

# ARNOLD & PORTER LLP

Darcy M. Goddard, Esq.
December 28, 2007
Page 5

please identify, by Bates number, all produced documents that you contend are responsive this request, and immediately produce all previously withheld documents and communications concerning any legal action commenced or threatened against you, including without limitation, cease and desist letters, complaints, settlements, consent judgments, and/or injunctions, arising out of your offer for sale or sale of any counterfeit goods from January 1, 1997 through today.

In light of the January 31 close of discovery, we request a meet and confer on or before January 3. Any unresolved disputes (or failure to meet and confer) will be presented to Judge Pitman for his immediate resolution.

Very truly yours,

ARNOLD & PORTER LLP

By: *[signature]*
Louis S. Ederer

cc: Anthony J. Viola, Esq.
Melissa Corwin, Esq.