**ENDORSEMENT**

Yves Saint Laurent Parfums, S.A. v. Costco Wholesale Corp.
07 Civ. 3214 (LBS)(HBP)

        The annexed application for reconsideration of my Order
dated April 13, 2008 is denied.  The annexed application attempts
to assert new facts which is not appropriate in connection with a
motion for reconsideration.

            Motions for reargument "are granted when new facts
        come to light or when it appears that controlling
        precedents were overlooked."  Weissman v. Fruchtman,
        658 F. Supp. 547 (S.D.N.Y. 1987).  The proponent of
        such a motion is not supposed to treat the court's
        initial decision as the opening of a dialogue in which
        that party may then use [Local Civil Rule 6.3] to
        advance new facts and theories in response to the
        court's rulings.  The purpose of the rule is "to ensure
        the finality of decisions and to prevent the practice
        of a losing party examining a decision and then plug-
        ging the gaps of a lost motion with additional mat-
        ters."  Lewis v. New York Telephone, No. 83 Civ. 7129,
        slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in
        Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169
        (S.D.N.Y. 1988).

McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp., 727 F.
Supp. 833, 833 (S.D.N.Y. 1989).  Thus, "a party in its motion for
reargument 'may not advance new facts, issues or arguments not
previously presented to the court.'"  In re Integrated Res. Real
Estate Ltd P'ships Sec. Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y.
1994), quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb,
Inc., 86 Civ. 6447 (JMC), 1989 WL 162315 at *4 (S.D.N.Y. Aug. 4,
1989), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992).
Accord Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum
Corp., 948 F.2d 111, 115 (2d Cir. 1991).  See also Woodard v.
Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994).

Dated:  New York, New York
        April 29, 2008

                            SO ORDERED

                            _____
                            HENRY PITMAN
                            United States Magistrate Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-29-08

Copies transmitted to:

Louis S. Ederer, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York  10022-4690

James W. Dabney, Esq.
Fried, Frank, Harris,
    Shriver & Jacobson LLP
One New York Plaza
New York, New York  10004-1980

Anthony J. Viola, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York  10022

Melissa Corwin, Esq.
Somer & Heller, LLP
Suite 350
2171 Jericho Turnpike
Commack, New York  11725





**S O M E R  HELLER** LLP
ATTORNEYS AT LAW

2171 Jericho Turnpike, Suite 350, Commack, New York 11725 • (631) 462-2323

STANLEY J. SOMER
JEFFREY T. HELLER **

MELISSA CORWIN *

* ALSO ADMITTED IN FLORIDA
* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL
MICHAEL C. MARCUS

April 28, 2008

Via Facsimile: (212)805-6111
Honorable Magistrate Judge Henry Pitman
USDC, Southern District
500 Pearl Street, Room 1650
New York, NY 10007

Re:   Yves Saint Laurent Parfums, S.A., et al. v. Costco Wholesale Corp., et al.
      07 cv 3214 (LBS)(HP)

Dear Judge Pitman:

We write herewith in response to your Order dated April 23, 2008, which denied our request for an extension of all deadlines in this case.

We ask that you reconsider your decision. Mr. Schmeltzer is not just a single witness in this case but is the sole officer, director and shareholder of J&H Cosmetics, Ltd. and the only individual with knowledge and authority to advise us on this matter. While we greatly appreciate your adjournment of Mr. Schmeltzer's deposition *sine die*, we are unable to engage in expert discovery without meaningful communications with Mr. Schmeltzer. We need authority from Mr. Schmeltzer to proceed with the retention of an expert in this matter and to discuss the expert disclosure made by the other parties.

We would, of course, be willing to provide the other parties in this matter the same amount of extended time that J&H would receive as a result of Mr. Schmeltzer's incapacitation. While we did receive Quality King's expert report on or about April 15 2008, we have not reviewed same. We offered to return the report to Quality King with our representation that same has not been reviewed, but that request was denied. While we understand Quality King's position, we feel the more prudent course of action at this time would be to allow Quality King and the Yves Saint Laurent parties the same extension of time received by J&H, if granted. Accordingly, we would consent to an equal extended period of time for the other parties to review J&H's expert report and conduct a deposition of J & H's expert witness upon their receipt of J&H's expert disclosure.

Please reconsider our request. Should you have any questions or concerns, please contact the undersigned.

Respectfully,
SOMER & HELLER, LLP.

MELISSA CORWIN, ESQ.

JTH:mc

cc:   Louis S. Ederer, Esq. (Via facsimile and e-mail)
      James W. Dabney, Esq. (Via facsimile and e-mail)
      Anthony J. Viola, Esq. (Via facsimile and e-mail)
      Gerald Schmeltzer

F:\DOCS\CIVIL\SCHMELTZER\Yves Saint Laurent\Pitman.4.25.07.wpd

2