UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

YVES SAINT LAURENT PARFUMS S.A.
and YSL BEAUTE INC.,

                  Plaintiffs,

     - against -

COSTCO WHOLESALE CORPORATION,
QUALITY KING DISTRIBUTORS, INC.
and J & H COSMETICS, LTD.,

                  Defendants.

-----------------------------------------------------------x

QUALITY KING FRAGRANCE, INC.,

              Third Party Plaintiff,

     -against-

J & H COSMETICS, LTD.,

              Third Party Defendant.

-----------------------------------------------------------x

Civil Action No.
07 Civ. 3214 (LBS)(HP)


**NON-PARTY GERALD
SCHMELTZER'S RESPONSES
AND OBJECTIONS TO
SUBPOENA OF THIRD-PARTY
PLAINTIFF, QUALITY KING
FRAGRANCE, INC.**

      Pursuant to Rule 45 of the Federal rules of Civil Procedure, nonparty Gerald Schmeltzer

hereby responds and objects to the subpoena of Third-Party Plaintiff, Quality King Fragrance,

Inc., dated June 17, 2008 (the "Subpoena"), a copy of which is annexed, as follows:

## GENERAL OBJECTIONS

     1.     Gerald Schmeltzer objects to the Subpoena on the grounds that it is vague, overly

broad and not calculated to lead to the discovery of admissible evidence in this case.  Furthermore,

it subjects Gerald Schmeltzer, a non-party, to undue burden and expense to the extent it requires

potentially voluminous document production.

2.    Gerald Schmeltzer objects to the Subpoena to the extent the Subpoena seeks the

testimony and disclosure of documents and/or information that constitute trade secrets or other

confidential pricing, sales, research, development or commercial information.

3.    Gerald Schmeltzer objects to the Subpoena to the extent it seeks testimony and

documents and/or information outside of Gerald Schmeltzer's possession, custody or control.

4.    Gerald Schmeltzer objects to the Subpoena to the extent it seeks testimony,

documents and/or information that is privileged or exempt from discovery under the attorney-client

privilege, work product doctrine, or other privilege or exemption under applicable law.  Gerald

Schmeltzer does not waive, and intends to preserve, any applicable privilege or protection.  In the

event that any privileged or protected document and/or information is disclosed, such disclosure is

inadvertent and will not constitute a waiver of any applicable privilege or protection.

5.    Gerald Schmeltzer reserves the right to review, correct, add to, supplement or clarify

any of these objections and responses.


### SPECIFIC RESPONSES AND OBJECTIONS

Without waving the General Objections set forth above, which are incorporated in each

response below, Gerald Schmeltzer  responds to each request as follows:

### SCHEDULE A

**Response 1:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly

broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible

evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to his affiliation with J & S Merchandising. This request also seeks testimony from Gerald Schmeltzer relative to the affiliation between J & S Merchandising and J&H Cosmetics, Ltd. and to the affiliation between J & S Merchandising and anyone related to Gerald Schmeltzer or associated with him. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. Neither Gerald Schmeltzer (or anyone related to him or associated with him) nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from Gerald Schmeltzer (or anyone related to him or associated with him), individually, or from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to either non-party Gerald Schmeltzer (or anyone related to him or associated with him) or non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 2:**

   Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the creation of J & S Merchandising and the persons or entities having an interest in it. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. Neither Gerald Schmeltzer nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising.

Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 3:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to internet activities of J & S Merchandising. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. None fo the parties herein have made any claim that they purchased or received any Opium-branded products through the internet. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 4:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the purchase and/or sale of Opium-

branded product(s) by J & S Merchandising. The testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

### Response 5:

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the operations of J & S Merchandising. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

### Response 6:

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible

evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the books and records of J & S Merchandising. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 7:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the personnel of J & S Merchandising. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising, or its personnel, has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 8:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the sources of Opium-branded product(s) obtained by J & S Merchandising and Gerald Schmeltzer for resale. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. Neither Gerald Schmeltzer nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising or from Gerald Schmeltzer, individually. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. J& H Cosmetics, Ltd. has produced its supplier information.

