Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Quality King Fragrance, Inc.
and Quality King Distributors, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD.,<br><br>Defendants. | Civil Action No.<br>07 Civ. 3214 (LBS)(HP) |
| QUALITY KING FRAGRANCE, INC.,<br><br>Third Party Plaintiff,<br><br>- against -<br><br>J&H COSMETICS, LTD.,<br><br>Third Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF QUALITY KING FRAGRANCE, INC.'S AND QUALITY KING DISTRIBUTORS, INC.'S MOTION TO AMEND TO ADD GERALD SCHMELTZER AS A THIRD PARTY DEFENDANT**

## PRELIMINARY STATEMENT

Third Party Plaintiff Quality King Fragrance, Inc. ("QK Fragrance") and Defendant/Proposed Third Party Plaintiff Quality King Distributors, Inc. ("QKD") seek leave to add Gerald Schmeltzer as a third party defendant to this lawsuit. Recent disclosures by counsel for J&H Cosmetics, Ltd. ("J&H") and for Mr. Schmeltzer unequivocally confirm that Mr. Schmeltzer is the "moving, active conscious force" behind J&H and the acts of infringement and unfair competition which form the basis of the Third Party Complaint. Under well-established law, Mr. Schmeltzer is therefore personally liable for these acts of infringement and unfair competition, especially given that he is J&H's president, sole officer, sole director, sole shareholder; and the only person with knowledge of the transactions giving rise to this lawsuit. Given: (1) the liberal policy in favor of permitting amendments; (2) that J&H faces no prejudice by this proposed amendment, and; (3) that permitting amendment will avoid the inefficiency of filing a separate action against Mr. Schmeltzer followed by a motion to consolidate (and thus conserve judicial resources), QK Fragrance and QKD respectfully request that this Court grant leave to amend. A copy of the proposed Amended Third Party Complaint is attached as Exhibit A to the July 25, 2008 Declaration of Andre K. Cizmarik ("Cizmarik Decl."), submitted herewith.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This action was commenced in March of 2007 by Plaintiffs Yves Saint Laurent Parfums, S.A. and YSL Beauté, Inc. (collectively, "YSL") against Costco Wholesale Corp. ("Costco") as the only defendant, and relating only to alleged repackaging of lipstick and mascara. On November 7, 2007, Judge Henry Pitman issued a Memorandum Opinion and Order which permitted YSL to amend its complaint to add trademark infringement claims against Costco,

QKD and J&H, relating to Opium® brand perfume.[1] Thereafter, on November 14, 2007, Judge Sand entered an Order making it unlawful for J&H (along with "its subsidiaries, affiliates, divisions, agents, servants, employees and representatives, and all those acting in active concert with them"), inter alia, to "transfer, consign, sell, ship or otherwise move any OPIUM brand product." (Docket No. 31.)

On November 21, 2007, QKD filed its Answer together with crossclaims against J&H. (Docket No. 35.) The same day, QK Fragrance – the real party in interest which should have been named instead of QKD – filed a third party complaint against J&H (Docket No. 42), given that J&H had sold the Opium® brand fragrance at issue to QK Fragrance. (Id.) Thereafter, document discovery commenced. On January 7, 2008, Judge Pitman held a hearing and (inter alia) determined that no cause existed for the expedited trial date YSL had demanded. (Docket No. 48.)

Over the ensuing months, the parties engaged in settlement discussions. By three successive endorsed letters dated February 8, March 7 and March 25, 2008, Judge Pitman granted the parties' joint requests for a discovery standstill, including a suspension of all depositions (which had yet-to-begin) to foster exploration of settlement. (Docket Nos. 58, 59, 60.) J&H, however, insisted that there be an exception reserving its right to bring to the Court's attention discovery disputes it might have regarding documents it was seeking from QK Fragrance. (Id.) J&H has not done so.

[1] The pretrial order dated July 7, 2007 (entered 4 months prior to QKD, QK Fragrance and J&H becoming parties in the case) set the last day to amend the pleadings as July 17, 2007 (Docket No. 6), though this date was extended to October 16, 2007 by Judge Sand. (Docket No. 19.) Nevertheless, even that October deadline pre-dated QKD's and QK Fragrance's involvement in the case.

On April 29, 2008, YSL settled its claims against Costco, QK Fragrance and QKD (the "Settling Defendants"). (Docket No. 62.) The only claims that remained were those of YSL, QKD and QK Fragrance against J&H. Those remaining claims include causes of action brought by QK Fragrance and QKD against J&H for breach of contract, trademark infringement, false advertising, unfair competition, breach of warranty, indemnity, contribution and a declaration for attorneys fees. (Docket Nos. 35, 42.)

Since termination of the discovery standstill, J&H has not noticed or pursued any additional discovery. QK Fragrance has. However, J&H sought protection from all discovery because of the illness of Mr. Schmeltzer. As discussed below, the deposition of Mr. Schmeltzer by QK Fragrance has been adjourned sine die as a result. Since Mr. Schmeltzer is J&H's 30(b)(6) designee, that necessarily means that QK Fragrance's deposition of J&H has also been adjourned sine die.

