UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| YVES SAINT LAURENT PARFUMS S.A. and YSL BEAUTE INC., | ) ) ) ) | Civil Action No. 07 Civ. 3214 (LBS)(HP) |
| Plaintiffs, | ) ) ) |  |
| - against - | ) ) ) | **DECLARATION OF MELISSA** |
| COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS, LTD., | ) ) ) ) ) | **CORWIN IN OPPOSITION TO QUALITY KING FRAGRANCE, INC.'S AND QUALITY KING DISTRIBUTOR, INC.'S MOTION** |
| Defendants. | ) ) ) | **TO AMEND TO ADD GERALD SCHMELTZER AS A DEFENDANT** |

-------------------------------------------------------------x

|  |  |
|---|---|
| QUALITY KING FRAGRANCE, INC., | ) ) |
| Third-Party Plaintiff, | ) ) ) |
| -against- | ) ) ) |
| J & H COSMETICS, LTD., | ) ) ) |
| Third-Party Defendant. | ) ) ) |

-------------------------------------------------------------x

I, Melissa Corwin, declare the following under penalty of perjury:

1.     I am an attorney duly admitted to practice in the States of New York and New Jersey and before the bar of this Court, and am counsel to the firm of Somer & Heller LLP, which represents J&H Cosmetics, Ltd. ("J&H") and Gerald Schmeltzer. I submit this declaration upon personal knowledge and in opposition to Quality Fragrance, Inc.'s ("QK Fragrance") and Quality King Distributors, Inc.'s ("QKD") motion to amend to add Gerald Schmeltzer as a third-party defendant.

2.    Annexed as **Exhibit "A"** hereto is a true and correct copy of the Answer and Crossclaims of Defendant and Cross-Claim Plaintiff QKD, and the Third Party Complaint of QK Fragrance. The Court is respectfully referred to page 17 paragraph 9, which states "The Complaint incorrectly names QKD as a defendant given that QKD never bought or sold any of the merchandise at issue in this lawsuit".

3.    Annexed as **Exhibit "B"** hereto is a true and correct copy of a December 19, 2007 letter from Anthony J. Viola, Esq. (counsel to QK Fragrance and QKD) to Louis S. Ederer, Esq. (counsel to Plaintiffs) stating that QKD is "not a proper defendant because it did not buy and sell the Opium perfume that is the subject of this lawsuit".

4.    Annexed as **Exhibit "C"** hereto is a true and correct copy of Defendant QKD's Responses and Objections to Plaintiffs' Amended First Request for Production of Documents and Things, which states at page 2, "QKD did not buy or sell the Opium perfume which is the subject of this lawsuit".

5.    Annexed as **Exhibit "D"** hereto is a true and correct copy of Defendant QKD's Answers and Objections to Plaintiffs' First Set of Interrogatories, which states at page 2: ". . . QKD did not buy or sell to defendant Costco Wholesale Corporation ("Costco") any Opium perfume. QKD is not even in the fragrance business."

6.    Upon information and belief, based upon references to various correspondence and other discovery within the above-referenced exhibits, there is further documentation produced by QKD stating that it is not a proper party to the suit, which disclosures/correspondence may have taken place prior to J&H's interposition of an Answer in this matter and accordingly are not submitted herewith.

7.    On or about December 14, 2007 the undersigned attended a conference

before Magistrate Judge Pitman at which conference Anthony J. Viola, Esq., counsel to

QKD, represented to the parties and to the Court that QKD was not a proper party in this

action and had no relationship with J&H.

Dated: August 28, 2008

MELISSA CORWIN

# EXHIBIT "A"

Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Defendant Quality King Distributors, Inc. and
Third Party Plaintiff Quality King Fragrance, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., | Civil Action No. 07 Civ. 3214 (LBS)(HP) |
| Plaintiffs, | |
| - against - | **ANSWER AND CROSSCLAIMS** |
| COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD., | |
| Defendants. | |
| QUALITY KING FRAGRANCE, INC., | |
| Third Party Plaintiff, | |
| -against - | |
| J&H COSMETICS, LTD., | |
| Defendant. | |

Defendant and Cross-claim Plaintiff Quality King Distributors, Inc. ("QKD") by and

through its attorneys, Edwards Angell Palmer & Dodge LLP, by way of its answer to the

Supplemental Proposed Second Amended Complaint ("Complaint") of Yves Saint Laurent

Parfums, S.A. and YSL Beauté (collectively, "YSL"), and for its cross-claims, states as follows

upon personal knowledge as to its own acts and otherwise upon information and belief:

## ANSWER

1.    Paragraph 1 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, QKD denies the allegations of paragraph 1 of the Complaint.

2.    Paragraph 2 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, QKD denies the allegations of paragraph 2 of the Complaint, except admits that Plaintiffs purport to invoke jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a).

