UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           )
YVES SAINT LAURENT PARFUMS S.A.                            )   Civil Action No.
and YSL BEAUTE INC.,                                       )   07 Civ. 3214 (LBS)(HP)
                                                           )
                        Plaintiffs,                        )
                                                           )
            - against -                                    )
                                                           )
COSTCO WHOLESALE CORPORATION,                              )
QUALITY KING DISTRIBUTORS, INC.                            )
and J & H COSMETICS, LTD.,                                 )
                                                           )
                        Defendants.                        )
                                                           )
-----------------------------------------------------------x
                                                           )
QUALITY KING FRAGRANCE, INC.,                              )
                                                           )
                        Third-Party Plaintiff,             )
                                                           )
            -against-                                      )
                                                           )
J & H COSMETICS, LTD.,                                     )
                                                           )
                        Third-Party Defendant.             )
                                                           )
-----------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO QUALITY KING FRAGRANCE, INC.'S AND QUALITY KING DISTRIBUTORS, INC.'S MOTION TO AMEND TO ADD <u>GERALD SCHMELTZER AS A THIRD-PARTY DEFENDANT</u>**

1

## PRELIMINARY STATEMENT

Defendant/Third-Party Defendant J&H Cosmetics, Ltd. ("J&H"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to the motion by Third-Party Plaintiff Quality King Fragrance, Inc. ("QK Fragrance") and Defendant/proposed Third-Party Plaintiff Quality King Distributors, Inc. ("QKD") to add Gerald Schmeltzer as a Third-Party Defendant to this lawsuit. This motion is nothing but an act of spite to harass a severely ill individual. The moving papers themselves are replete with documentation that Mr. Schmeltzer is critically ill with heart disease and is attempting to recover from cardiac surgery. Yet, the movants are seeking to frustrate that recovery and further impair Mr. Schmeltzer's fragile health with a motion that has no legal basis.

The motion to amend should be denied because it is futile, unduly delayed and brought in bad faith.

**First,** the gravamen of the motion to amend is that the movants seek contribution and indemnification from Mr. Schmeltzer for the Lanham Act claims brought by the Plaintiffs. However, it is black letter law that there is no right for indemnity or contribution under the Lanham Act. The remainder of the proposed third-party claims are based on a contractual agreement between the movant and J&H. However, Mr. Schmeltzer is not a party to this contract and thus cannot be sued for breach of contract or warranty.

**Second,** this case has been going on for over one year and a half. It is simply untrue, as movants' claim, that they did not know that Mr. Schmeltzer could be potentially liable. Corporations can only act through people, and as readily admitted in the proposed Third-Party Complaint, Mr. Schmeltzer was the one who dealt with QK Fragrance on behalf of J&H for ten

years. They have waited until almost the last possible moment to add him as a party. Here, the delay has prejudiced Mr. Schmeltzer because he has not participated in discovery. Moreover, movants also waited until he was in the midst of recovery from heart surgery to bring this motion.

**Third,** the motion is brought in bad faith because it is legally meritless and is designed to harass a severely ill person so as to extort him into acceding to the other parties' settlement demands.

**Finally,** Defendant QKD's application to now be named as a Third-Party Plaintiff in the third-party action is totally futile and improper. QKD's application is not to amend its pleading but rather to implead itself into the third-party action. QKD has plead its cross-claims against J&H in the first party action. QKD is not a party to the third-party action herein. QKD has made clear time and time again in this suit that it is not a proper party and did not have any relationship with J&H and accordingly, any untimely attempt by QK Fragrance and/or QKD to change QKD's role in this suit is impermissible and highly suspect.

# ARGUMENT

## I.   THE PROPOSED AMENDMENTS ARE FUTILE

### A.   The Lanham Act, Unfair Competition Claims and Equitable Contribution and Indemnification Claims

The gravamen of the proposed Third-Party Complaint against Mr. Schmeltzer is a demand for contribution and indemnification "of any sum or sums which *QK Fragrance* may be compelled to pay as a result of any damages, judgment or other awards arising out of the transactions or occurrences" between QK Fragrance and J&H. (Proposed Third-Party Complaint at ¶ 13)(emphasis added).  In particular, the second claim for relief seeks contribution or indemnification against Mr. Schmeltzer for the Lanham Act infringement claims brought by the Plaintiffs.  This claim fails as a matter of law and is thus futile.

