Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Quality King Fragrance, Inc.
and Quality King Distributors, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., <br><br> Plaintiffs, <br><br> - against - <br><br> COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD., <br><br> Defendants. <br><br> QUALITY KING FRAGRANCE, INC., <br><br> Third Party Plaintiff, <br><br> - against - <br><br> J&H COSMETICS, LTD., <br><br> Third Party Defendant. | Civil Action No. <br> 07 Civ. 3214 (LBS)(HP) <br><br> **REPLY DECLARATION OF ANDRE K. CIZMARIK IN SUPPORT OF QUALITY KING FRAGRANCE, INC.'S AND QUALITY KING DISTRIBUTORS, INC.'S MOTION TO AMEND TO ADD GERALD SCHMELTZER AS A DEFENDANT** |

I, Andre K. Cizmarik, declare the following under the penalty of perjury:

1.  I am an attorney duly admitted to practice in the States of New York and New Jersey and the District of Columbia and before the bar of this Court, and am counsel to the firm of Edwards Angell Palmer & Dodge LLP, which represents Quality King Fragrance, Inc. ("QK

- 2 -

Fragrance") and Quality King Distributors, Inc. ("QKD"). I submit this declaration upon personal knowledge and in support of QK Fragrance's and QKD's motion to amend to add Gerald Schmeltzer as a third-party defendant.

2. Annexed as **Exhibit A** hereto is a true and correct copy of the affidavit of Gerald Schmeltzer dated August 1, 2008 (without exhibits) submitted in support of the motion of J&H Cosmetics Ltd. for leave to renew its motion for summary judgment in <u>J&H Cosmetics Ltd. v. Quality King Fragrance, Inc.</u>, Index No. 07/36281 (N.Y. Sup. Ct., Suffolk County 2007).

Dated: September 18, 2008

*/s/ Andre K. Cizmarik*
ANDRE K. CIZMARIK

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------X
J & H COSMETICS LTD.,

              Plaintiff,

   -against-

QUALITY KING FRAGRANCE, INC. and
STEVEN DOVGIN,

             Defendants.
------------------------------------X

Index No.: 07/36281

**AFFIDAVIT**

STATE OF NEW YORK)
             )ss.:
COUNTY OF SUFFOLK)

    GERALD SCHMELTZER, being duly sworn, deposes and says:

    1. That I am the President of J & H COSMETICS, LTD., the Plaintiff herein, and accordingly I am fully familiar with and have personal knowledge of the facts and circumstances of this case.

    2. That I submit this affidavit in support of Plaintiff's motion for (i) leave to renew this Court's decision dated June 13, 2008, pursuant to CPLR § 2221, and granting summary judgment in favor of Plaintiff, J&H, on its First and Second Causes of Action for breach of contract and failure to pay for goods sold, and for an account stated; or, in the alternative, if this Court does not grant Plaintiff leave to renew, for an Order granting summary judgment pursuant to CPLR § 3212 in favor of Plaintiff, J&H, on its First and Second Causes of Action for breach of contract and failure to pay for goods sold and delivered, and for an account stated; and for such other and further relief as this Court deems just and proper.

3. That I am advised by my attorneys that there is no genuine dispute concerning the material facts upon which Plaintiffs' First, Second and Third causes of action are based and accordingly, this Court may direct summary judgment summary judgment in favor of the moving party as a matter of law.

4. That Plaintiffs' First cause of action is based in breach of contract and failure to pay for goods sold and delivered. Plaintiff's Second cause of action is for an account stated. Plaintiff's Third cause of action is for anticipatory breach of contract.

5. That by means of background, Plaintiff and Defendant QUALITY KING FRAGRANCE, INC. (hereinafter "Quality King") have had a business relationship for approximately twelve (12) years. Quality King is a wholesale distributor of various products, including perfume products. Defendant Quality King purchases its products through various suppliers, including the Plaintiff, and in turn distributes same to various retailers. The means by which the parties engage in business is as follows: Quality King issues a purchase order to the Plaintiff, requesting various perfume products; Plaintiff purchases the perfume products from various suppliers pursuant to Quality King's purchase order and at Quality King's request; Plaintiff delivers the perfume products to Quality King upon receipt of same, usually piecemeal as the products arrive; Plaintiff issues an invoice to Quality King for the products delivered, with payment due within five (5) days R.O.G. (receipt of goods).

6. That on or about September 25, 2007, Defendant Quality King issued a purchase order to Plaintiff for various perfume products, a copy of which is annexed as Exhibit "B" to Plaintiff's original cross-motion for summary judgment dated February 22, 2008 (hereinafter "the cross-motion"). This purchase order included twenty-five (25) different types of perfume products.

7. That pursuant to said purchase order and at Quality King's request, Plaintiff ordered the items requested by Quality King from its supplier(s).

8. That on or before October 11, 2007, Plaintiff received its first shipment of products which it had ordered pursuant to Quality King's purchase order. The products received were Angel perfume by Thierry Mugler, and various Dolce & Gabbana perfumes.

9. That Plaintiff arranged for the delivery of said products to Quality King through a carrier known as Stealth Express, Inc. This carrier delivered the products to Quality King on October 15, 2007 and Quality King accepted and signed for same. Annexed as Exhibit "C" to the cross-motion is the shipping receipt and acknowledgment.

10. That Plaintiff issued an invoice to Quality King for the goods sold and delivered, a copy of which is annexed as Exhibit "D" to the cross-motion.

11. That Quality King never objected to the items on the invoice or the goods delivered. Quality King never made any claim that the goods delivered were not authentic or were damaged. Upon information and belief, Quality King thereafter sold these products

to various customers.

12. That Quality King has failed and refused to pay for the Thierry Mugler and Dolce & Gabbana goods delivered on October 15, 2007. Quality King has further made clear to the Plaintiff, through the undersigned, that any additional goods delivered pursuant to their September 25, 2007 purchase order would go unpaid if delivered.

13. That accordingly, it is respectfully submitted that Plaintiff has established its entitlement to summary judgment on its First and Second Causes of Action.

14. That I am advised by the attorneys for the Plaintiff that the motion for summary judgment is designed to expedite and dispose of cases by eliminating from the Court's calendar claims where there are no facts in dispute and which can be resolved as a matter of law. Where, as here, the claims are based upon undisputed documentary evidence and such proof is offered by the moving party, the Court is warranted in directing summary judgment in the movant's favor. Accordingly, it is respectfully requested that this Court enter partial summary judgment in favor of Plaintiff on its First and Second Causes of Action.

15. That based upon the foregoing, it is respectfully requested that this Court enter an Order granting Plaintiff (i) leave to renew this Court's decision dated June 13, 2008, pursuant to CPLR § 2221, and granting summary judgment in favor of Plaintiff, J&H, on its First and Second Causes of Action for breach of contract and failure to pay for goods sold, and for an account

stated; or, in the alternative, if this Court does not grant Plaintiff leave to renew, an Order granting partial summary judgment pursuant to CPLR § 3212 in favor of Plaintiff, J&H, on its First and Second Causes of Action for breach of contract and failure to pay for goods sold and delivered, and for an account stated; and for such other and further relief as this Court deems just and proper together with interest, costs and disbursements.

_____
GERALD SCHMELTZER

Sworn to before me this
1st day of August, 2008.

_____
Notary Public

CHRISTINE LAPINE
Notary Public, State of New York
No. 01MC4952690
Qualified in Suffolk County
Commission Expires 6/26/11