Anthony J. Viola
Andre K. Cizmarik
Paul E. Dans
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Quality King Fragrance, Inc.
and Quality King Distributors, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVES SAINT LAURENT PARFUMS, S.A. and YSL BEAUTÉ INC., <br><br> Plaintiffs, <br><br> - against - <br><br> COSTCO WHOLESALE CORPORATION, QUALITY KING DISTRIBUTORS, INC. and J & H COSMETICS LTD., <br><br> Defendants. | Civil Action No. <br> 07 Civ. 3214 (LBS)(HP) |
| QUALITY KING FRAGRANCE, INC., <br><br> Third Party Plaintiff, <br><br> - against - <br><br> J&H COSMETICS, LTD., <br><br> Third Party Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**QUALITY KING FRAGRANCE, INC.'S AND QUALITY**
**KING DISTRIBUTORS, INC.'S MOTION TO AMEND TO**
**ADD GERALD SCHMELTZER AS A THIRD PARTY DEFENDANT**

J&H and Mr. Schmeltzer have no rejoinder to the law cited in the moving papers to the effect that Mr. Schmeltzer bears personal liability for the Lanham Act and other violations set forth in the proposed amended complaint. In fact, just the opposite – they effectively admit that liability. (J&H Br. at 8.) Contrary to their protestations, it is that personal liability which forms the gravamen of the proposed amendment. Consequently, under the liberal amendment standard of Fed.R.Civ.P. 15, the motion to amend should be granted.

Recognizing as much, J&H and Mr. Schmeltzer therefore attempt to avoid that result by mischaracterizing the proposed amendment. They repeatedly mis-describe it as seeking "contribution and indemnification," which they say is not available under the Lanham Act. For this proposition they cite only inapposite cases dealing with claims by co-conspirators against one another. The co-conspirator cases relied upon by J&H have nothing to do with the claims as pleaded which, in reality, clearly and succinctly set forth direct Lanham Act claims against a supplier of counterfeit goods. Thus, all of the arguments of J&H and Mr. Schmeltzer based on supposed "futility" of the amendment are unavailing.

None of their other arguments has any merit either – the claimed undue delay is non-existent, and the assertion of prejudice from lack of discovery is clearly fabricated.

Finally, their assertion that the motion is made to "spite" a "severely ill individual" (J&H Br. at 2) is simply disingenuous. While they have brought this case to a virtual standstill for five months due to the claimed incapacity of Mr. Schmeltzer (who supposedly can neither appear at deposition nor even assist counsel with expert discovery and case management), Mr. Schmeltzer has been busy prosecuting a case against Quality King Fragrance, Inc. ("QKF") in N.Y. Supreme Court in Suffolk County, in which he has sworn out multiple affidavits. J&H has filed (and lost) and re-filed a motion for summary judgment in that case against QKF. Apparently, Mr. Schmeltzer is sufficiently recovered to now coordinate with his attorneys and aggressively press

J&H's litigation agenda in the state court action, and to press for more and more of J&H's own discovery in this case, while still pretending that he is incapable of responding to discovery or of defending this lawsuit. Mr. Schmeltzer's pretense is thus the only bad faith evident here.

### A.     J&H Strains to Claim "Undue Delay" by Mischaracterizing Time Intervals

J&H states that "this case has been going on for over one year and a half." (J&H Br. at 2.) In reality, the perfume part of the case began last November and had only been litigated against J&H for approximately three months before the instant motion.[1] It is therefore disingenuous for J&H to assert there has been undue delay, when months of delay have been <u>due</u> to J&H's joint and several requests to adjourn discovery. Moreover, J&H's assertion of delay is contradicted by its own position that certain of the amended claims are not yet ripe. (See J&H Br. at 5.)

In short, J&H fails to demonstrate any delay, let alone that any delay was "undue."

### B.     J&H's Assertion of Prejudice Is A Vague, Unsubstantiated Fiction

J&H states that "delay has prejudiced Mr. Schmeltzer because he has not participated in discovery." (J&H Br. at 2.) Yet J&H's counsel has admitted that Mr. Schmeltzer was "the sole officer, director and shareholder of J&H Cosmetics, Ltd. and the only individual with knowledge and authority to advise us on this matter." (Cizmarik Decl., Exs. B, D.) Thus, he apparently knows all the facts from the J&H side. Moreover, J&H (whose counsel also represents Mr.

