UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

YVES SAINT LAURENT PARFUMS, S.A.   :
and YSL BEAUTÉ INC.,
                                   :
                 Plaintiffs,       :        07 Civ. 3214 (LBS)(HBP)
                                   :
    -against-                      :        OPINION
                                   :        AND ORDER
COSTCO WHOLESALER CORPORATION,
QUALITY KING DISTRIBUTORS, INC.    :
and J & H COSMETICS, LTD.,
                                   :
                 Defendants.       :
----------------------------------X

QUALITY KING FRAGRANCE, INC.,      :

        Third-Party Plaintiff,     :

    -against-                      :

J & H COSMETICS, LTD.,             :

        Third-Party Defendant.     :

----------------------------------X


        PITMAN, United States Magistrate Judge:


I.   Introduction


        By notice of motion dated July 28, 2008 (Docket Item

67), defendant/proposed third party-plaintiff Quality King

Distributors, Inc. ("QKD") and third-party plaintiff Quality King

Fragrance, Inc. ("QKF") move for an Order pursuant to

Fed.R.Civ.P. 15(a) permitting QKD and QKF to serve an amended

third-party complaint and an Order pursuant to Fed.R.Civ.P. 21 permitting QKD to add Gerald Schmeltzer as a third-party defendant.  For the reasons set forth below, the motion is granted in part and denied in part.

## II.  Facts

This is a trademark infringement action.  As originally commenced, it was limited to claims against Costco Wholesale Corp. ("Costco") for the alleged resale of lipstick and mascara bearing trademarks belonging to plaintiffs.  The complaint was subsequently amended to add claims against Costco, QKD and J&H Cosmetics, Ltd. ("J&H") for infringement with respect to the sale of OPIUM brand perfume (Second Amended Compl., Docket Item 41). The Second Amended Complaint alleged that J&H sold counterfeit OPIUM perfume to QKD, which QKD sold to Costco and which Costco sold to retail consumers (Second Amended Compl. ¶¶ 27, 29).  In its cross claims against J&H, QKD denied that it had purchased the perfume in issue but admitted that QKF did purchase the OPIUM perfume in issue from J&H (Answer and Cross Claims of QKD, Docket Item 35, ¶¶ 9-10).  QKD and QKF asserted cross claims against J&H for breach of contract, violation of the Section 43(a) of the Lanham Act 15 U.S.C. § 1125(a), false advertising in violation of the Lanham Act, breach of implied warranty, equitable indemnity,

equitable contribution, a declaratory judgment that J&H is liable for any costs QKD or QKF incurred defending against plaintiff's claims and common law unfair competition.  On that same day, QKF filed a third-party complaint against J&H, asserting on its own behalf the same cross-claims that had been asserted in QKD's Answer and Crossclaims (QKF's Third-Party Complaint, Docket Item 42, ¶ 42).

Plaintiffs subsequently settled their claims against Costco, QKD and QKF; the only remaining claims are plaintiffs' claims and QKD and QKF's claims against J&H.  QKD and QKF bring the present motion to assert claims against J&H and its principal, Gerald Schmeltzer.  Specifically, the proposed amended third party complaint asserts the following claims on behalf of both QKD and QKF against both J&H and Schmeltzer:  (1) breach of contract; (2) violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) federal false advertizing; (4) breach of implied warranty; (5) equitable indemnity; (6) equitable contribution; (7) a declaratory judgment that J&H and Schmeltzer are liable for any costs incurred by QKD and QKF in defending against plaintiffs' claims, and (8) contribution and indemnity with respect to the claims against QKD and QKF for common law unfair competition.  J&H and Schmeltzer oppose the motion.

III.  Analysis

    A.  Standard Applicable
        to a Motion to Amend

      The standards applicable to a motion to amend a
pleading are well settled and require only brief review.  Leave
to amend a pleading should be freely granted when justice so
requires.  Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182
(1962); Dluhos v. The Floating & Abandoned Vessel, Known as "New
York", 162 F.3d 63, 69 (2d Cir. 1998); Satchell v. Dilworth, 745
F.2d 781, 785 (2d Cir. 1984); Gumer v. Shearson, Hamill & Co.,
516 F.2d 283, 287 (2d Cir. 1974).  "Nonetheless, the Court may
deny leave if the amendment (1) has been delayed unduly, (2) is
sought for dilatory purposes or is made in bad faith, (3) [would
prejudice] the opposing party . . . or (4) would be futile."  Lee
v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996)
(Kaplan, D.J.), aff'd, 116 F.3d 465 (2d Cir. 1997); accord Am.
Home Assur. Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp.
184, 187-88 (S.D.N.Y. 1997) (Kaplan, D.J.).