**Response 9:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to any complaint or assertion by anyone that fragrances purchased or sold by J & S Merchandising or Gerald Schmeltzer were not genuine. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. Neither Gerald Schmeltzer nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising or from Gerald Schmeltzer, individually. None of the parties herein have made any claim that they purchased fragrances other than Opium-branded product(s) which were not genuine. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-

branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein.

**Response 10:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the e-mail address JERRYBOY57@AOL.COM. Clearly, this demand is overly broad and unduly burdensome. Morever, the testimony requested bears no relation to the claims at bar. Quality King has failed to show that the e-mail address JERRYBOY57@AOL.COM bears any relation this matter. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from Gerald Schmeltzer, individually, or by or through the e-mail address JERRYBOY57@AOL.OM. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. There is no allegation that Quality King Fragrance, Inc. purchased the alleged counterfeit goods through the internet or through the e-mail address JERRYBOY57@AOL.COM.

**Response 11:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to any person or entity that receives revenue from J & S Merchandising. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. None of the parties herein have made any claim that they purchased fragrances other than Opium-branded product(s) which were not genuine. Quality

8

King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 12:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks testimony from non-party, Gerald Schmeltzer, relative to the person or entity that pays income taxes on the profits earned from sales made by J & S Merchandising. Clearly, this demand is overly broad. Morever, the testimony requested bears no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. None of the parties herein have made any claim that they purchased fragrances other than Opium-branded product(s) which were not genuine. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**SCHEDULE B**

**REQUESTS**

**Response 1:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly

broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents concerning any affiliation or relationship between J & S Merchandising, on the one hand, and J & H Cosmetics, Ltd. or Gerald Schmeltzer (or anyone related to him or associated with him), on the other hand. Clearly, this demand is overly broad. The documents requested bear no relation to the claims at bar. Neither Gerald Schmeltzer (or anyone related to him or associated with him) nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from Gerald Schmeltzer (or anyone related to him or associated with him), individually, or from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to either non-party Gerald Schmeltzer (or anyone related to him or associated with him) or non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 2:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to the corporate creation or organization of J & S Merchandising. Clearly, this demand is overly broad. The documents requested bear no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party

10

Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 3:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to the creation of J & S Merchandising as an eBay store. Clearly, this demand is overly broad. The documents requested bear no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. None of the parties herein have made any claim that they purchased or received Opium-branded product(s) through eBay. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 4:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, sufficient to identify all person or entities ever having any interest in J & S Merchandising, and any changes thereto, from

its inception through to the present. Clearly, this demand is overly broad. The documents requested bear no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

**Response 5:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to the purchase and/or sale of Opium-branded product(s) by J & S Merchandising (or by Gerald Schmeltzer via J & S Merchandising), whether involving the internet or not. The documents requested bear no relation to the claims at bar. J & S Merchandising is not a party to this action. Gerald Schmeltzer is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising or Gerald Schmeltzer, individually. None of the parties herein have alleged that they purchased or received any Opium-branded products through the internet. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein.

**Response 6:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request

seeks documents from non-party, Gerald Schmeltzer, relative to Opium-branded product(s) purchased or sold by J & S Merchandising (or by Gerald Schmeltzer via J & S Merchandising). The documents requested bear no relation to the claims at bar. J & S Merchandising is not a party to this action. Gerald Schmeltzer is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising or Gerald Schmeltzer, individually. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein.

**Response 7:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to any complaint or assertion by anyone that fragrance sold by J & S Merchandising or Gerald Schmeltzer were not genuine. Clearly, this demand is overly broad. Morever, the documents requested bear no relation to the claims at bar. Neither Gerald Schmeltzer nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising or from Gerald Schmeltzer, individually. None of the parties herein have made any claim that they purchased fragrances other than Opium-branded product(s) which were not genuine. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein.