**The Inter-relationship of J&H Cosmetics, Ltd., J&H Fragrance, Inc., J&S Merchandising and Gerald Schmeltzer**

Counsel for J&H sent an April 17, 2008 letter to Judge Pitman informing that Gerald Schmeltzer, "the principal of J&H Cosmetics, Ltd." had been unexpectedly hospitalized for emergency heart surgery, and had suffered complications. (Cizmarik Decl., Ex. B.) J&H's counsel requested a minimum four-month extension of all deadlines in this matter. Id. By Order dated April 23, 2008, Judge Pitman granted this request to the extent of adjourning Mr. Schmeltzer's deposition sine die, and ordered counsel to provide a status report on his condition by May 30, 2008. (Cizmarik Decl., Ex. C.)

On April 28, 2008, counsel for J&H sent a letter to Judge Pitman asking him to reconsider his April 23, 2008 Order. (Cizmarik Decl., Ex. D.) That letter erased any question

about the control Mr. Schmeltzer exercises over J&H and his knowledge concerning the allegedly counterfeit Opium® product:

> Mr. Schmeltzer is not just a single witness in this case but is the sole officer, director and shareholder of J&H Cosmetics, Ltd. and the only individual with knowledge and authority to advise us on this matter.

Id. (emphasis added.)

Subsequently, QK Fragrance pursued additional party discovery from J&H, as well as non-party discovery from Mr. Schmeltzer and an entity known as J&S Merchandising ("J&S"), which is a virtual store selling perfumes and fragrances on eBAY.com with the e-mail address "JerryBoy57@aol.com. (Cizmarik Decl., ¶6.) It appears that J&S' operations are based out of 58 Eagle Chase, Woodbury, NY 11797, which is also the address of J&H, as well as the personal residence of Gerald Schmeltzer. Id. Moreover, J&H's counsel confirmed that "JerryBoy57@aol.com is Gerald Schmeltzer." Id. Mr. Schmeltzer's counsel also advised in a July 15 letter that Mr. Schmeltzer was the principal of a second entity (J&H Fragrances, Inc.) and that there is yet a third "corporate entity through which goods are sold through the e-Bay store named J&S Merchandising." (See Cizmarik Decl., Ex. E.) Given Mr. Schmeltzer's intimate involvement with transactions in this case, his unquestionable personal liability (discussed below), and the complete lack of prejudice, this Court respectfully should grant QK Fragrance's and QKD's motion to amend.

## ARGUMENT

### I. LEGAL STANDARD FOR LEAVE TO AMEND

Under Rule 15(a), "a party may amend [its] pleading . . . by leave of Court . . . and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). The statutory command that leave to amend be "freely given" encourages courts to look favorably upon such motions.

Banco Central Del Paraguay v. Paraguay Humanitarian Foundation, Inc., 2003 WL 21543543, *2 (S.D.N.Y. 2003)(citing Foman v. Davis, 371 U.S. 178, 182 (1962), and permitting amendment to name officers of defendant corporation). Leave "should only be denied for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." The Aetna Cas. & Sur. Co., Inc., 404 F.3d 566, 604-05 (2d Cir. 2005). "Delay alone, in the absence of bad faith or prejudice is usually not a sufficient reason for denying a motion to amend." Go v. Rockefeller University, 2008 WL 619039, *4 (S.D.N.Y. 2008)(Pitman, M.J.).

Rule 21, which governs admission of parties to a civil suit, permits their addition "at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. The showing necessary to join parties under Rule 21 is the same as that required under Rule 15(a) for other amendments. Banco Central Del Paraguay, 2003 WL 21543543 at *2.

## II. LEAVE TO AMEND SHOULD BE GRANTED

Neither J&H not Mr. Schmeltzer can establish any of the factors that would warrant denying leave here, and thus the liberal standard of Rule 15 should be given its full effect.

First, J&H and Schmeltzer cannot show futility. Futility is measured against a Fed.R.Civ.P. 12(b)(6) standard, i.e., leave to amend should not be refused due to futility "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Foman, 371 U.S. at 182. There can be no doubt of Mr. Schmeltzer's personal liability under the facts as alleged in the proposed amended third party complaint. The law is indisputably clear that an individual may be liable for acts of trademark infringement and unfair competition perpetrated by a defendant corporation:

> Under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition "if the officer is a 'moving, active

> conscious force behind [the defendant corporation's] infringement.' " Martal Cosmetics, Ltd. v. Int'l Beauty Exchange Inc., 2007 WL 895697, *23 (E.D.N.Y. March 22, 2007) (quoting Bambu Sales, Inc. v. Sultana Crackers, 683 F.Supp. 899, 913 (E.D.N.Y.1988)); see also Gucci, 315 F.Supp.2d at 520, n. 7; West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc., 761 F.Supp. 1041, 1054 (S.D.N.Y.1991). A showing that the officer " 'authorized and approved the acts of unfair competition which are the basis of the corporation's liability is sufficient to subject the officer to personal liability.' " Martal Cosmetics, 2007 WL 895697, at *23 (quoting Bambu Sales, 683 F.Supp. at 913).