3.    Paragraph 3 of the Complaint asserts conclusions of law to which no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint except admits that QKD is registered to do business and does business within New York State.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.    Admits the allegations of paragraph 7 of the Complaint, but avers that QKD is not a proper defendant in this action because it never sold the perfume in question to defendant Costco Wholesale Corporation.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.    Paragraph 11 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.    Paragraph 14 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29.    Denies the allegations of paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, except admits that YSL contacted QKD about alleged counterfeit Opium® perfume.

31.    QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint as they relate to the other defendants.  QKD further denies the allegations of paragraph 31 of the Complaint as they relate to QKD except admits that YSL sought the names of QKD's customers who purchased Opium® perfume.  QKD avers that it was not until October 29, 2007 that YSL informed QKD for the first time of the amorphous claim that one of the tested products contained an extra ingredient, notwithstanding the fact that YSL knew of the alleged presence of the ingredient since late September 2007. QKD further avers that YSL's demands for information were unreasonable, as evidenced by the Court's denial of the expedited discovery demanded by YSL.

32.    Denies the allegations of paragraph 32.

33.    Denies the allegations of paragraph 33.

<u>FIRST CLAIM FOR RELIEF</u>

34.    QKD's responses to paragraphs 1-33 are realleged and incorporated by reference as if set forth in full.

35.    Denies the allegations of paragraph 35 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 relating to the other defendants.

36.    Denies the allegations of paragraph 36 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 relating to the other defendants.

37.    Denies the allegations of paragraph 37 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 relating to the other defendants.

38.    Denies the allegations of paragraph 38 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 relating to the other defendants.

39.    Denies the allegations of paragraph 39 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 relating to the other defendants.

40.    Denies the allegations of paragraph 40 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 relating to the other defendants.

41.    Denies the allegations of paragraph 41.

SECOND CLAIM FOR RELIEF

42.    QKD's responses to paragraphs 1-41 are realleged and incorporated by reference as if set forth in full.

43.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

## THIRD CLAIM FOR RELIEF

51.    QKD's responses to paragraphs 1-50 are realleged and incorporated by reference as if set forth in full.

52.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.     This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

<u>FOURTH CLAIM FOR RELIEF</u>

60.     QKD's responses to paragraphs 1-59, above, are realleged and incorporated by reference as if set forth in full.

61.     This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.     This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.     This claim is not directed at QKD and therefore no response is required. To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

<u>FIFTH CLAIM FOR RELIEF</u>

67.     QKD's responses to paragraphs 61-66, above, are realleged and incorporated by reference as if set forth in full.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     Paragraph 69 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71.     Denies the allegations of paragraph 71 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 relating to the other defendants.

72.    Denies the allegations of paragraph 72 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 relating to the other defendants.

73.    Denies the allegations of paragraph 73 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 relating to the other defendants.

74.    Denies the allegations of paragraph 74 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 relating to the other defendants.

75.    Denies the allegations of paragraph 75 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 relating to the other defendants.

76.    Denies the allegations of paragraph 76.

<u>SIXTH CLAIM FOR RELIEF</u>

77.    QKD's responses to paragraphs 1-76 are realleged and incorporated by reference as if set forth in full.

78.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.    This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.     This claim is not directed at QKD and therefore no response is required.  To the extent that a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

SEVENTH CLAIM FOR RELIEF

83.     QKD's responses to paragraphs 1-82, above, are realleged and incorporated by reference as if set forth in full.

84.     Denies the allegations of paragraph 84 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 relating to the other defendants.

85.     Denies the allegations of paragraph 85 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 relating to the other defendants.

86.     Denies the allegations of paragraph 86 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 relating to the other defendants.

87.     Denies the allegations of paragraphs 87.

## EIGHTH CLAIM FOR RELIEF

88.    QKD's responses to paragraphs 1-87, above, are realleged and incorporated by reference as if set forth in full.

89.    Denies the allegations of paragraph 89 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 relating to the other defendants.

90.    Denies the allegations of paragraph 90 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 relating to the other defendants.

91.    Denies the allegations of paragraph 91 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 relating to the other defendants.

92.    Denies the allegations of paragraph 92 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 relating to the other defendants.

93.    Denies the allegations of paragraph 93.

## NINTH CLAIM FOR RELIEF

94.    QKD's responses to paragraphs 1-93 are realleged and incorporated by reference as if set forth in full.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96.    Paragraph 96 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint.

97.    Paragraph 97 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, QKD denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

98.    Denies the allegations of paragraph 98 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 relating to the other defendants.

99.    Denies the allegations of paragraphs 99 as to QKD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 relating to the other defendants.

100.    Denies the allegations of paragraphs 100.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs unduly delayed giving notice to the trade or to QKD as to the likely or actual presence of alleged counterfeit products in the market.  Plaintiffs, therefore, acquiesced in the distribution and sale of these products and prevented QKD from having knowledge that the alleged counterfeit products were in the market.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of estoppel, laches and waiver.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages, if any.

FIFTH AFFIRMATIVE DEFENSE

No act or conduct of QKD caused any damages or injury to Plaintiffs.