This is so because: (i) Plaintiffs have plead no causes of action against QK Fragrance and accordingly J&H can suffer no liability for contribution or indemnification for claims that were never plead by Plaintiffs against QK Fragrance; and (ii) even if Plaintiffs had plead causes of action against QK Fragrance, **neither** contribution **nor** indemnification are available for claims asserted under the Lanham Act.  *See Getty Petroleum Corp. v. Island Transp. Corp.,* 862 F.2d 10, 16 (2d Cir. 1988); *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.,* (M.D.P.A. 1999).

The proposed Eighth Claim for Relief seeks contribution and indemnification for claims brought against QKD under New York's law of unfair competition.  However, a claim for unfair competition is the same as one for trade mark infringement under the Lanham Act.  *Lurzer GMBH v. American Showcase, Inc.*, 73 F.Supp.2d 327, 221 (S.D.N.Y. 1998)**.**  Movants have not cited any authority that contribution and indemnification are available for an unfair competition claim.  Moreover, even if such a claim was permissible, QKD has no relationship whatsoever

4

and has had no transactions with J&H through which QKD could seek contribution or indemnification. Thus, the proposed Eighth Claim for Relief fails as well.

The proposed Fifth and Sixth claims for relief for "equitable indemnity" and "equitable contribution" against Mr. Schmeltzer merely repeat the Second and Eighth causes of action and fail for the same reasons stated above – they really are claims for contribution and indemnity under the Lanham Act. Moreover, as set forth below, there is no contractual agreement between Mr. Schmeltzer and the movants, and thus there is no contractual basis for indemnity or contribution.

Furthermore, a claim for contribution or indemnification does not accrue and thus cannot be asserted until the party seeking contribution or indemnification has paid a judgment or settlement. *Yash Raj Films(USA)v. Kumar* 2006 WL 2463532 (E.D.N.Y.)(denying leave to file Third-Party Complaint); *IntelliSec v. Firecom*, Inc. 2001 WL 218940 (E.D.N.Y.)(same). No proof has been made establishing that QK Fragrance entered into any settlement with the Plaintiff herein and further, it is unlikely, given that Plaintiff asserted no claims against "QK Fragrance".[1] Moreover, any attempt by QKD to sneak its way into the third-party action this late in the game in order to attempt to procure contribution and indemnification from J&H is with undue delay and a feeble attempt to recover damages from J&H when QKD professed over and over in this matter that it had no relationship whatsoever with J&H, both by way of pleading (Corwin Decl., Ex. A), correspondence (Corwin Decl., Ex. B) and discovery (Corwin Decl., Ex. C and D). Point in fact, *QK Fragrance* is the party alleged to have been wronged by J&H and yet *QKD* is the party who settled the matter with the Plaintiff for which it seeks indemnification. There is no relationship between QKD and J&H, and there is no settlement between QK

---

[1] A review of the Court's docket (Doc. No. 62) reveals a Stipulation of Settlement between Plaintiff and *Quality King Distributors, Inc.*, which stipulation was not presented to J&H's counsel for signature, in violation of F.R.C.P. 41(a)(1)(ii).

Fragrance and the Plaintiff, and accordingly, there can be no liability for contribution or indemnification by J&H in favor of either QK Fragrance or QKD.