---

[1] J&H, QKF and QKD became parties to this case on November 5, 2007, when YSL introduced the dispute over counterfeit Opium perfume into its unrelated case against Costco regarding repackaging of lipstick and mascara products. (Dkt. No. 24.) The Third Party Complaint was interposed November 21. (Dkt. Nos. 35, 42.) The instant motion to amend was filed July 28, 2008 (Dkt. No. 67), nine months later. However, one must subtract the three and one-half months (April 17 – July 28) that Mr. Schmeltzer, by request of J&H's counsel, has been unavailable for deposition, during which time third-party plaintiffs have been denied discovery. (See Dkt. Nos. 61, 63; July 25, 2008 Declaration of Andre K. Cizmarik ("Cizmarik Decl."), Exs B, D.) One must also subtract the over two month stay (February 8 – April 15) that occurred by joint request of all parties so that settlement discussions could be pursued. (Dkt. Nos. 58-60.)

-2-

Schmeltzer) has had every opportunity to participate in discovery of QKF. What discovery Mr. Schmeltzer needs beyond that which J&H already has or can obtain, is not identified. Moreover, the Court's August 15, 2008 Order provides that fact discovery will remain open 60 days after the date that Mr. Schmeltzer appears for deposition. (Dkt. No. 71.) Because Mr. Schmeltzer has 90 days in that order to appear for deposition, he and J&H can have up to another <u>5 months of discovery</u>, in addition to all the time they have had since November 5, 2007 to seek discovery. Indeed, on September 5, J&H availed itself of that opportunity by serving interrogatories.

### C.   J&H's Assertions of Bad Faith Are Baseless and Hypocritical

J&H wants to use Mr. Schmeltzer's illness to inoculate him from liability. Its charges of bad faith are hollow. J&H overlooks that counsel for QKF and QKD have made every effort to minimize any effect on Mr. Schmeltzer during his recovery without jeopardizing the rights of their clients. They have not challenged Mr. Schmeltzer's representations regarding his health or objected to adjournments, and have even sought to avoid having to personally serve him with subpoenas. Yet, while J&H has been holding QKD and QKF at bay here, J&H has served its own interrogatories in this case, and Mr. Schmeltzer and J&H have been charging forward in Suffolk County.

J&H commenced the Suffolk County action <u>after</u> it had been served with crossclaims and counterclaims here. That suit involves a claim for $85,000 for payment of a disputed purchase order which included Opium perfume. J&H fought QKF's effort to move for dismissal and consolidation with this case. Then, on February 22, 2008, supported by an affidavit from Mr. Schmeltzer, J&H cross-moved for summary judgment on its claims. On June 5, the state court denied J&H's motion for summary judgment. Yet, despite Mr. Schmeltzer's "condition," J&H renewed its motion for summary judgment and, on August 1, Mr. Schmeltzer supplied a five-page affidavit. (Cizmarik Reply Decl., Ex. A.) His affidavit references various conversations

-3-

that he had with "his" attorneys regarding the prospects of the case. (¶ 3.) Clearly, he is back at the wheel.

J&H made a strategic determination to open up a second front in Suffolk County rather than bring counterclaims in this case. J&H later appealed to this Court's sympathies to shut down all discovery against it in this case. And at the same time, J&H has the temerity to claim that this motion is motivated by bad faith. QKD and QKF have a very real interest in bringing claims against Mr. Schmeltzer. The longer this case progresses, the greater risk that J&H will become insolvent or reorganize its assets among Mr. Schmeltzer and his other wholly-controlled entities (such as "Derby Fragrances," "J&S Merchandising," etc.).

### D.  **J&H Misapprehends the Futility Requirement**

In passing upon a motion to amend, the requirement that the relief sought not be futile "is a minimal standard to overcome perhaps the lowest bar." Innomed Labs, LLC v. Alza Corp., 2002 WL 1628943, *2 (S.D.N.Y. 2002); see Sumitomo Elec. Research Triangle v. Corning Glass Works, 109 F.R.D. 627, 628 (S.D. N.Y. 1986) ("[T]he court need not finally determine the merits of the proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous."). Whether a proposed amendment is futile is determined under the same standard as that used to consider whether a claim would be subject to a motion to dismiss. E.E.O.C. v. Nichols Gas & Oil, 518 F. Supp.2d 505, 509 (W.D.N.Y. 2007). Thus, the court "must view the claim in the light most favorable to the moving party and determine whether there is a colorable claim for relief." Santiago v. Steinhart, 1993 WL 410402, *2 (S.D.N.Y. 1993).