      A proposed amended complaint is futile when it fails to
state a claim.  Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d
Cir. 1990); Mina Inv. Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245,
257 (S.D.N.Y. 1999) (Sweet, D.J.); Parker v. Sony Pictures

Entm't, Inc., 19 F. Supp.2d 141, 156 (S.D.N.Y. 1998) (Kaplan, D.J.), aff'd in pertinent part, vacated in part on other grounds sub nom., Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000); Yaba v. Cadwalader, Wickersham & Taft, 931 F. Supp. 271, 274 (S.D.N.Y. 1996) (Koeltl, D.J.); Prudential Ins. Co. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987) (Sweet, D.J.); see generally Dluhos v. Floating & Abandoned Vessel, Known as "New York", supra, 162 F.3d at 69-70.  The party opposing the amendment has the burden of demonstrating that leave to amend would be futile.  Staskowski v. County of Nassau, 05-CV-5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007)("The party opposing an amendment has the burden of establishing that leave to amend would be . . . futile."); Lugosch v. Congel, 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002), citing Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998).

        Leave to amend may be denied as futile "where the claim or defense proposed to be added has 'no colorable merit.'" Oliver v. Demarinis & Co., 90 Civ. 7950 (SS), 1993 WL 33421 at *5 (S.D.N.Y. Jan. 29, 1993) (Lee, M.J.) (citation omitted); see also Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984).  The 'colorable grounds' requirement mandates that a district court may not deny a motion

for leave to amend a pleading when said pleading is sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Children First Found., Inc. v. Martinez, 04-CV-0927 (NPM), 2007 WL 4618524 at *5 (N.D.N.Y. Dec. 27, 2007), citing Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007); Estate of Ratcliffe v. Pradera Realty Co., 05 Civ. 10272 (JFK), 2007 WL 3084977 at *4 (S.D.N.Y. Oct. 19, 2007) (Keenan, D.J.); Journal Publ'g Co. v. Am. Home Assur. Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991) (Leisure, D.J.); Prudential Ins. Co. v. BMC Indus., Inc., supra, 655 F. Supp. at 711 (Although leave to amend should be freely given, "it is inappropriate to grant leave when the amendment would not survive a motion to dismiss."). In assessing the claimed futility of a proposed amended pleading, the court must assume the truth of the factual allegations set forth in the proposed amended pleading. Edwards v. City of New York, 07-CV-5286 (CPS)(RML), 2009 WL 1910740 at *1 (E.D.N.Y. June 29, 2009); Da Cruz v. Towmasters of N.J., Inc., 217 F.R.D. 126, 128 n.1 (E.D.N.Y. 2003); Binder v. Nat'l Life of Vt., 02 Civ. 6411 (GEL), 2003 WL 21180417 at *2 (S.D.N.Y. May 20, 2003) (Lynch, D.J.); Gabourel v. Bouchard Transp. Co., 901 F. Supp. 142, 144 (S.D.N.Y. 1995) (Chin, D.J.).

        To survive a motion to dismiss, a plaintiff's "factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (overruling the language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); see also Oliver Sch., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991) (discussing the standard for denying an amendment as futile prior to Bell Atlantic); Blaskiewicz v. County of Suffolk, supra, 29 F. Supp. 2d at 138 (same).

The Court of Appeals has also repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998); Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998); see generally Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000).

To the extent that a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that "the court may at any time, on just terms, add or drop a party," rather than Rule 15(a). Fed.R.Civ.P. 21; FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (Stein, D.J.). However, "'the same standard of liberality'

applies under either Rule." FTD Corp. v. Banker's Trust Co.,
supra, 954 F. Supp. at 109, citing Fair Hous. Dev. Fund Corp. v.
Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972) and Expoconsul Int'l,
Inc. v. A/E Sys., Inc., 145 F.R.D. 336, 337 n.4 (S.D.N.Y. 1993)
(Preska, D.J.); see also Sly Magazine, LLC v. Weider Publ'ns
L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (Casey, D.J.);
Chowdhury v. Haveli Rest., Inc., 04 Civ. 8627 (RMB)(JCF), 2005 WL
1037416 *1-*2 (S.D.N.Y. May 3, 2005) (Francis, M.J.).