**Response 8:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to any return (for whatever reason) of

any Opium-branded product(s) by anyone to J & S Merchandising or Gerald Schmeltzer, or by J & S Merchandising or Gerald Schmeltzer to anyone. Clearly, this demand is overly broad. Morever, the documents requested bear no relation to the claims at bar. Neither Gerald Schmeltzer nor J & S Merchandising are parties to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising or from Gerald Schmeltzer, individually. None of the parties herein have made any claim that they, or anyone else, returned Opium-branded product(s) to J & S Merchandising or to Gerald Schmeltzer, individually. None of the parties herein have made any claim that J & S Merchandising or Gerald Schmeltzer returned Opium-branded product(s) to anyone. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. There are no allegations that there were any return transactions.

**Response 9:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to the ownership, creation or use of e-mail address JERRYBOY57@AOL.COM. Clearly, this demand is overly broad and unduly burdensome. Morever, the documents requested bear no relation to the claims at bar. Quality King has failed to show that the e-mail address JERRYBOY57@AOL.COM bears any relation this matter. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from Gerald Schmeltzer, individually, or by or through the e-mail address JERRYBOY57@AOL.OM. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. There is no allegation that Quality King Fragrance, Inc. purchased the alleged

counterfeit goods through the internet or through the e-mail address JERRYBOY57@AOL.COM.

**Response10:**

Non-party Gerald Schmeltzer objects to this request on the grounds that it is vague, overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request seeks documents from non-party, Gerald Schmeltzer, relative to the person or entity that pays income taxes on the profits earned from sales made by J & S Merchandising. Clearly, this demand is overly broad. Morever, the documents requested bear no relation to the claims at bar. J & S Merchandising is not a party to this action. None of the parties herein have made any claim that they purchased or received any Opium-branded product(s) from J & S Merchandising. None of the parties herein have made any claim that they purchased fragrances other than Opium-branded product(s) which were not genuine. Quality King Fragrance, Inc. alleges that it purchased counterfeit Opium-branded product(s) directly from J & H Cosmetics, Ltd., the Third-Party Defendant herein. Any conjecture on the part of Quality King Fragrance, Inc. that the Third-Party Defendant has transferred assets to non-party J & S Merchandising has not been claimed, is unsupported and is outside the present scope of this action given that liability in this matter has not been established.

DATED:    July 18, 2008
          Commack, New York

Yours, etc.

JEFFREY T. HELLER, ESQ. (JH 2720)
SOMER & HELLER LLP
*Attorneys for Defendant J&H Cosmetics, Ltd.*
2171 Jericho Turnpike, Suite 350
Commack, New York 11725
631-462-2323

15

TO:   EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue, 8th Floor

New York, N.Y. 10022

ARNOLD & PORTER LLP

399 Park Avenue

New York, NY 10022

(212)715-1000

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

YVES SAINT LAURENT PARFUMS, S.A.
and YSL BEAUTE INC.,

Plaintiffs,

- against -

COSTCO WHOLESALE CORPORATION,
QUALITY KING DISTRIBUTORS, INC. and
J & H COSMETICS LTD.,

Defendants.

QUALITY KING FRAGRANCE, INC.
Third Party Plaintiff,

- against -

J&H COSTMETICS, LTD.,
Third Party Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07 Civ. 3214 (LBS)(HP)

TO:    Gerald Schmeltzer
       58 Eagle Chase
       Woodbury, NY 11797

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. This deposition will be recorded stenographically. See attached Schedule A for topics of deposition.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Edwards Angell Palmer & Dodge LLP | 7/20/2008 |
| 750 Lexington Avenue, 8th Floor | 9:30 a.m. |
| New York, N.Y. 10022 |  |

American LegalNet, Inc.
www.FormsWorkflow.com

NYC 304674.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule B.

| PLACE | DATE AND TIME |
|---|---|
| Edwards Angell Palmer & Dodge LLP<br>750 Lexington Avenue, 8th Floor<br>New York, N.Y. 10022 | 07/02/2008<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) _Andre K. Cizmarik_ , Attorneys for Quality King Fragrance, Inc. | DATE<br>June 17, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andre K. Cizmarik, Esq.
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, N.Y. 10022

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A[1]

1.      Any affiliation or relationship between J & S Merchandising, on the one hand, and J & H Cosmetics, Ltd. or Gerald Schmeltzer (or anyone related to him or associated with him), on the other hand.