Cartier v. Aaron Faber, Inc., 512 F.Supp.2d 165, 170 (S.D.N.Y. 2007) (emphasis added). Counsel for J&H has represented to this Court in writing that Mr. Schmeltzer, and no one else, had personal knowledge of the facts and wholly controlled and operated J&H. (Cizmarik Decl., Ex. D.) Subsequently, Schmeltzer's counsel established during a June 17, 2008 telephone call that Mr. Schmeltzer was the moving, active conscious force behind J&S Merchandising when she confirmed that "JerryBoy57@aol.com is Gerald Schmeltzer" (Cizmarik Decl., ¶6), thereby reinforcing that Mr. Schmeltzer is the main active participant in the fragrance businesses operating out of his home (including J&H). Finally, the documentary evidence produced by J&H in this case so far shows the involvement of no one from J&H other than Mr. Schmeltzer in these Opium® transactions. Thus, despite the fact that QK Fragrance has so far been denied an opportunity to depose any witness of J&H, these recent disclosures by J&H's and Schmeltzer's counsel now reinforce the suggestion from J&H's limited disclosure that Mr. Schmeltzer is in fact the moving force (indeed, the only force) behind the Opium® transactions at issue. Certainly, futility of the amendment cannot be shown.

Second, no undue delay is present. Indeed, any alleged delay in seeking to amend is solely attributable to the fact that QK Fragrance and QKD have been prevented from taking Mr. Schmeltzer's deposition and did not learn until the end of April that Mr. Schmeltzer was the sole J&H representative with knowledge of, and involvement in, the transactions at suit. A status

report on Mr. Schmeltzer's health condition was due May 30, and a subsequent status report was sent June 30, both of which indicated unknown duration of Mr. Schmeltzer's convalescence. QK Fragrance awaited those reports in the hope that his deposition would be forthcoming. Unfortunately, that does not appear to be the case. In the interim, the parties attempted to engage in further settlement negotiations, which, when unsuccessful, necessitated that QK Fragrance and QKD continue litigating this case and file the instant motion.

Third, no bad faith by QK Fragrance or QKD is present here. Only recently did it become clear through the disclosures of J&H's and Schmeltzer's counsel the extent to which Mr. Schmeltzer exercised total dominion and control over J&H, and that no other person at J&H had any knowledge of the purchase and sale of the Opium® brand product at issue here.

Fourth, there is no prejudice to J&H or Schmeltzer. J&H and Mr. Schmeltzer are represented by the same attorneys. See Banco Central Del Paraguay, 2003 WL 21543543 at *4 (despite fact that newly-added party would have to retain his own counsel and that new counsel would have to be "brought up to speed," court permitted amendment where the claims against the new defendants were the same as the claims against the existing defendants). Moreover, J&H's attorneys assert that the case against J&H cannot move forward without Mr. Schmeltzer's deposition testimony. No additional delay is presented by amendment apart from that already occasioned by Mr. Schmeltzer's illness. J&H has not pursued discovery in months, and so appears content with the disclosures it has so far received. Mr. Schmeltzer will experience no prejudice because he has been intimately involved in the litigation since its inception. Indeed, Mr. Schmeltzer appeared as J&H's representative at the first mediation on December 14, 2007. Further, Mr. Schmeltzer also was identified in J&H's December 21, 2007 interrogatory responses as the person at J&H most knowledgeable about all purchases and sales of Opium® as

well as the person most knowledgeable about efforts undertaken by J&H to test or otherwise determine the authenticity or genuiness of Opium® sold to QK Fragrance.[2] Additionally, as noted above, J&H's counsel represented that Mr. Schmeltzer would be J&H's Rule 30(b)(6) designee. Mr. Schmeltzer will face the same causes of action stated against his company that he and his attorneys have been defending since the inception of the case.

Finally, judicial economy favors an amendment here, as it avoids the necessity of having QK Fragrance and QKD file a separate lawsuit against Mr. Schmeltzer that would then likely be consolidated with this lawsuit in any event.

**CONCLUSION**

For the above stated reasons, QK Fragrance and QKD respectfully request that this Court grant leave to amend in the form of the proposed Amended Third Party Complaint.

Dated: New York, New York
July 28, 2008

EDWARDS ANGELL PALMER & DODGE LLP

Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Attorneys for Quality King Fragrance, Inc.
and Quality King Distributors, Inc.

NYC 308269.1

[2] Although Mr. Schmeltzer was identified in December 2007 as the "person most knowledgeable," it was not until April 23 that J&H made plain that Mr. Schmeltzer was the "only individual with knowledge and authority." (Cizmarik Decl., Ex. D) (emphasis added).