WHEREFORE, QKD demands judgment dismissing the Complaint as against it with prejudice in its entirety, with YSL taking nothing of QKD by this Complaint, and awarding QKD its costs, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

## CROSSCLAIMS/THIRD PARTY COMPLAINT AGAINST DEFENDANT J & H COSMETICS, LTD

Defendant QKD and Third Party Plaintiff Quality King Fragrance, Inc. ("QK Fragrance"), by and through their attorneys, Edwards Angell Palmer & Dodge LLP, for their crossclaims/third party complaint, state as follows upon personal knowledge as to themselves and their own acts and otherwise upon information and belief:

### The Parties

1.      QKD is a corporation organized under the laws of the State of New York with an office in Ronkonkoma, New York.  QKD is engaged, inter alia, in the wholesale purchase and sale of health and beauty aids.

2.      QK Fragrance is a corporation organized under the laws of the State of Delaware with an office in Ronkonkoma, New York.  QK Fragrance is engaged, inter alia, in the wholesale purchase and sale of fragrances.

3.    J&H Cosmetics, Ltd. ("J&H") is a corporation organized under the laws of the State of New York with an office in Woodbury, New York.

4.    J&H is engaged, <u>inter alia</u>, in the wholesale purchase and sale of fragrances. J&H is a merchant as defined in applicable state law.

Jurisdiction

5.    Personal jurisdiction is proper over J&H pursuant to Fed. R. Civ. P. Rule 4(k)(1) and N.Y. C.P.L.R. §§ 301 and 302.

6.    The Court has jurisdiction pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 1331 and 1338, and principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

7.    The claims set forth herein arise out of and are part of the same transaction or occurrences as alleged in the Complaint (as defined *supra*) of plaintiff YSL, and the determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that will result if QK Fragrance and/or QKD were required to defend YSL's claims, and then bring a separate action against J&H for, <u>inter alia</u>, indemnification of any sum or sums which QK Fragrance and/or QKD may be compelled to pay as a result of any damages, judgment or other awards arising out of the transactions or occurrences which are the subject matter hereof.

Facts

8.    YSL has filed the Complaint against QKD arising out of QKD's alleged sale to Costco Wholesale Corporation ("Costco") of allegedly counterfeit Opium® perfume, which is a trademark of YSL.

- 16 -

9.    The Complaint incorrectly names QKD as a defendant given that QKD never bought or sold any of the merchandise at issue in this lawsuit.  However, to the extent QKD has any liability, it has claims over against J&H.

10.    From time to time, QK Fragrance has purchased merchandise from J&H, including without limitation the Opium® brand perfume at issue in this lawsuit.  QK Fragrance made these purchases pursuant to the terms of its standard form purchase order, which it transmitted to J&H.

11.    By accepting these purchase orders and shipping the merchandise pursuant to these purchase orders, J&H agreed to be bound by their terms.

12.    The purchase orders' terms include the promises, warranties and representations by J&H that the merchandise to be shipped "WAS OBTAINED BY SUPPLIER WITHOUT FRAUD, MISREPRESENTATION OR VIOLATION OF ANY STATUTE, REGULATION OR ADM COURT ORDER," "CAN LAWFULLY BE DISTRIBUTED IN THE U.S.A. IN ITS PRESENT FORM AND PACKAGING," and "IS NOT THE SUBJECT OF ANY LEGAL OR CONTRACTUAL RESTRICTION ON ITS RESALE BY SUPPLIER TO QUALITY KING FRAGRANCE INC."

13.    To the extent that QK Fragrance has any liability, it has claims over against J&H.

<u>FIRST CLAIM FOR RELIEF</u>
(Breach of Contract)

14.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

15.    J&H sold various quantities of Opium® perfume to QK Fragrance and/or QKD, which was thereafter sold to Costco. YSL has alleged that such merchandise was counterfeit. If true, J&H materially breached its express contractual warranties made in conjunction with those sales.

16.    The goods were purchased in order to be resold in the ordinary course of business.

17.    As a result of J&H's alleged or potential breach of contract, QK Fragrance and/or QKD has received, and/or anticipates receiving, returns of these products from certain of its customers, has voluntarily agreed to refrain from selling the products pending a determination as to their genuiness, is facing possible liability to YSL and/or Costco, including the cost of defense and its own attorneys fees, and has been damaged in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
(Federal False Description and False Designation of Origin In Commerce)

18.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

19.    Assuming the allegations of the Complaint to be true, then J&H, in connection with the alleged counterfeit products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which was likely to cause confusion or to cause mistake, or to deceive as to the approval of the goods at issue by their original manufacturer. Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(A).

20.    QK Fragrance and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

### THIRD CLAIM FOR RELIEF
(Federal False Advertising)

21.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding

paragraphs as though fully set forth herein.

22.    Assuming the allegations of the Complaint to be true, then J&H, in connection

with the sale of the alleged counterfeit products, used a word, term, name, symbol, or device or

any combination thereof, or a false designation of origin, false or misleading description of fact

or false or misleading representation of fact, which in commercial advertising or promotion,

misrepresented the nature, characteristics, qualities or geographic origin of the alleged

counterfeit products.  Such conduct constitutes a violation of 15 U.S.C. § 1125(a)(1)(B).