Finally, "where, as here, a defendant asserts as an affirmative defense that any damages awarded to plaintiffs should be reduced due to the plaintiffs' culpable conduct, that defendant cannot also maintain a third-party action against" the third-party "upon which the culpable conduct defense is based." *Ruszkowski v. Sears, Roebuck & Co.,* 188 A.D.2d 967, 592 N.Y.S.2d 115 (3d Dep't 1992). See also *Gabriel Capital, L.P. v. NatWest Finance, Inc.,* No. 99 Civ. 10488, 2000 WL 1774607 at *9-10 (S.D.N.Y. Dec. 4, 2000) (concluding that "[n]o authority has been found or cited permitting a contribution claim against a plaintiff's agent where that claim is identical to defendant's affirmative defense" and dismissing third-party complaint); *Ivor Wolfson Corp. SA v. Locke Liddell & Sapp LLP,* 2001 WL 246384 (S.D.N.Y.)(same). Accordingly, the third-party action by QK Fragrance and the proposed third-party action by QKD fail.

Accordingly, based upon the foregoing, the proposed Second, Fifth, Sixth and Eighth Claims for Relief fail as a matter of law and are thus futile.

### B. The False Advertising Claim

The proposed Third Claim for Relief seeks damages for false advertising under the Lanham Act. To the extent that this claim seeks contribution or indemnification, as set forth above, the movants have no standing to seek such relief under the Lanham Act.

To the extent that the movants intend to argue that they themselves were the victims of false advertising, because they purchased alleged counterfeit goods from J&H, they still lack standing to bring such a "false advertising claim." First, QKD, the settling party, did not purchase any goods from J&H nor did it have any relationship with J&H. Second, it is well-established that a claim under the Lanham Act for false advertising may only be brought by one competitor against another and certainly may not be brought by "consumers" or purchasers of the goods advertised. *PDK Labs v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997); *Colligan v. Activities Club of New Yor*k, 442 F.2d 686 (2d Cir. 1971); *see also*, *The Jack Russell Terrier Network of Northern California v. American Kennel Club*, 407 F.3d 1027, 1036 (9th Cir. 2005)(for standing pursuant to false advertising prong of section 43(a), plaintiff must show that "the injury is 'competitive,' or harmful to the plaintiff's ability to compete with defendant.").

The movants and J&H are not competitors. The only relationship alleged in the proposed Third-Party Complaint between movants and J&H is that for at least 10 years "*QK Fragrance*

has been purchasing fragrance and perfume products from J&H." (Proposed Third-Party Complaint at ¶ 16)(emphasis added).  The only harm alleged is that the purported "false advertising" caused Plaintiffs to sue QKD and to the extent QKD is found liable for false advertising, they ask that J&H and Mr. Schmeltzer be liable to QKD for the judgment. (Proposed Third-Party Complaint at ¶ 32).  This does not state commercial harm caused in competition as intended by the Lanham Act.

Accordingly, the proposed Second Claim for Relief fails as a matter of law and is thus futile.

### C. Breach Of Contract Claim

The proposed First Claim for Relief for breach of contract should be dismissed because there is no allegation of any contract between the movants and Mr. Schmeltzer.  The proposed Third-Party Complaint candidly admits that QK Fragrance entered into agreements –via purchase orders- with **only** J&H. (Proposed Third-Party Complaint at ¶¶16-21).  Furthermore, because QKD is not alleged to have entered into any agreements with either J&H or Mr. Schmeltzer it certainly has no standing to assert a breach of contract claim.

Realizing that there is no agreement with Mr. Schmeltzer, the movants' half-heartedly attempt to state a claim to pierce the corporate veil by their allegation in paragraphs 10 and 27 of the proposed Third-Party Complaint, that Mr. Schmeltzer "has dominat[ed] and control[ed] J&H."  Yet, even if the Court were to deem the proposed breach of contract cause of action as one to impose alter-ego liability on Mr. Schmeltzer, the proposed cause of action still fails on its face.  Allegations of alter-ego liability, particularly after *Twombly*, must be supported with specific facts, showing the supposed domination of one related entity by another entity or person, and a fraud causing harm to the plaintiff as a result.  *See APACE Commc'ms Ltd. v. Burke,* 552 F.Supp.2d 509, 520-22 (W.D.N.Y. 2007); *In Re Currency Conversion Fee Antitrust Litig.,* 265 F.Supp.2d 385, 426-27 (S.D.N.Y. 2003) ("Purely conclusory allegations cannot suffice to state a claim based on veil piercing or alter-ego liability, even under the liberal notice pleading standard"); *Kingdom 5-KR-4L, Ltd. v. Star Cruises PLC.,* 2002 WL 43290 at *12 (S.D.N.Y. 2002) ("[I]n order to overcome the presumption of separateness as afforded to related corporations [Plaintiff] is required to plead specific facts supporting its claims, not mere conclusory allegations."); *see also De Jesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 69-70 (2d Cir.) *cert denied,* 519 U.S. 1007, 117 S.Ct. 509 (1996) (affirming dismissal of alter-ego claim where a complaint was "devoid of any specific facts or circumstances supporting" plaintiff's conclusory allegations concerning defendant's domination of its subsidiary.)