Each claim in the proposed amended complaint is viable, and is "colorable and not frivolous." Sumitomo, 109 F.R.D. at 628. J&H mistakenly attempts to employ a Rule 56 standard when it claims a lack of "proof" and otherwise bases its opposition on unsupported factual assertions of counsel. For example, J&H argues that "movants and J&H are not

-4-

competitors" (J&H Br. at 8) and asserts "[n]o proof has been made establishing that QKF entered into any settlement with the Plaintiff herein . . . ." (J&H Br. at 5). Whether J&H believes QKD and QKF can prove their case is not the measure of futility. The amended claims, now directed against Mr. Schmeltzer in addition to J&H, pass muster under Rules 8(a) and 12(b)(6).

    1.    Given the Disclosures by J&H's Counsel, the Complaint States Sufficient Facts to Support Mr. Schmeltzer's Liability for J&H's Wrongful Acts

J&H erroneously relies upon Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). Personal liability under the Lanham Act arises when the facts show that the individual was the "moving, active and conscious force" behind a violation. Cartier v. Aaron Faber, Inc., 512 F.Supp.2d 165, 170 (S.D.N.Y. 2007). The Second Circuit has held that the "plausibility" standard enunciated in Twombly in the context of antitrust pleadings, requires a "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal v. Hasty, 490 F. 3d 143, 157-58 (2nd Cir. 2007) (emphasis added). First, this is not one of the "contexts" requiring these additional facts. J&H fails to cite a single case holding that Twombly applies to actions under the Lanham Act, or even for claims for breach of contract, common law unfair competition, breach of statutory warranty or common law indemnity and contribution. Second, the amended pleading clearly meets the "plausibility" standard in alleging the sale of counterfeit merchandise through an individual who operates an enterprise out of his residence and admittedly controls all aspects of that enterprise with respect to the allegedly counterfeit goods at issue. (Compl. ¶¶ 3-10.)

J&H's own counsel set the table for these allegations by its prior admission that "Mr. Schmeltzer is not just a single witness in this case but is the sole officer, director and shareholder of J&H Cosmetics, Ltd. and the only individual with knowledge and authority to advise us on this matter." (Cizmarik Decl., Ex. D.) The complaint echoes these comments at ¶¶ 3-10, and

also alleges that J&H is operated out of Mr. Schmeltzer's personal residence; that he was personally involved with and responsible for the counterfeit sales; was the "moving, active, and conscious force behind" those sales; exercises complete dominion over the affairs of J&H; and used that dominion to commit the acts complained of. The amendment goes on to describe Mr. Schmeltzer's role in these sales. (Prop. Am. Compl. ¶¶ 16-21.) Thus, the proposed amendment adequately alleges that Mr. Schmeltzer was personally involved in the central wrongdoing in the complaint – the sale of allegedly counterfeit perfume. Of course, many of the underlying details are uniquely in Mr. Schmeltzer's possession. But Mr. Schmeltzer has yet to appear for deposition, and he has vigorously objected to subpoenas directed to him personally. QKD and QKF accordingly have not been afforded an opportunity to discover the details of the relationship between Mr. Schmeltzer and J&H. This Court may take judicial notice of the admission by J&H's counsel regarding the control Mr. Schmeltzer exercises at J&H. Those admissions and the limited discovery to date in this action, together with the facts pleaded in the proposed amendment, meet the notice pleading requirements to state a claim that Mr. Schmeltzer may be held liable for the actions of J&H under the Lanham Act, and/or as J&H's alter ego. To the extent there is a deficiency in the pleading, leave to replead is respectfully requested.

2.  J&H Mischaracterizes the Lanham Act Claim under Section 43(a)

J&H misconstrues the Second Cause of Action (Compl. ¶¶ 28-30) as one simply seeking "contribution or indemnification." Incorrect. It is a <u>direct</u> action under Section 43(a) of the Lanham Act against both J&H and Mr. Schmeltzer for damages suffered by QKD and QKF directly as a result of J&H and Mr. Schmeltzer selling them counterfeit Opium perfume – it does not seek state law damages of contribution and indemnification. Counsel improperly points to language appearing earlier in the complaint's jurisdiction section (¶ 13) to morph this cause of

action into one seeking contribution and indemnity. Under well-established Rule 12(b)(6) precepts, this Court is constrained to broadly construe the cause of action and reject J&H's myopic reading.[2]