          J&H and Schmeltzer oppose the motion on the ground that
the proposed amended third-party complaint is futile, that the
application was unduly delayed and that the application is made
in bad faith.

     A.   Futility[1]

          1.   First and Fourth Claims -
               Breach of Contract and
               Warranty as to Schmeltzer

          J&H and Schmeltzer argue that the first claim, which
alleges breach of contract, should be dismissed as to Schmeltzer
because QKD and QKF do not allege any contractual relationship

---

          [1]J&H and Schmeltzer do not address the claims in the
proposed amended third-party complaint in any logical order.  I
shall address the claims in the order in which they appear in the
proposed amended third-party complaint, except that I shall group
together claims that are subject to the same arguments.

with Schmeltzer and the proposed amended third-party complaint does not contain factual allegations sufficient to justify holding Schmeltzer personally liable for the acts of J&H.

The proposed amended complaint does not allege any contractual relationship between QKD/QKF and Schmeltzer. Thus, the contractual claims against Schmeltzer are colorable only if the proposed amended third-party complaint adequately alleges facts to pierce J&H's "corporate veil."

The doctrine of piercing the corporate veil permits the owner of a corporation, under certain limited circumstances, to be held liable for the corporation's obligations, such as the contract at issue. See, e.g., Morris v. N.Y.S. Dep't of Taxation & Fin., 82 N.Y.2d 135, 140-41, 623 N.E.2d 1157, 1160, 603 N.Y.S.2d 807, 810 (1993); accord Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 138 (2d Cir. 1991) ("The doctrine . . .is invoked 'to prevent fraud or to achieve equity.'"), quoting Int'l Aircraft Trading Co. v. Mfrs. Trust Co., 297 N.Y. 285, 292, 79 N.E.2d 249, 252 (1948); see also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004) (Koeltl, D.J.) ("New York courts will pierce the corporate veil 'whenever necessary to prevent fraud or achieve equity.'"), quoting Walkovszky v. Carlton, 18 N.Y.2d 414, 417, 223 N.E.2d 6, 7, 276

N.Y.S.2d 585, 587 (1966).  In order to pierce the corporate veil,
there must be a showing that "(1) the owners exercised complete
domination of the corporation in respect to the transaction
attacked; and (2) that such domination was used to commit a fraud
or wrong against the plaintiff which resulted in the plaintiff's
injury."  JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev.
& Trade Servs., Inc., supra, 306 F. Supp. 2d at 485; see also,
e.g., Freeman v. Complex Computing Co., Inc., 119 F.3d 1044, 1052
(2d Cir. 1997); Thrift Drug, Inc. v. Universal Prescription
Adm'rs, 131 F.3d 95, 97 (2d Cir. 1997); Am. Fuel Corp. v. Utah
Energy Dev. Co., Inc., 122 F.3d 130, 134 (2d Cir. 1997); Am.
Protein Corp. v. AB Volvo, 844 F.2d 56, 60 (2d Cir. 1988); TNS
Holdings, Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 339, 703 N.E.2d
749, 751, 680 N.Y.S.2d 891, 893 (1998); Morris v. N.Y.S. Dep't of
Taxation & Fin., supra, 82 N.Y.2d at 141, 623 N.E.2d at 1160-61,
603 N.Y.S.2d at 810-11; Lowendahl v. Balt. & Ohio R.R. Co., 247
A.D. 144, 157, 287 N.Y.S. 62, 75-76 (1st Dep't), aff'd, 272 N.Y.
360, 6 N.E.2d 56 (1936).

     The determination of whether the corporate veil should
be pierced requires a fact-specific inquiry; there are no bright-
line rules.  See MAG Portfolio Consultant, GMBH v. Merlin Biomed
Group LLC, 268 F.3d 58, 63 (2d Cir. 2001); Wm. Passalacqua
Builders, Inc. v. Resnick Developers S., Inc., supra, 933 F.2d at

139 ("Applying [the relevant] factors to the infinite variety of situations that might warrant disregarding the corporate form is not an easy task because disregarding corporate separateness is a remedy that 'differs with the circumstances of each case.'"), quoting Am. Protein Corp. v. AB Volvo, supra, 844 F.2d at 60.