2.      The creation of J&S Merchandising and the persons or entities having any interest in it.

3.      Internet activities of J&S Merchandising.

4.      The purchase and/or sale of OPIUM-branded perfume product by J & S Merchandising.

5.      The operations of J & S Merchandising.

6.      The books and records of J & S Merchandising.

7.      The personnel of J & S Merchandising.

8.      The sources of OPIUM-branded perfume product obtained by J & S Merchandising and Gerald Schmeltzer for resale.

9.      Any complaint or assertion by anyone that fragrances purchased or sold by J & S Merchandising or Gerald Schmeltzer were not genuine.

10.     The e-mail address JERRYBOY57@AOL.COM.

11.     The person(s) or entities that receive revenue from J & S Merchandising.

12.     The person or entity that pays income taxes on the profits earned from sales made by J & S Merchandising.

---

[1] The Definitions set forth in Schedule B are incorporated herein.

## SCHEDULE B

## DEFINITIONS

1.     The Uniform Definitions in Discovery Requests, contained in Local Civil Rule 26.3 (for the Southern and Eastern Districts of New York) are hereby incorporated by reference and shall apply to all of the document requests set forth below. Additionally the following definitions shall apply.

2.     "You" or "Your" shall refer to "Gerald Schmeltzer."

3.     "J & S Merchandising," shall refer to J & S Merchandising, and any of its parents, subsidiaries, divisions, affiliates, agents, employees or representatives.

4.     "YSL" refers to the plaintiffs in this action and either or both of them.

5.     "OPIUM- branded perfume products" means fragrance products bearing the trademarks (whether or not authorized) of YSL.

6.     If any document is within the scope of any request for production but is not being produced pursuant to any claim of privilege or confidentiality, please: (a) identify the subject matter, type (e.g., letter or memorandum), date and author of the privileged communication or information, all persons who prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

7.     This is a continuing request for production of documents and information. If, after making your initial response, you obtain or become aware of any further document(s) or information responsive to this discovery demand, you are required to produce such additional document(s) or information.

8.     Unless otherwise indicated, all Requests shall apply to the time period of January 1, 2002 through the present.

## REQUESTS

1.     All documents concerning any affiliation or relationship between J & S Merchandising, on the one hand, and J & H Cosmetics, Ltd. or Gerald Schmeltzer (or anyone related to him or associated with him), on the other hand.

2.     All documents concerning the corporate creation or organization of J & S Merchandising, whenever dated or created.

3.     All documents concerning the creation of J & S Merchandising as an eBay store.

4.     Documents sufficient to identify all persons or entities ever having any interest in J & S Merchandising, and any changes thereto, from its inception through to the present.

5.     All documents concerning any purchases or sales of Opium-branded perfume products by J & S Merchandising (or by Gerald Schmeltzer via J & S Merchandising), whether involving the internet or otherwise.

6.     All documents concerning any and all Opium-branded perfume products purchased or sold by J & S Merchandising (or by Gerald Schmeltzer via J & S Merchandising).

7.     All documents concerning any complaint or assertion by anyone that any fragrance sold by J & S Merchandising (or by Gerald Schmeltzer via J & S Merchandising) was not genuine.

8.     All documents concerning any return (for any reason) of any Opium-branded perfume products by anyone to J & S Merchandising or Gerald Schmeltzer, or by J & S Merchandising or Gerald Schmeltzer to anyone.

NYC 301361.1

9.      All documents concerning the ownership, creation, or use of the e-mail address
JERRYBOY57@AOL.COM.

10.      Documents sufficient to identify the person or entity that pays income taxes on
the profits earned from sales made by J & S Merchandising.