23.    QK Fragrance and QKD have been and continue to be damaged by J&H's above-

stated alleged activities and conduct.

### FOURTH CLAIM FOR RELIEF
(Breach of Statutory Warranty)

24.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding

paragraphs as though fully set forth herein.

25.    Based on the above-alleged conduct of J&H and assuming that the allegations of

the Complaint are accurate, J&H has materially breached the statutory warranties provided for in

applicable state law, including but not limited to N.Y. U.C.C. §§ 2-312 and 2-314, that title to

goods be good, that the transfer of the goods be rightful, that the goods be free of the rightful

claim of any third party by way of infringement or the like, and that the goods possess the ability

to pass without objection in the trade.

26.    Accordingly, J&H is liable for all injuries to QK Fragrance and/or QKD that have

proximately resulted from J&H's breach of warranty, including but not limited to, the purchase

price, value of genuine goods, lost profits, costs, expenses and any potential liability and defense

costs incurred by QK Fragrance or QKD arising from the purchase and sale of allegedly

counterfeit Opium® perfume from J&H.

FIFTH CLAIM FOR RELIEF
(Equitable Indemnity)

27.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding

paragraphs as though fully set forth herein.

28.    QK Fragrance and QKD are in no way responsible for the acts alleged in the

Complaint or any claims asserted by any person or entity.

29.    Upon information and belief, the alleged liability of QKD as set forth in the

Complaint, if established, would be a direct and proximate result of the conduct of J&H.

30.    Upon information and belief, any alleged liability of QK Fragrance, if established,

would be a direct and proximate result of the conduct of J&H.

31.    QK Fragrance and QKD are entitled to indemnification from J&H for any sums

paid as a result of any damages, judgments or other awards recovered against them, and for all

other loss or damage that QK Fragrance and/or QKD may sustain because of any claims asserted

against them, including costs and attorney's fees incurred to date and any additional costs and

expenses, including costs of investigation and reasonable attorney's fees.

32.    The exact amount of QK Fragrance's and QKD's damages is not known at this

time, and QK Fragrance and QKD seek leave to set forth the full amount of its damages pursuant

to the pretrial procedures of this court and the Federal Rules of Civil Procedure.

## SIXTH CLAIM FOR RELIEF
(Equitable Contribution)

33.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

34.    QK Fragrance and QKD have denied any responsibility whatsoever with respect to the liability for damages allegedly incurred by Costco.

35.    If it should be found that QK Fragrance and/or QKD are in some manner liable, then any damages awarded against them were proximately caused or contributed to by the conduct of J&H.

36.    It is necessary that a prorated degree of negligence and/or fault, or other culpable conduct of third party defendant be determined and prorated so that QK Fragrance and QKD will not be required to pay more than their prorated share of any judgment or other award, if any, and to pay only according to the degree of negligence and/or fault attributed to QK Fragrance and/or QKD, if any.

## SEVENTH CLAIM FOR RELIEF
(Declaratory Judgment)

37.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

38.    An actual controversy exists between QK Fragrance and QKD on the one hand and J&H on the other hand in that QK Fragrance and QKD contend that if they are to be held liable to YSL, Costco, or any other party, either in damages or for attorney's fees, J&H is liable to QK Fragrance and QKD for any such sums, and that in all events J&H is also liable for the payment of QK Fragrance's and QKD's reasonable attorney's fees and costs incurred in defense of this action.

- 21 -

39.    J&H denies any such liability.

40.    QK Fragrance and QKD request a declaratory judgment that J&H is required to pay the costs of defense as incurred by QK Fragrance and QKD in this action, and to further provide for indemnification and/or contribution in connection with any liability that may be adjudged against QK Fragrance and/or QKD, whether in damages or for attorney's fees .

41.    Such a determination is appropriate and necessary in that QK Fragrance and QKD have no adequate or speedy remedy at law and the request of such a judicial determination will avoid a multiplicity of suits, resulting in judicial economy and furtherance of the interest of justice.

### EIGHTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

42.    QK Fragrance and QKD repeat and reallege the allegations of all of the preceding paragraphs as though fully set forth herein.

43.    Based on the allegations made against QKD and assuming them to be true as against either QK Fragrance or QKD, the above-alleged conduct, including J&H's alleged "palming off" of alleged counterfeit merchandise as genuine products, and alleged encouraging or permitting others to palm-off alleged counterfeit product for genuine, constitutes unfair competition under applicable common law.