Other than the two conclusory buzz-words "domination" and "control," stated in passing, the proposed Third-Party Complaint does not even attempt any allegations that would permit the assertion of a veil-piercing claim in this case.  Moreover, any argument that Mr. Schmeltzer is the "driving force" behind J&H is misplaced here as QK Fragrance's breach of contract claim is a State claim which is not analyzed under Lanham Act standards.

Accordingly, the proposed First Claim for Relief fails as a matter of law and is thus futile.

### D. Breach of Statutory Warranty

The proposed Fourth Claim for Relief seeks damages for breach of statutory warranty under NYUCC §§ 2-312 and 2-314. Again, this is a claim based in contract and indisputably there is no contract between Mr. Schmeltzer and the movants. Accordingly, this claim fails as a matter of law and is thus futile.

### E. Declaratory Judgment

The proposed Seventh Claim for Relief seeks a declaratory judgment that Mr. Schmeltzer should provide indemnification and contribution to the movants. A claim for declaratory judgment must be based on a substantive cause of action. *In re Joint Eastern & Southern District Asbestos Litig.,* 14 F.3d 726, 731 (2d Cir.1993)(the Declaratory Judgment Act does not provide "an independent cause of action" but rather its "operation is procedural only-to provide a form of relief previously unavailable."). Inasmuch as there is no right to contribution under either the Lanham Act or for unfair competition, and there is no contractual agreement between Mr. Schmeltzer and the movants, there is no claim for a declaratory judgment.

Accordingly, the proposed Seventh Claim for Relief fails as a matter of law and is thus futile.

## VI. THE PROPOSED AMENDMENTS ARE ASSERTED IN BAD FAITH AND ARE DILATORY

Movants claim that they have waited until this juncture to add Mr. Schmeltzer, because they did not know that he was the "moving force" behind J&H. This is demonstrably false. The proposed Third-Party Complaint itself states that movants regularly dealt with Mr. Schmeltzer over a period of ten years. The moving brief states that Mr. Schmeltzer attended the mediation conferences on behalf of J&H. Movants knew that if there was any individual to sue at J&H, it would be Mr. Schmeltzer. They waited this long because he is now grievously ill and they wanted to take advantage of the situation, and because they are frustrated inasmuch as the settlement conference and negotiations have failed. It is clear that the movants' application to amend their pleadings to include Gerald Schmeltzer is being used solely for the purpose of pressuring J&H to meet settlement demands. Harassing a severely ill, elderly individual in this manner is utter bad faith. Furthermore, the movants' attempt to implead QKD in as a Third-Party Plaintiff in a motion to amend is improper and clearly a feeble attempt to cure the deficiencies in the movants' original pleadings, after QKD has already settled with the Plaintiffs.

## CONCLUSION

For the reasons set forth above, the motion to amend the Third-Party Complaint should be denied.

Dated: New York, New York
      August 28, 2008

                                          Respectfully submitted,
                                          SOMER & HELLER LLP

                                          _____/s_____
                                          Melissa Corwin
                                          Jeffrey T. Heller
                                          2171 Jericho Tpke, Suite 350
                                          Commack, New York 11725
                                          (631)462-2323

                                          *Attorneys for J&H Cosmetics, Ltd.*