Indeed, the two cases cited by J&H are totally inapposite. In Santana Products, a co-conspirator sought contribution from a settling co-conspirator for their Lanham Act violations. 69 F.Supp. 2d at 680-81. The court concluded that "in the context of one wrongdoer suing a co-conspirator . . . parties generally in pari delicto should be left where they are found." Id. at 684. That is far removed from this case, where there is no conspiracy and no joint wrongdoing. Instead, J&H and Mr. Schmeltzer acted unilaterally in selling counterfeit goods, under representations that they were genuine. (See e.g., Compl. ¶ 21.) Likewise, Getty Petroleum was a case brought by Getty against a group of gasoline distributors and stations who knowingly sold non-Getty gas as genuine Getty gas. 862 F.2d at 12. Some of the joint tortfeasors settled. Others went to trial (and lost) and then tried to sue the settlers for contribution. The court held that there is no federal common law right of contribution among joint tortfeasors (with narrow exceptions), and that in any event the defendants who went to trial had been assessed damages only on the mis-branded gallons of gasoline actually sold by them alone. Id. at 16. Again, that situation is totally inapplicable here.

---

[2] Whether contribution or indemnity is unavailable under the Lanham Act is not "blackletter" law as J&H opines – but actually an issue never wholly resolved. Indeed, none of the authority J&H cites even addresses indemnity – only contribution. As for contribution, J&H relies on a 1996 case from outside this Circuit which observes "there is a dearth of case law concerning whether a claim for contribution is permitted under the Lanham Act." Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 69 F. Supp.2d 678, 681 (M.D. Pa 1996). That same court then discussed whether the 1988 opinion by the Second Circuit in Getty Petroleum Corp. v. Salem Heat & Petroleum Corp., 862 F.2d 10 (2nd Cir. 1988), was overturned by the Supreme Court's decision in Musick, Peeler & Garrett v. Employers Ins. of Wausau, 508 U.S. 286 (1993). Id. at 684, n.8. Research reveals no decision holding that the Lanham Act does not support a claim for equitable contribution or indemnification by a blameless co-defendant against a guilty supplier of infringing merchandise.

Similarly, J&H's attempt to dispose of the Eighth Cause of Action (common law unfair competition) by mis-characterizing it as the state analogue of the Second Cause of Action (Lanham Act) and as simply seeking "contribution and indemnity" is equally false. A plain read of that claim shows no mention of "contribution or indemnity." Again, it is pleading a direct action for unfair activities in "palming off" allegedly counterfeit merchandise as authentic. (Prop. Am. Compl., ¶54). J&H's attack on this claim should be rejected as well.

Finally, J&H's unsupported factual assertion by counsel that "movants and J&H are not competitors," and consequent legal conclusion that the Lanham Act claims must fail for lack of standing, is invalid factually and legally. First, such factual disputes have no place under the motion to dismiss standard operative on this motion. QKD and QKF allege that J&H is engaged in "the wholesale purchase and sale of fragrances." (Prop. Am. Compl., ¶4). It is also alleged that QKF engages in the exact same industry, "the wholesale purchase and sale of fragrances." (Prop. Am. Compl., ¶2). Similarly, it is alleged that "QKD is engaged, inter alia, in the wholesale purchase and sale of health and beauty aids." (Prop. Am. Compl., ¶2). Counsel's opinion about the nature of the parties' competition is irrelevant at the pleading juncture.

Second, despite J&H's misleading case cites, there is no requirement under the Lanham Act that a plaintiff be a competitor of the defendant. See Rosenfeld v. W.B. Saunders, 728 F.Supp. 236, 242 (S.D.N.Y. 1990) ("a plaintiff under section 43(a) need not be a direct or indirect competitor of the alleged wrongdoer" as long as he establishes "the potential for a competitive or commercial injury.") (citations omitted) (emphasis added); Johnson & Johnson v. Carter Wallace, Inc., 487 F.Supp. 740, 742 (S.D.N.Y. 1979) (Section 43(a) of the Lanham Act "protects the interests of all persons faced with economic injury, not just the direct competitor"), rev'd on other grounds, 631 F.2d 186 (2d Cir. 1980); Rare Earth, Inc. v. Hoorelbeke, 401 F.Supp. 26, 39 (S.D.N.Y. 1975) ("a business competitor, either direct or indirect, who may suffer

adverse consequences arising from a violation of Sec. 43(a) has standing to sue") (citations omitted), Nat'l Lampoon, Inc. v. American Broadcasting Companies, Inc., 376 F.Supp. 733, 746 (S.D.N.Y.) ("Standing to sue exists in anyone who is or is likely to be damaged by the defendant's use of the disputed mark, and the parties need not be direct competitors.") (citation omitted), aff'd, 497 F.2d 1343 (2d Cir. 1974). QKD and QKF have standing by virtue of the commercial harm they suffered by J&H's and Mr. Schmeltzer's unfair acts and false advertising.[3]