New York courts consider the following factors in deciding whether the requisite domination is present:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., supra, 306 F. Supp. 2d at 486, quoting Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., supra,

933 F.2d at 139;[2] see also MAG Portfolio Consultant, GMBH v.
Merlin Biomed Group LLC, supra, 268 F.3d at 63.

In addition, a court will pierce the corporate veil
only when a "fraud or wrong" has been committed.  Am. Fuel Corp.
v. Utah Energy Dev. Co., Inc., supra, 122 F.3d at 134 n.2 ("[T]he
New York Court of Appeals held that a conjunctive test was
applicable and required a showing of both domination and fraud or
wrong to justify the piercing of a corporate veil."), citing
Morris v. N.Y.S. Dep't of Taxation & Fin., supra, 82 N.Y.2d at
141, 623 N.E.2d at 1160-61, 603 N.Y.S.2d at 811; EED Holdings v.
Palmer Johnson Acquisition Corp., 228 F.R.D. 508, 512 (S.D.N.Y.
2005) (Sweet, D.J.); Smoothline Ltd. v. N. Am. Foreign Trading
Corp., 00 Civ. 2798 (DLC), 2002 WL 31885795 at *9 (S.D.N.Y. Dec.
27, 2002) (Cote, D.J.); Elgin Sweeper Co. v. Melson Inc., 884 F.
Supp. 641, 652 (N.D.N.Y. 1995) ("[S]ome proof of fraud, whether
actual or intended, must be offered before the court can pierce
the corporate veil."), citing Warner Bros., Inc. v. Gay Toys,
Inc., 598 F. Supp. 424, 430 (S.D.N.Y. 1984) (Knapp, D.J.).
However, proof of the five elements of common law fraud is not
required to fulfill the "fraud or wrong" component.  See Rotella

---

[2]Some of the factors quoted in the text are applicable only
when the allegedly dominating party is another corporation and
are, therefore, inapplicable here.

v. Derner, 283 A.D.2d 1026, 1027, 723 N.Y.S.2d 801, 802 (4th Dep't 2001) ("A plaintiff is 'not required to plead or prove actual fraud in order to pierce the corporate defendant's corporate veil, but [must prove] only that the individual defendant's control of the corporate defendant was used to perpetrate a wrongful or unjust act toward plaintiff.'"), quoting Lederer v. King, 214 A.D.2d 354, 354, 625 N.Y.S.2d 149, 150 (1st Dep't 1995); see generally JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., supra, 306 F. Supp. 2d at 486; Smoothline Ltd. v. N. Am. Foreign Trading Corp., supra, 2002 WL 31885795 at *11.

Assuming without deciding that QKD and QKF have adequately alleged the first element -- domination and control of the corporation -- they have not set forth any allegations of fact suggesting that Schmeltzer used the corporate form to perpetrate a fraud or other tort.  Freeman v. Complex Computing Co., supra, 119 F.3d at 153 (even where defendant completely controlled corporation, "New York law will not allow the corporate veil to be pierced in the absence of a showing that this control was used to commit wrong, fraud, or the breach of a legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights . . . ." (inner quotes omitted)); see Badian v. Elliott, 165 F. App'x 886, 889-90 (2d Cir. 2006)

(second element adequately alleged where plaintiff claimed
individual defendant transferred corporate assets without
consideration to render corporation unable to perform contractual
obligations owed to plaintiff).  Although QKD and QKF allege that
J&H breached its contract, there are no allegations that
Schmeltzer used the corporate form to breach the contract or to
frustrate contractual obligations.  Use of the corporate form to
avoid personal liability is not improper, see Gartner v. Snyder,
607 F.2d 582, 586 (2d Cir. 1979); Walkovszky v. Carlton, supra,
18 N.Y.2d at 417, 223 N.E.2d at 7, 276 N.Y.S.2d at 587; Bartle v.
Home Owners Cooperative, 309 N.Y. 103, 106, 127 N.E.2d 832, 833
(1955); see generally LeBoeuf, Lamb, Greene & MacRae, L.L.P.
v.Worsham, 185 F.3d 61, 66 (2d Cir. 1999), and even if that were
Schmeltzer's sole reason for doing business through a
corporation, that fact would not justify imposing personal
liability on him.