44.    QK Fragrance and QKD have been and continue to be damaged by J&H's above-stated alleged activities and conduct.

### DEMAND FOR RELIEF
(As to Cross-claims/Third Party Complaint)

WHEREFORE, QK Fragrance and QKD demand judgment in their favor on their cross-claims/third party complaint against J&H as follows:

- 22 -

A)    Awarding damages in three times the amount of QK Fragrance's and QKD's actual damages incurred by reason of the facts and occurrences alleged herein;

B)    Awarding compensatory damages;

C)    Awarding punitive damages;

D)    Declaring that J&H have duties of defense, indemnification, contribution and to hold QK Fragrance and QKD free and harmless from any and all cost, expense or liability in connection with any claim against them arising out of the transactions or occurrences which are the subject matter hereof;

E)    Declaring that J&H pay the costs of defense of this action (and any related actions) as incurred by QK Fragrance and/or QKD; and

F)    Awarding QK Fragrance and QKD such other and further relief to which they may be entitled in law and equity, including recovery of their costs and attorney's fees.

Dated:  New York, NY
        November 21, 2007

_____
Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
Quality King Distributors, Inc. and Third Party
Plaintiff Quality King Fragrance, Inc.
750 Lexington Avenue
New York, NY  10022
(212) 308-4411

**EXHIBIT "B"**

# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY  10022  212.308.4411  fax 212.308.4844  eapdlaw.com

Anthony J. Viola
212.912.2827
aviola@eapdlaw.com

December 19, 2007

**VIA FACSIMILE**

Louis S. Ederer, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022-4690

      Re:   <u>Yves Saint Laurent v. Costco Wholesale Corp., 07 cv 3214 (LBS)(HP)</u>

Dear Mr. Ederer:

This responds to your December 17, 2007 letter concerning Quality King Fragrance, Inc.'s ("QK Fragrance") responses and objections to YSL's document demands and interrogatories.

We advised you as early as November 6 that Quality King Distributors, Inc. ("QKD") was not a proper defendant because it did not buy and sell the Opium perfume that is the subject of this lawsuit. Moreover, that same day, we voluntarily informed you that QK Fragrance was the party that purchased the Opium perfume from J&H and thereafter re-sold it to defendant Costco Wholesale Corporation ("Costco"). Our November 6 submission to the Court, which identified QK Fragrance as the entity that sold Opium to Costco, cleared up any confusion as to that matter. For whatever reason, you ignored this advice and pursued the Second Amended Complaint against QKD – not QK Fragrance – and on November 14 you also served a first set of document demands on QKD, not QK Fragrance. Only one week later, on November 21, QKD made plain in response to your first set of document requests that QKD had no responsive documents. We also informed you again on November 21 that QK Fragrance was the party that sold Opium® perfume to Costco. And although QK Fragrance had no obligation whatsoever to produce any documents in response to the document demand directed at QKD, QK Fragrance nonetheless voluntarily produced documents on November 30.

For whatever reason, you chose to ignore our advice and declined to serve any discovery on QK Fragrance. Now after again having made plain for the third time in QKD's discovery responses served on December 17 that QK Fragrance – not QKD – is the proper party to this litigation, you improperly demand that QK Fragrance deem itself to have been served and answer your discovery demands in less than two (2) business days. Despite the expedited discovery schedule in this case, your demand for a two-day turnaround time is wholly inappropriate, especially given that you have known for almost 6 weeks that QK Fragrance was the proper party. Parenthetically, we note that your office has responded to Costco's request for a prompt turnaround in a discovery matter by stating "[w]e will not, however, be in a position to respond by the artificial deadline set forth in your letter" and "intend to respond [to your discovery

# EDWARDS ANGELL PALMER & DODGE LLP

Louis S. Ederer, Esq.
December 19, 2007
Page 2

requests] in due course." See December 17, 2007 letter of Louis Ederer to Darcy Goddard. If you wish to obtain discovery from QK Fragrance, please serve us with discovery demands directed to QK Fragrance, and we will respond "in due course."

Finally, in response to your request that QK Fragrance consent to being added as a defendant in this suit, we would be agreeable to having QK Fragrance substituted in place of QKD in the Second Amended Complaint. Please advise us how you wish to proceed.

Very truly yours,

Anthony J. Viola/AKC

Anthony J. Viola

cc:    James Dabney, Esq. (via facsimile)

NYC_289009_1.DOC

# EXHIBIT "C"

Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Quality King Distributors, Inc.
and Quality King Fragrance, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., | Civil Action No. 07 Civ. 3214 (LBS)(HP) |
| Plaintiffs, | **DEFENDANT QUALITY KING DISTRIBUTORS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| - against - | |
| COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD., | |
| Defendants. | |
| QUALITY KING FRAGRANCE, INC., | |
| Third Party Plaintiff, | |
| - against - | |
| J&H COSMETICS, LTD., | |
| Third Party Defendant. | |

Quality King Distributors, Inc. ("QKD"), by and through its attorneys Edwards, Angell, Palmer & Dodge LLP, provides the following objections and responses to plaintiffs' Yves Saint Laurent Parfums, S.A. and YSL Beauté (collectively, "YSL") Amended First Request for Production of Documents and Things to Defendant Quality King Distributors, Inc. ("Request"):

## General Objection

QKD has advised YSL's counsel in the letter of Anthony J. Viola to the Court dated November

6, 2007, and via the November 6, 2007 Declaration of Raymond Pieriorgi, that QKD did not buy

or sell the Opium® perfume which is the subject of this lawsuit.   Rather, Quality King Fragrance

("QK Fragrance"), an entity with a separate and distinct corporate existence and business from

QKD, was the entity that sold Opium® perfume to defendant Costco Wholesale Corporation.