### 3. The Equitable Contribution and Equitable Indemnity Claims Are Properly Plead

J&H mistakenly claims that "no proof has been made" establishing a settlement and therefore these claims are premature and must fail. (J&H Br. at 5.) First, proof is not the standard for testing a claim at the motion to amend stage. Second, counsel leaps to the unwarranted assumption that QKD (and not QKF) must have paid the settlement, based on the fact that YSL's dismissal of its claims against QKD is signed by QKD and not QKF. (Dkt. No. 62.) This assumption is ludicrous and just as erroneous as J&H's assertion that a stipulation of dismissal signed by Judge Sand violates Fed.R.Civ.P. 41! Obviously, QKD would execute a stipulation of dismissal. This does not perforce imply that QKD paid the settlement. The party(ies) on whose behalf the action was settled is a factual matter that J&H and Mr. Schmeltzer may explore during discovery. The pleading, however, is sufficient.

---

[3] Cases cited by J&H do not hold that a Lanham Act plaintiff must be a direct competitor. Jack Russell Terrier Network v. American Kennel Club, Inc., 407 F.3d 1027, 1037 (9th Cir. 2005), a Ninth Circuit case, actually holds that under § 1125(a) of the Lanham Act, "a plaintiff need only allege commercial injury based upon the deceptive use of a trademark . . . to satisfy standing requirements . . . . That the parties be competitors in the traditional sense is not required.") (citations omitted). Similarly, PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1111 (2d Cir. 1997) only requires that a plaintiff demonstrate a "reasonable interest to be protected" such as a "commercial interest" and a "direct pecuniary interest." Finally, Colligan v. Activities Club of New York, Ltd., 442 F.2d 686, 692 (2d Cir. 1971) recognizes that the purpose of § 43(a) of the Lanham Act is "to protect the interest of a purely commercial class against unscrupulous commercial conduct." The standard of these cases is clearly met here.

Finally, J&H's passing attempt to label these as "really claims for contribution and indemnity under the Lanham Act" (J&H Br. at 4) does not withstand scrutiny. The scope of YSL's Second Amended Complaint goes far beyond Lanham Act claims. (See Dkt. No. 41.) (stating claims under New York Unfair Competition law, and §§ 349 and 360-1 of New York's General Business Law in addition to Lanham Act claims).

    4.    The Breach of Contract Claims and Breach of
           Warranty Claims Are Properly Stated Against Mr. Schmeltzer

As discussed supra, in view of the disclosures by J&H, the limits on discovery to date and the available facts plead in the complaint, the alter ego liability of Mr. Schmeltzer for breach of contract and breach of warranty is properly stated.[4]

    5.    The Declaratory Judgment Count Is Proper

J&H's attacks on this cause of action are premised on its previously rejected mischaracterization of the Lanham Act claims and state law claims as seeking contribution or indemnity. Given those claims are viable against Mr. Schmeltzer, QKD and QKF are entitled to a declaration Schmeltzer is liable for the relief sought under this count.

---

[4] J&H does not challenge the sufficiency of these causes of action as against J&H. The claim by QKD on the First Claim (breach of contract) and Fourth Claim (breach of statutory warranty) were inadvertently stated and are hereby withdrawn by QKD, as J&H correctly notes that QKD was not in privity of contract with J&H. With respect to all other remaining counts, QKD has suffered damages as a result of J&H's and Mr. Schmeltzer's wrongful acts, and maintains standing to pursue such claims.

## CONCLUSION

For the above stated reasons, Quality King Fragrance, Inc. and Quality King Distributors, Inc. request that this Court grant leave to amend in the form of the proposed Amended Third Party Complaint.

Dated: New York, New York
       September 18, 2008

                                      EDWARDS ANGELL PALMER & DODGE LLP

                                      */s/ Andre K. Cizmarik*
                                      Anthony J. Viola
                                      Andre K. Cizmarik
                                      Paul E. Dans
                                      750 Lexington Avenue
                                      New York, NY 10022
                                      (212) 308-4411

                                      Attorneys for Quality King Fragrance, Inc.
                                      and Quality King Distributors, Inc.

NYC 311609.4