     The same reasoning applies with equal force to the
attempt in the Fourth Claim to assert a claim against Schmeltzer
personally for breach of the implied warranties imposed by the
Uniform Commercial Code.

     Because there are no allegations that Schmeltzer abused
the corporate form to perpetrate a wrong on QKD or QKF, the
breach of contract claim and the breach of implied warranty claim

14

are futile to the extent they purport to state claims against
Schmeltzer.

     2.   Second Claim - Violation
         of the Lanham Act as to
         <u>J&H and Schmeltzer</u>

     J&H and Schmeltzer challenge QKD and QKF's claim under
Section 43(a) of the Lanham Act, characterizing it as a claim for
contribution or indemnity.  Citing, <u>inter alia</u>, <u>Getty Petroleum
Corp. v. Island Transp. Corp.</u>, 862 F.2d 10, 16 (2d Cir. 1988),
J&H and Schmeltzer argue that contribution and indemnity are not
available under the Lanham Act as a matter of law.  In reply QKD
and QKF argue that J&H and Schmeltzer mischaracterize their
claim:

     J&H misconstrues the Second Cause of Action
     (Compl. ¶¶ 28-30) as one simply seeking "contribution
     or indemnification."  Incorrect.  It is a <u>direct</u> action
     under Section 43(a) of the Lanham Act against both J&H
     and Mr. Schmeltzer for damages suffered by QKD and QKF
     directly as a result of J&H and Mr. Schmeltzer selling
     them counterfeit Opium perfume -- it does not seek
     state law damages of contribution and indemnification.

(Reply Memorandum of Law in Further Support of Quality King
Fragrance, Inc.'s & Quality King Distributors, Inc.'s Motion to
Amend to Add Gerald Schmeltzer as a Third Party Defendant, dated
September 18, 2008, Docket Item 78, at 6).

Initially, I note that J&H and Schmeltzer are correct that the Lanham Act does not provide for claims for contribution or indemnity. Getty Petroleum Corp. v. Island Transp. Corp., supra, 862 F.2d at 16; Akhenaten v. Najee, L.L.C., 07 Civ. 0970 (RJH), 2009 WL 794485 at *2 (S.D.N.Y. Mar. 27, 2009) (Holwell, D.J.).

Construing their claim as a direct claim, QKD and QKF lack standing to assert a claim under the Lanham Act. Section 43(a) of the Lanham Act provides in pertinent part:

> (a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --

> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a).

As explained by the Court of Appeals:

> To establish standing to pursue a false advertising claim under section 43(a)(1)(B), an aggrieved party must demonstrate both (1) "'a reasonable interest to be protected against the advertiser's false or misleading claims,'" and (2) "'a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising.'" Societe Des Hotels Meridien v. LaSalle Hotel Operating P'ship, 380 F.3d 126, 130 (2d Cir. 2004) (quoting Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994)). The "reasonable interest" prong of this test includes commercial interests, direct pecuniary interests, and even a future potential for a commercial or competitive injury. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1111 (2d Cir. 1997) (citing Berni v. Int'l Gourmet Rests. of Am., Inc., 838 F.2d 642, 648 (2d Cir. 1988)). The "reasonable basis" prong requires the plaintiff to show "'both likely injury and a causal nexus to the false advertising.'" Havana Club Holding, S.A. v. Galleon S.A., 203 F.3d at 130 (quoting Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d at 694).

ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 169-70 (2d Cir. 2007); accord Diascience Corp. v. Blue Nile, Inc., 08 Civ. 9751 (NRB), 2009 WL 1938970 at *3 (S.D.N.Y. July 7, 2009) (Buchwald, D.J.). "Although the plaintiff does not have to be a 'direct competitor' of the defendant to have standing, it is apparent that, at a minimum, standing to bring a section 43 claim requires the potential for a commercial, i.e. 'competitive,' injury." Crab House of Douglaston, Inc. v. Newsday, Inc., 418 F. Supp. 2d 193, 213 (E.D.N.Y. 2006), quoting Berni v. Int'l Gourmet Rest. of Am., Inc., 838 F.2d 642, 648 (2d Cir. 1988). Thus, "consumers

generally lack standing to sue under Section 43(a) of the Lanham Act." Itakura v. Primavera Galleries, Inc., 08 Civ. 9027 (HB), 2009 WL 1873530 at *3 (S.D.N.Y. June 30, 2009) (Baer, D.J.), citing, inter alia, Colligan v. Activities Club of N.Y., Ltd., 442 F.2d 686, 692 (2d Cir. 1971).