This Request should have been directed instead to QK Fragrance.  This General Objection shall

be deemed incorporated into each response to each specific request.

### Request A:

Produce and/or make available for inspection and copying all documents, including un-redacted

transactional documents, invoices and correspondence, relating to:  (1) Quality King's purchase

of OPIUM Products at issue in plaintiffs' Second Amended Complaint from J & H Cosmetics

Ltd. during the last twelve months; and (2) Quality King's sale of the OPIUM Products at issue in

plaintiffs' Second Amended Complaint to Costco Wholesale Corporation during the last twelve

months by 5:00 p.m. on November 21, 2007, at the offices of Arnold & Porter LLP, 399 Park

Avenue, New York, New York 10022.

### Response:

QKD objects because plaintiffs are not authorized to seek expedited document discovery from

QKD.  Subject to and without waiver of the foregoing general and specific objections, there are

no responsive documents.

NYC_287124_1.DOC

**Request B:**

Make available for inspection from its undistributed inventory of goods bearing the OPIUM

(U.S. Trademark Reg. No. 1,082,145) or the OPIUM FLOWER design (U.S. Trademark Reg.

No. 3,041,860) mark a representative sample from each supplier of such goods to Quality King

Distributors, Inc. by 5:00 p.m. on November 21, 2007, or at such mutually convenient and upon

date and time.

**Response:**    Subject to and without waiver of the foregoing general objection, there are no

responsive Opium® perfume products in QKD's inventory.


Dated:    New York, New York
          November 21, 2007

                              EDWARDS ANGELL PALMER & DODGE LLP


                              _____
                              Anthony J. Viola
                              Andre K. Cizmarik
                              Paul E. Dans
                              750 Lexington Avenue
                              New York, NY 10022
                              (212) 308-4411
                              Attorneys for Quality King Distributors, Inc.
                              and Quality King Fragrance, Inc.

NYC_287124_1.DOC

**EXHIBIT "D"**

Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Quality King Distributors, Inc.
and Quality King Fragrance, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., | Civil Action No. 07 Civ. 3214 (LBS)(HP) |
| Plaintiffs, | |
| - against - | |
| COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD., | **DEFENDANT QUALITY KING DISTRIBUTORS, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| Defendants. | |
| QUALITY KING FRAGRANCE, INC., | |
| Third Party Plaintiff, | |
| - against - | |
| J&H COSMETICS, LTD., | |
| Third Party Defendant. | |

Defendant Quality King Distributors, Inc. ("QKD"), through its attorneys, Edwards

Angell Palmer & Dodge, LLP, hereby objects and provides the following answers to the First Set

of Interrogatories Directed to Defendant Quality King Distributors, Inc., (the "Interrogatories")

propounded by plaintiffs Yves Saint Laurent Parfums, S.A. and YSL Beauté (collectively,

"YSL"):

## GENERAL OBJECTIONS

QKD makes the following General Objections to the Interrogatories. These General Objections are incorporated by reference into QKD's response to each individual Interrogatory, to the extent applicable, whether or not stated in any individual response.

1.    QKD and Third Party Plaintiff Quality King Fragrance ("QK Fragrance") have advised YSL's counsel in the letter of Anthony J. Viola to the Court dated November 6, 2007, and via the November 6, 2007 Declaration of Raymond Pieriorgi, that QKD did not buy or sell to defendant Costco Wholesale Corporation ("Costco") any Opium® perfume. QKD is not even in the fragrance business. Rather, Quality King Fragrance ("QK Fragrance"), an entity with a separate and distinct corporate existence and business from QKD, sold Opium® perfume to defendant Costco. That notwithstanding, YSL has declined to serve any discovery on QK Fragrance and instead persists in serving discovery on QKD, which has no relevant documents or information. The responses contained herein are solely on behalf of QKD.

2.    QKD objects to the Interrogatories to the extent they exceed the scope of discovery established by the applicable Federal Rules of Civil Procedure or any applicable local rules.

3.    QKD objects to the definition of "Quality King", "You" or "Your" set forth in the Interrogatories as vague and overly broad. For the purposes of the Interrogatories and responses, QKD interprets "Quality King", "You" or "Your" to mean Quality King Distributors, Inc., its employees, officers and directors.

4.    QKD objects to definitions B., C., and D. as vague and overly broad.

5.    QKD objects to the definitions of "OPIUM Products" and "OPIUM Products at Issue" to the extent that such definitions are overly broad and beyond the limitations on

discovery set by Judge Sand at the November 7, 2007 hearing.  For the purposes of the

Interrogatories and responses, QKD interprets "OPIUM Products" to mean 1.6 oz. Opium®

Women's Eau de Toilette and the "juice" thereof (referred to herein as "Opium® EDT").