QKD and QKF do not allege anything suggesting a commercial or competitive injury.  There is nothing in their proposed amended third-party complaint that suggests J&H and Schmeltzer's offering allegedly counterfeit OPIUM perfume caused or potentially caused QKD or QKF to suffer competitive injury. To the contrary, their putative direct claim against J&H and Schmeltzer is indistinguishable from a consumer's false advertizing claim; i.e., they were told and believed they were purchasing genuine OPIUM perfume and instead they received a counterfeit product.

Thus, QKD and QKF's proposed Lanham Act claim is futile as to both J&H and Schmeltzer.

    3. Third Claim - False
       Advertising in
       Violation of the Lanham Act

J&H and Schmeltzer next claim that QKD and QKF's claim for false advertising in violation of the Lanham Act is futile because QKD and QKF lack standing to seek relief for such a

claim.  In principle part, J&H and Schmeltzer argue that QKD and

QKF allege only the injury that a consumer of a falsely

advertized product suffers.

QKD and QKF's false advertizing claim reads in its

entirety as follows:

> 31.  QK Fragrance and QKD repeat and reallege the
> allegations of all of the preceding paragraphs as
> though fully set forth herein.
>
> 32.  Assuming the allegations of the Complaint to
> be true, then J&H and Schmeltzer (as J&H's moving,
> active and conscious force), in connection with the
> sale of the alleged counterfeit products, used a word,
> term, name, symbol, or device or any combination
> thereof, or a false designation of origin, false or
> misleading description of fact or false or misleading
> representation of fact, which in commercial advertising
> or promotion, misrepresented the nature,
> characteristics, qualities or geographic origin of the
> alleged counterfeit products.  Such conduct constitutes
> a violation of 15 U.S.C. § 1125(a)(1)(B).
>
> 33.  QK Fragrance and QKD have been and continue
> to be damaged by J&H's and Schmeltzer's above-stated
> activities and conduct, in an amount to be proved at
> trial.

(Ex. A to Declaration of Andre K. Cizmarik, dated July 25, 2008

("Cizmarik Aff."), Docket Item 68, at ¶¶ 31-33).  Among the

preceding allegations in the proposed amended third-party

complaint are allegations that QKD, QKF and J&H are all engaged

in the wholesale purchase and sale of fragrances (Ex. A to

Cizmarik Aff. at ¶¶ 1, 2, 4).

To state a claim for a violation of the Lanham Act based on false advertizing, a plaintiff must allege that "(1) defendants made a false or misleading representation regarding the nature, characteristics or quality of plaintiff's [or defendant's] services; (2) the representations were used in commerce; (3) the representations were made in the context of commercial advertising or promotion; and (4) defendants' actions made plaintiff believe it would be damaged by the representations." Gmurzynska v. Hutton, 257 F. Supp. 2d 621, 629 (S.D.N.Y. 2003) (Berman, D.J.), aff'd, 355 F.3d 206 (2d Cir. 2004), citing National Artists Mgm't Co., Inc. v. Weaving, 769 F. Supp. 1224, 1230 (S.D.N.Y. 1991) (Conboy, D.J.).

"[T]o constitute 'commercial advertising or promotion' under the Lanham Act, a statement must be:  (1) 'commercial speech,' (2) made 'for the purpose of influencing consumers to buy defendant's goods or services,' and (3) 'although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public.'" Gmurzynska v. Hutton, 355 F.3d 206, 210 (2d Cir. 2004), quoting Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56, 57-58 (2d Cir. 2002).

20

QKD and QKF's false advertising claim fails to allege facts sufficient to sustain several elements of the claim.  There is no allegation that J&H and Schmeltzer made false statements in commerce nor are any facts alleged which, if true, would establish that the allegedly false statements constituted commercial advertising or promotion.  Although paragraph 32 of the proposed amended third-party complaint contains the legal conclusion that J&H and Schmeltzer made false statements "in commercial advertising or promotion," Twombly teaches that, in order to survive a Rule 12 motion, facts supporting this conclusion must be alleged.