      6.     QKD objects to the Interrogatories to the extent they fail to specify any relevant

time period.  The facts alleged in the Second Amended Complaint, pertinent to QKD, relate to

YSL's September 17, 2007 purchase of Opium® EDT from a store operated by defendant Costco,

according to sworn declarations previously provided by YSL to the Court.  Accordingly, QKD

limits its below answers to the time frame of September 17, 2006 (12 months prior to YSL's

purchase of allegedly counterfeit Opium® EDT) to the time YSL served its initial Order to Show

Cause on November 4, 2007.

      7.     QKD objects to the Interrogatories insofar as they purport to request information

protected from disclosure by reason of evidentiary privileges preserving the attorney-client

privilege, the work product privilege, and any other applicable statutory or common law

privilege, prohibition, limitation, or immunity from disclosure.

      8.     By its production of any information in response to the Interrogatories, QKD does

not waive any right to object to the admissibility of any such documents or information, at or

before trial or otherwise.  All such objections are expressly reserved.  Specific objections to

individual interrogatories are stated in response to each such interrogatory.  Each of the

foregoing objections is incorporated into each answer to specific interrogatories.

      9.     QKD objects to the Interrogatories to the extent they call for production of

confidential and/or proprietary information or documents which contravene Judge Sand's rulings

at the November 7, 2007 hearing that neither QKD nor QK Fragrance need disclose the identities

of its suppliers.  Any response below which states that QKD will produce information or documents is expressly made subject to this objection.

10.     QKD objects to the Interrogatories to the extent they purport to impose a continuing demand and/or purport to impose any obligation of amendment or supplementation beyond that contained in the Federal Rules of Civil Procedure or any applicable local rules.

11.     QKD objects to the Interrogatories' "Definitions" and "Instructions" to the extent they deviate from, or impose a greater obligation than that set forth in the Federal Rules of Civil Procedure, any local rules or any other applicable law.

12.     QKD will answer the Interrogatories based on the best of its present knowledge, information, and belief.  The answers are, at all times, subject to such additional or different information that discovery or future investigation may disclose, and such additional knowledge or facts as may result from either discovery or investigation.  QKD reserves the right to supplement or amend its answers upon, among other things, discovery of additional facts and materials and other developments in this proceeding.

## INTERROGATORIES

Interrogatory No. 1

Identify by name and address all persons, including all QKD employees, with knowledge of information relevant to your purchase of OPIUM Products, including without limitation, the OPIUM Products At Issue.

Answer to Interrogatory No. 1

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome.  Moreover, QKD objects to the extent that this Interrogatory has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 1 as follows:  None.

Interrogatory No. 2

Identify by name and address all persons, including all QKD employees, with knowledge of information relevant to your sale of OPIUM Products, including without limitation, the OPIUM Products at issue, to Costco.

Answer to Interrogatory No. 2

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome.  Moreover, QKD objects to the extent that this Interrogatory has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 2 as follows:  None.

Interrogatory No. 3

Identify by name and address all persons, including all QKD employees, who have participated in the development, creation, implementation, modification or enforcement of your policies, procedures or protocols for the intake or purchase of goods on the parallel market (*i.e.*, from suppliers outside of the manufacturers' authorized distribution channels) for resale.

Answer to Interrogatory No. 3

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome.  Moreover, QKD objects to the extent that this Interrogatory has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.  The identities of the persons demanded by Interrogatory No. 3 is irrelevant.

Interrogatory No. 4

Identify by name all persons, including all QKD employees, involved in the purchase of OPIUM Products.

Answer to Interrogatory No. 4

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome. Moreover, QKD objects to the extent that this Interrogatory has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 4 as follows: Unknown.

Interrogatory No. 5

Identify by name all persons, including all QKD employees, involved in your purchase of the OPIUM Products At Issue.

Answer to Interrogatory No. 5

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome. Moreover, QKD objects to the extent that this Interrogatory has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 5 as follows: None.

Interrogatory No. 6

Identify any insurance policies that QKD has that might be pertinent to this action.

<u>Answer to Interrogatory No. 6</u>

In addition to its General Objections set forth above and incorporated herein, QKD

objects to this Interrogatory to the extent that this Interrogatory requests information that has no

bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of

admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and

incorporated herein, QKD answers Interrogatory No. 5 as follows:  Continental Casualty

Company (Policy No. GL 2049208810); Everest National Insurance Company (Policy No.

71G6000017-061); RSUI Indemnity Company (Policy No. NHA036728); and Continental

Casualty Company (Policy No. GL 2077469049).


<u>Interrogatory No. 7</u>

Identify all persons, including all QKD employees, that reviewed any invoices from the
manufacturer of OPIUM Products through and including QKD's vendor of OPIUM Products,
including without limitation, J & H.