Thus, I conclude that QKD and QKF's proposed claim for false advertising in violation of the Lanham Act is also futile.

       4.   Fifth and Sixth Claims -
          Equitable Indemnity
          and Equitable Contribution

J&H and Schmeltzer argue that QKD and QKF's Fifth and Sixth Claims for equitable indemnity and equitable contribution should not be permitted because they are redundant of the Second and Eighth claims and fail for the same reasons as those claims fail.  As explained below, the Eighth Claim is not futile. Accordingly, assuming the Fifth and Sixth Claims are redundant of the Eighth Claim, they are not futile.

J&H and Schmeltzer also argue that the claims for contribution and indemnity do not accrue until QKD or QKF has actually expended funds to either satisfy a judgment or to pay a settlement and they are, therefore, not yet ripe for adjudication.  In addition to being contrary to controlling precedent, this argument, if accepted, would effectively repeal Fed.R.Civ.P. 14.  As explained in a leading treatise,

> Rule 14 allows defendant to implead one "who *
> *    * may be liable to the third-party plaintiff for
> all or part of plaintiff's claim."  The words "may be
> liable" mean that the defendant is permitted to join
> someone against whom a cause of action has not yet
> accrued, provided that the claim is contingent upon the
> success of plaintiff's action and will accrue when
> defendant's liability is determined in the main action
> or plaintiff's claim is satisfied."

6 Charles A. Wright, Arthur R. Miller, Mary K. Kane, Federal Practice & Procedure § 1451 at 405-06 (2d ed. 1990).  Numerous cases in this Circuit have recognized that a third-party plaintiff may assert a third-party claim before it has actually incurred liability or made a payment so long as the claim against the third-party defendant arises out of the same transaction and the third-party defendant may be liable to the third-party plaintiff for the latter's liability to plaintiff.  St. Paul Fire & Marine Ins. Co. v. U.S. Lines Co., 258 F.2d 374, 376 (2d Cir. 1958); Lamberson v. Washington Int'l Ins. Co., 93 Civ. 471 (MBM), 1993 WL 524855 at *2 (S.D.N.Y. Dec. 16, 1993) (Mukasey, D.J.);

Gross v. Hanover Ins. Co., 138 F.R.D. 53, 55 (S.D.N.Y. 1991)
(Leisure, D.J.); Olmstead v. Fed. Ins. Co., 84 Civ. 1696 (MJL);
1984 WL 583 at *1 (S.D.N.Y. June 29, 1984) (Lowe, D.J.); Monarch
Indus. Corp. v. Am. Motorists Ins. Co., 276 F. Supp. 972, 980
(S.D.N.Y. 1967) (Motley, D.J.).

　　　　Finally, J&H and Schmeltzer argue that "'where, as
here, a defendant asserts as an affirmative defense that any
damages awarded to plaintiffs should be reduced due to
plaintiffs' culpable conduct, that defendant cannot also maintain
a third-party action against' the third-party 'upon which the
culpable conduct defense is based'" (Memorandum of Law in
Opposition to Quality King Fragrance, Inc.'s and Quality King
Distributors, Inc.'s Motion to Amend to Add Gerald Schmeltzer as
a Third-Party Defendant, dated August 28, 2008, Docket Item 75,
at 6, quoting Ruszkowski v. Sears, Roebuck & Co., 188 A.D.2d 967,
968, 592 N.Y.S.2d 115, 117 (3rd Dep't 1992)).  The case upon
which J&H and Schmeltzer rely arose in the context of an
employee's personal injury action and it is doubtful that is has
any applicability here.  Nevertheless, assuming without deciding
that the principle cited by J&H and Schmeltzer could be
applicable here, J&H and Schmeltzer ignore the fact that there is
no pleading filed by QKD or QKF in which they assert that
plaintiffs' claimed injuries are due to the plaintiffs' own

culpable conduct.  The factual predicate for the argument is missing.

Thus, J&H and Schmeltzer have not demonstrated that the Fifth and Sixth Claims of the proposed third-party complaint are futile.

     5.   Seventh Claim - Declaratory
           <u>Judgment as to Schmeltzer</u>

Schmeltzer claims that the claim for a declaratory judgment against him is futile because all the substantive claims against him are futile.  However, because J&H and Schmeltzer have not succeeded in demonstrating that all substantive claims against Schmeltzer are futile, the factual predicate for this argument is lacking.