<u>Answer to Interrogatory No. 7</u>

In addition to its General Objections set forth above and incorporated herein, QKD

objects to this Interrogatory as vague, overly broad and unduly burdensome.  Moreover, QKD

objects to the extent that this Interrogatory requests information that has no bearing on the issues

raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and

incorporated herein, QKD answers Interrogatory No. 7 as follows:  Unknown.


<u>Interrogatory No. 8</u>

Identify all documents reviewed by QKD in connection with QKD's purchase of OPIUM
Products, including without limitation, the OPIUM Products At Issue.

Answer to Interrogatory No. 8

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad, unduly burdensome, and not permitted by Local Civil Rule 33.3. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 8 as follows: None.

Interrogatory No. 9

Identify all persons, including all QKD employees, who reviewed and/or inspected samples of OPIUM Products, including without limitation, the OPIUM Products At Issue.

Answer to Interrogatory No. 9

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 9 as follows: Unknown.

Interrogatory No. 10

Identify all persons, including all QKD employees, who reviewed and/or inspected samples of OPIUM Products following your receipt of YSL's notification letter.

Answer to Interrogatory No. 10

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome. Moreover, QKD

objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 10 as follows: Unknown.

Interrogatory No. 11

Identify all persons, including all QKD employees, who compared samples of OPIUM Products, including without limitation, the OPIUM Products At Issue, with genuine OPIUM products.

Answer to Interrogatory No. 11

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 11 as follows: Unknown.

Interrogatory No. 12

Identify all documents concerning any comparison of OPIUM Products, including without limitation, the OPIUM Products At Issue, with genuine OPIUM products.

Answer to Interrogatory No. 12

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome, and not permitted by Local Rule 33.3. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

- 9 -

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 12 as follows: Unknown.

Interrogatory No. 13

Identify all documents concerning any inspection of the OPIUM Products.

Answer to Interrogatory No. 13

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome, and not permitted by Local Civil Rule 33.3. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 13 as follows: Unknown.

Interrogatory No. 14

Identify all persons familiar with QKD's inventory procedures.

Answer to Interrogatory No. 14

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as vague, overly broad and unduly burdensome, and not permitted by Local Civil Rule 33.3. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence. The identities of the persons demanded by Interrogatory No. 14 is irrelevant.

Interrogatory No. 15

Identify by name and address all persons from whom you have purchased OPIUM Products.

Answer to Interrogatory No. 15

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as overly broad and unduly burdensome. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 15 as follows: None.

Interrogatory No. 16

Identify by name and address all persons to whom you have sold OPIUM Products.

Answer to Interrogatory No. 16

In addition to its General Objections set forth above and incorporated herein, QKD objects to this Interrogatory as overly broad and unduly burdensome. Moreover, QKD objects to the extent that this Interrogatory requests information that has no bearing on the issues raised by the present litigation and is unlikely to lead to the discovery of admissible evidence.

Subject to and without waiving its General or Specific Objections set forth above and incorporated herein, QKD answers Interrogatory No. 16 as follows:  None.

Dated:   New York, New York
         December  17, 2007

                              EDWARDS ANGELL PALMER & DODGE LLP

                              Anthony J. Viola
                              Andre K. Cizmarik
                              Paul E. Dans
                              750 Lexington Avenue
                              New York, NY 10022
                              (212) 308-4411
                              Attorneys for Quality King Distributors, Inc.
                              and Quality King Fragrance, Inc.

- 12 -

## VERIFICATION

STATE OF NEW YORK     )
                        : ss.:
COUNTY OF SUFFOLK    )

     MICHAEL KATZ declares as follows:

     I am the Executive Vice President of Quality King Distributors, Inc.  I have read the foregoing answers to interrogatories, and they are true to the best of my knowledge, information, and belief.

     I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 14th day of December, 2007.

                                          _____
                                          MICHAEL KATZ

NYC_287578_1

- 13 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., | Civil Action No. 07 Civ. 3214 (LBS)(HP) |

Plaintiffs,

- against -

COSTCO WHOLESALE CORPORATION,
QUALITY KING DISTRIBUTORS, INC. and
J & H COSMETICS LTD.,

Defendants.

QUALITY KING FRAGRANCE, INC.,

Third Party Plaintiff,

- against -

J&H COSMETICS, LTD.,

Third Party Defendant.

## CERTIFICATE OF SERVICE

Andre K. Cizmarik, being duly sworn, deposes and says:

I am a member of the Bar of this Court and state the following under penalty of

perjury.  On this 17th day of December 2007, I caused to be served by hand delivery a true and

exact copy of DEFENDANT QUALITY KING DISTRIBUTORS, INC.'S  ANSWERS AND

OBJECTIONS TO PLAINTIFFS' FIRST SET OF  INTERROGATORIES, upon the following:

Louis S. Ederer, Esq.
John Maltbie, Esq.
ARNOLD & PORTER LLP
399 Park Avenue
New York, N.Y. 10022
*Attorneys for plaintiffs*

_____
Andre K. Cizmarik

NYC_288902_1.DOC