     6.   Eight Claim - Contribution
           and/or Indemnity with
           Respect to the Claims
           Against QKD and QKF for
           <u>Common Law Unfair Competition</u>

Relying on <u>Lurzer GMBH v. American Showcase, Inc.</u>, 73 F. Supp. 2d 327, 331 n.5 (S.D.N.Y. 1998) (Rakoff, D.J.), J&H and Schmeltzer next argue that the proposed Eighth Claim, which seeks contribution and indemnity with respect to the common law claim against QKD and QKF for unfair competition, is futile because a

24

common law unfair competition claim is identical to a Section
43(a) claim.  Although Lurzer does indicate that the elements of
the two claims are "almost indistinguishable," it does not
address the question of whether indemnity and contribution are
available with respect a common law claim for competition.  73 F.
Supp. 2d at 331 n.5.  Indeed, other cases in the Circuit have
expressly recognized that a party sued for common law unfair
competition can assert a claim for contribution and, if it is
without fault, a claim for indemnity.  Too, Inc. v. Kohl's Dep't
Store, Inc., 213 F.R.D. 138, 140-44 (S.D.N.Y. 2003) (Marrero,
D.J.).

        J&H and Schmeltzer also argue that to the extent the
eight claim is brought on behalf of QKD it should be dismissed
because there were no transactions between QKD and J&H.  This
argument is unavailing because the proposed amended third-party
complaint alleges that "J&H sold various quantities of Opium®
perfume to QK Fragrance and/or QKD, which was thereafter sold to
Costco" (Ex. A Cizmarik Aff. at ¶ 24).  As noted above, in ruling
on a motion to amend, the truth of the allegations in the
proposed amended complaint must be assumed.  Edwards v. City of
New York, supra, 2009 WL 1910740 at *1; Da Cruz v. Towmasters of
N.J., Inc., supra, 217 F.R.D. at 128 n.1; Binder v. Nat'l Life of
Vt., supra, 2003 WL 21180417 at *2; Gabourel v. Bouchard Transp.

Co., supra.   901 F. Supp. at 144.   Thus, J&H and Schmeltzer's
argument must be rejected because it attempts to contradict the
allegations in the proposed amended complaint.

Because J&H and Schmeltzer bear the burden of showing
futility, Staskowski v. County of Nassau, supra, 2007 WL 4198341
at *4, and they have not done so, QKD and QKF's motion is granted
to the extent they seek to add a claim for indemnity and
contribution with respect to the claims asserted against them for
common law unfair competition.

C.   Delay and Bad Faith

J&H and Schmeltzer also argue that the motion for leave
to file the amended third-party complaint should be denied on the
grounds of delay.

Delay alone, in the absence of prejudice, is not a
sufficient reason to deny a motion to amend.   Rachman Bag Co. v.
Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995); Middle
Atl. Until. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir.
1968).   J&H and Schmeltzer make no showing that they have been
prejudiced as the result of any claimed delay.

J&H and Schmeltzer also argue that QKD and QKF's motion
to amend is made in bad faith because Schmeltzer is in ill
health.   Although Schmeltzer's ill health is unfortunate, it does

not, of course, clothe him with immunity from suit.  I find that Schmeltzer's ill health does not, as a matter of logic, support an inference that the motion is made in bad faith.

IV.  Conclusion

Accordingly, QKD and QKF's motion is granted to the extent they seek to file an amended third-party complaint alleging (1) breach of contract and breach of warranty claims against J&H, (2) claims against J&H and Schmeltzer for equitable contribution and equitable indemnity, (3) a claim against J&H and Schmeltzer for a declaratory judgment and (4) a claim against J&H and Schmeltzer for contribution and indemnity with respect to the common law unfair competition claims asserted against QKD or QKF. In all other respects, QKD and QKF's motion is denied.

Dated:  New York, New York
        June 24, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

John Maltbie, Esq.
Louis S. Ederer, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, New York  10022

27

Andre K. Cizmarik, Esq.
Edwards Angell Palmer & Dodge, LLP
750 Lexington Avenue
New York, New York  10022

Jeffrey T. Heller, Esq.
Somer & Heller, LLP
Suite 350
2171 Jericho Turnpike
Commack , New York  11725